DONGXIAO YUE
2777 ALVARADO ST., SUITE C
SAN LEANDRO, CA 94577
Telephone:   (510) 396-0012
Facsimile:   (510) 291-2237
E-Mail:      ydx@netbula.com

*Pro Se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| DONGXIAO YUE, | Case No. C08-0019-SI |
|---|---|
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO COMPLAINT** |
| v. | |
| CHORDIANT SOFTWARE, INC., a Delaware corporation; Derek P. Witte, an individual; Steven R. Springsteel, an individual; Oliver Wilson, an individual; and DOES 1-1000, inclusive, | |
| Defendants. | |

### INTRODUCTION

Plaintiff opposes defendant Chordiant Software, Inc. ("CSI") motion to enlargement of time to response to complaint because CSI has shown no good cause for requesting the enlargement of time and it made seemingly inconsistent statements which indicate dilatory motive. This opposition is based on the court record and the Declaration of Dongxiao Yue ("Yue Decl."), filed concurrently.

-1-

Case No. C08-0019-SI                                          OPPOSITION TO MOTION TO ENLARGE TIME

# ARGUMENT

### 1. Plaintiff will be prejudiced by the requested delay in answering the complaint

As shown in the complaint and attached declaration of Dongxiao Yue ("Yue"), the instant action arises out of CSI's allegedly unauthorized copying and distribution of plaintiff's software and CSI's bad-faith attempt to evade Plaintiff's inquiries on CSI's extent of the alleged infringement. "Under federal copyright law, . . . a plaintiff that demonstrates a likelihood of success on the merits of a copyright infringement claim is entitled to a presumption of irreparable harm." *Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1119 (9th Cir. 1999). Plaintiff is suffering from the irreparable harm caused by CSI's infringement. Any delay in the instant action cause additional irreparable harm to Plaintiff.

### 2. CSI failed to demonstrate good cause for enlargement of time

CSI requested to answer the complaint 20 days after all individual defendants are served. CSI's main basis for the extension was to allow CSI and the individual defendants "to coordinate a single response to the complaint." CSI's argument fails for multiple reasons.

First, CSI fails to show "the substantial harm or prejudice that would occur if the Court did not change the time" as required by Civil L. R. 6-3 (a)(3)[1]. CSI argued about how the extension of time would make it more convenient for itself by coordinating the responses of the defendants, it did not show why it would be harmed or prejudiced if extension is not granted. Certainly, as a defendant, CSI would like to delay the case as long as possible. But the Federal Rules set a 20-day limit for a reason.

---

[1] CSI characterized its request a "Motion for Administrative Relief". However, change of time is governed by FRCP 6 and the corresponding local rule.

-2-

Case No. C08-0019-SI            OPPOSITION TO MOTION TO ENLARGE TIME

Second, the individual defendants are separate parties; each defendant has its/his own life in this litigation, there is no legal basis to lump them together as a single coordinated group[2]. The fact that the individuals may be CSI's current employees makes no difference.

Third, the CSI's proposal would allow it indefinite amount of time to respond to the complaint. CSI wanted to respond 20 days after all named defendants are served. Granting CSI's request would be rewriting FRCP 12(a)(1)(A)(i) to allow a defendant to answer only after all defendants are brought to the court.

Fourth, CSI's so called coordinating effort might just be another dilatory move. In a subsequent communication, Mr. Pulgram stated that "Chordiant believes that the claims against these individuals are meritless and improper and we urge you to dismiss them immediately." Moreover, Mr. Pulgram evaded the question of whether these individuals are represented parties.

## CONCLUSION

Defendant CSI fails to show the required good cause for enlargement of time to respond to the complaint. Plaintiff will be prejudiced by the delay requested by CSI. Plaintiff respectfully requests the Court deny CSI's motion to enlarge time. Alternatively, Plaintiff requests Court to permit Plaintiff conduct limited expedited discovery to identify all DOE defendants so that all defendants can be served, and then preliminarily enjoined.

Dated: January 18, 2008

DONGXIAO YUE (Pro Se)

---

[2] When Plaintiff asked Mr. Pulgram whether the individual defendants are represented, Mr. Pulgram's answer was: "Messrs. Springsteel, Witte and Wilson have not been served and so are not yet parties."

-3-

Case No. C08-0019-SI                                   OPPOSITION TO MOTION TO ENLARGE TIME