1   LAURENCE F. PULGRAM (CSB NO. 115163)
    *lpulgram@fenwick.com*
2   JEDEDIAH WAKEFIELD (CSB NO. 178058)
    *jwakefield@fenwick.com*
3   ALBERT L. SIEBER (CSB NO. 233482)
    *asieber@fenwick.com*
4   LIWEN A. MAH (CSB NO. 239033)
    *lmah@fenwick.com*
5   FENWICK & WEST LLP
    Silicon Valley Center
6   555 California Street, 12th Floor
    San Francisco, CA  94104
7   Telephone:    (415) 875-2300
    Facsimile:    (415) 281-1350
8

9   Attorneys for Defendants
    CHORDIANT SOFTWARE, INC., DEREK P.
    WITTE, STEVEN R. SPRINGSTEEL, and specially
10  appearing for OLIVER WILSON

11

12                        UNITED STATES DISTRICT COURT

13                      NORTHERN DISTRICT OF CALIFORNIA

14                          SAN FRANCISCO DIVISION

15

| | |
|---|---|
| 16  DONGXIAO YUE, | Case No.  C-08-0019-MJJ |
| 17          Plaintiff, | **REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF MATERIALS INCORPORATED BY REFERENCE IN SUPPORT OF MOTION TO DISMISS** |
| 18  v. | |
| 19  CHORDIANT SOFTWARE, INC., a Delaware corporation; DEREK P. WITTE, an individual; STEVEN R. SPRINGSTEEL, an individual; OLIVER WILSON, an individual; and DOES 1-1000, inclusive, | Date:     Tuesday, April 1, 2008<br>Time:     9:30 A.M.<br>Dept:     11, 19th Floor<br>Judge:    Hon. Martin J. Jenkins |
| 20 | |
| 21 | |
| 22          Defendants. | |

23

24          Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants Chordiant Software,

25  Inc., Derek P. Witte, Steven R. Springsteel, and Oliver Wilson (collectively, "Defendants")

26  hereby request that, in connection with their accompanying Motion to Dismiss and Motion to

27  Strike, (A) the Court take judicial notice of certain pleadings filed in related actions and, further,

28  (B) that the Court consider the text of email strings referred to and incorporated by reference into

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1  the Complaint, attached to the Declaration of Derek P. Witte in Support of Defendants' Motion to

2  Dismiss ("Witte Declaration"), filed concurrently herewith.

3  ### AUTHORITY FOR JUDICIAL NOTICE

4      Federal Rule of Evidence 201 permits courts to take judicial notice of any fact that is "not

5  subject to reasonable dispute in that it is either (1) generally known within the territorial

6  jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to

7  sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Here, when

8  deciding Defendants' motion to dismiss, the Court can take judicial notice of or otherwise

9  consider on a motion under Rule 12(b)(6) the following: (1) documents specifically referred to,

10 described in part, and relied upon by Plaintiff in the Complaint; and (2) the Court's own records

11 and those of other courts.

12  ### A.    The Court Should Consider the Text of Documents Relied Upon by Plaintiff in the Complaint.

13      The Ninth Circuit has repeatedly held that the court may consider the full text of a

14 document the complaint quotes only in part. *In re Stac Electronics Securities Litig.* 89 F3d 1399,

15 1405, fn. 4 (9th Cir. 1996). Thus,

16
17          documents whose contents are alleged in a complaint and whose
            authenticity no party questions, but which are not physically
18          attached to the pleading, may be considered in ruling on a Rule
            12(b)(6) motion to dismiss. Such consideration does not convert the
19          motion to dismiss into a motion for summary judgment.

20  *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v.*

21  *County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).  Subsequent cases have held that such

22  extrinsic documents may be considered "if: (1) the complaint refers to the document; (2) the

23  document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy

24  attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Crown*

25  *Paper Liquidating Trust v. Am. Int'l Group, Inc.*, 2007 U.S. Dist. LEXIS 89644, at *6-*7 (N.D.

26  Cal. 2007).[1]  Courts have routinely considered communications between the parties or their

27  ---
[1] Indeed, the "incorporation by reference" doctrine has been extended to situations in which a
document is central to the plaintiff's claim even if "the plaintiff does not explicitly allege the
28 contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir.
2005).

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1  agents under this "incorporation by reference" doctrine.  *See, e.g.*, *Venture Assoc. Corp. v. Zenith*

2  *Data Systems Corp.*, 987 F.2d 429, 431-32 (7th Cir. 1993) (district court properly considered

3  various pieces of correspondence referred to in the complaint); *Robishaw Eng'g, Inc. v. United*

4  *States*, 891 F. Supp. 1134, 1337 n.2 (E.D. Va. 1995) (considering two letters between defendant

5  and plaintiff's counsel).  Documents considered under the doctrine are "not regarded as evidence

6  independently submitted by Defendants, but instead as an exhibit that Plaintiffs could have but

7  neglected to include as part of their complaint." *Wynn v. NBC*, 234 F. Supp. 2d 1067, 1101 n.22

8  (C.D. Cal. 2002).[2] One purpose is to prevent plaintiffs from trying to survive dismissal by

9  deliberately omitting the substance of documents upon which their claims are based. *See Parrino*

10  *v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998). In the context of a motion to dismiss,

11  consideration of such documents referred to by the plaintiff does not prejudice the plaintiff, who

12  is "obviously on notice of the contents." *See id.* at 706 n.4.

13      Under the authorities cited above, the Court should take judicial notice of the actual text

14  of e-mails that are referred to and quoted at length in the Complaint.  The e-mails at issue consist

15  of a single string of communications between Plaintiff Don Yue and Defendants.  Because the

16  string has a few branches that were not always picked up in subsequent emails, the string

17  comprises, in its entirety, two mostly overlapping documents.

18      Specifically, the Court should consider Exhibits 1 and 2 to the Witte Declaration:

19  • Exhibit 1 is an exchange of e-mails between Plaintiff and
    Defendant Derek P. Witte.  Plaintiff specifically relies on portions

20    of this e-mail exchange in the Complaint.  *See* Compl. ¶ 25.

21  • Exhibit 2 is a series of e-mails between Plaintiff and Mr. Witte.
    Plaintiff specifically relies on and quotes extended portions of this

22    e-mail exchange in the Complaint.  *See* Compl. ¶¶ 26-30.

23      The allegations in the Complaint explicitly identify and purport to describe these e-mails

24  as forming the basis of Plaintiff's allegations, referring to them by date, author and recipient.  The

---

25  [2] The Ninth Circuit has suggested that consideration of materials under the "incorporation by
    reference" doctrine is a concept that is distinct from judicial notice. *United States v. Ritchie*, 342

26  F.3d 903, 908 (9th Cir. 2003) ("A court may . . . consider certain materials—documents attached
    to the complaint, documents incorporated by reference in the complaint, *or* matters of judicial

27  notice—without converting the motion to dismiss into a motion for summary judgment.")
    (emphasis added).  Whatever the label, consideration of the full text of the e-mails relied on and

28  quoted by Plaintiff is appropriate under the governing standard.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   documents are material parts of Plaintiff's (unsuccessful) effort to manufacture some sort of claim

2   against Defendants Witte and Wilson.  These e-mails form the basis of Plaintiff's claim that

3   Defendants were on notice of and failed to stop the alleged infringement.  *See, e.g.*, Compl. ¶ 39.

4   Without Plaintiff's selective description of these e-mails, the allegations specifically directed at

5   either Mr. Witte or Mr. Wilson would consist of nothing more than their job titles.  *See* Compl.

6   ¶ 8 (alleging that Mr. Witte is "the Vice President, General Counsel, and Secretary" of Chordiant

7   and that Mr. Wilson is the "product manager for the 'Marketing Director Suite'").

8       Finally, Plaintiff cannot, in good faith, question the authenticity of these documents,

9   which he specifically identified and quoted at length in his Complaint.

10  ### B.    The Court Should Take Judicial Notice of Its Own Records.

11      In deciding a motion to dismiss, a court may also take judicial notice of its own records or

12  those of other courts. *See, e.g.*, *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9

13  (9th Cir. 1987).  Accordingly, Defendants request that the Court take judicial notice of the

14  following documents from earlier related cases filed by Plaintiff directly or through his company,

15  Netbula, LLC:

16      **1.    From the Related Case *Netbula, LLC v. BindView Development Corp.*,
           Case No. C-06-0711-MJJ-WDB (N.D. Cal.) ("*BindView*"):**

17

18  - Docket No. 38 [First Amended Complaint].

19  - Docket No. 257 [Joint Statement of Undisputed Facts]

20  - Docket No. 288 [Order Granting Defendants' Motion for Summary
      Judgment].

21  - Docket No. 308 [Declaration of Third Party Dongxiao Yue in
      Support of Motion to Intervene and Enforce Protective Order ¶ 10].

22

23      Defendants also seek judicial notice of the record of the appeal filed by Dr. Yue in the

24  *BindView* action as a would-be intervenor.  *See Netbula, LLC v. BindView Development Corp.*,

25  Case No. 07-17355 (9th Cir.).  Attached hereto as <u>Exhibit A</u> is a true and correct copy of the

26  order summarily and *sua sponte* dismissing Dr. Yue's appeal for lack of jurisdiction.

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

2.    **From the Related Case *Netbula, LLC v. Storage Technology Corp.*, Case No. C-06-07391-MJJ (N.D. Cal.) ("*STK I*"):**

- Docket No. 3 [Don Yue's Declaration in Support of Plaintiff's Application for Temporary Restraining Order and Motion for Preliminary Injunction and Impoundment].

- Docket No. 15 [First Amended Complaint].

- Docket Nos. 56-57 [Motion for Substitution of Party as to the Copyright Infringement Claim; Declaration of Vonnah M. Brillet in Support of Motion for Substitution of Party].

- Docket Nos. 68, 94 [Motion to Intervene and Join as Plaintiff, for Injunctive Relief, and for Copyright Impoundment; Order].

- Docket No. 111 [Minute Entry re Hearing on Motion to Substitute].

- Docket No. 139 [Transcript of Hearing Held November 20, 2007].

Defendants also request judicial notice of the record of the appeal filed by Dr. Yue in the *STK I* case, again as a would-be intervenor. *See Yue v. U.S. Dist. Court*, Case No. 07-74701 (9th Cir.). Attached hereto as Exhibit B are true and correct copies of the orders (1) denying Dr. Yue's petition for writ of mandamus and (2) denying Dr. Yue's "Motion for Detailed Petition for Writ of Mandamus" and directing that "[n]o motions for reconsideration, rehearing, clarification, stay of the mandate, or any other submissions shall be filed or entertained in this closed docket."

3.    **From the Related Case *Yue v. Storage Technology Corp.*, Case No. C-07-5850-MJJ (N.D. Cal.) ("*STK II*"):**

- Docket No. 9 [First Amended Complaint].

- Docket No. 11 [Letter Brief by Dongxiao Yue Regarding Motion for Summary Judgment and Relating Cases].

- Docket No. 13, 41 [Motion for Entry of Default Judgment; Order Denying Plaintiff's Motion for Entry of Default].

- Docket Nos. 22-23, 26, 44 [Motion to Relate Cases and supporting declaration; Opposition to Motion to Relate Cases; Order Granting Motion to Relate Cases].

- Docket No. 36 [Declaration of Albert L. Sieber in Support of Motion to Dismiss].

- Docket No. 43 [Opposition to Motion to Dismiss].

For the Court's convenience, Defendants attach to this Request for Judicial Notice

Fenwick & West LLP
Attorneys At Law
Mountain View

1    excerpts of the some of these numerous documents on file with the Court establishing that

2    Dr. Yue is the sole owner and officer of Netbula, LLC—a fact that Dr. Yue has not (and could

3    not) reasonably dispute *See* Exhibits C-E.

## CONCLUSION

5        For the reasons set forth above, the Court should take judicial notice of the above-listed

6    documents.

9    Dated: February 25, 2008                    FENWICK & WEST LLP

11                                               By:_____/S/ LAURENCE F. PULGRAM_____
                                                        Laurence F. Pulgram

13                                               Attorneys for Defendants
                                                 CHORDIANT SOFTWARE, INC.,
                                                 DEREK P. WITTE, STEVEN R.
14                                               SPRINGSTEEL, and specially appearing for
                                                 OLIVER WILSON

16   26257/00401/LIT/1280914.1

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

# EXHIBIT A

**FILED**

UNITED STATES COURT OF APPEALS

FEB 15 2008

FOR THE NINTH CIRCUIT

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NETBULA, LLC, a Delaware limited liability company, | No. 07-17355 |
| Plaintiff - Appellee, | D.C. No. CV-06-00711-MJJ Northern District of California, San Francisco |
| and | |
| SUN MICROSYSTEMS, INC.; et al., | |
| Intervenors - Appellees, | ORDER |
| v. | |
| DONGXIAO YUE, | |
| Intervenor - Appellant, | |
| v. | |
| BINDVIEW DEVELOPMENT CORPORATION, a Texas corporation; et al., | |
| Defendants - Appellees. | |

Before: WALLACE, LEAVY and RYMER, Circuit Judges.

A review of the record demonstrates that this court lacks jurisdiction over this appeal because the district court has not issued any orders that are final or appealable. *See* 28 U.S.C. § 1291; *KL Group v. Case, Kay & Lynch*, 828 F.2d 909,

07-17355

918 n.5 (9th Cir. 1987) (protective order is not an appealable interlocutory order).

Consequently, this appeal is dismissed for lack of jurisdiction.

PROSE

# EXHIBIT B

**FILED**

UNITED STATES COURT OF APPEALS

DEC 12 2007

FOR THE NINTH CIRCUIT

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

---

In re: DONGXIAO YUE.

No. 07-74701

---

DONGXIAO YUE,

D.C. No. CV-06-07391-MJJ
Northern District of California,
San Francisco

Petitioner,

v.

ORDER

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
CALIFORNIA,

Respondent,

STORAGE TECHNOLOGY
CORPORATION; et al.,

Real Parties in Interest.

---

Before: GOODWIN, W. FLETCHER and BERZON, Circuit Judges.

Petitioner has not demonstrated that this case warrants the intervention of

this court by means of the extraordinary remedy of mandamus. *See Bauman v.*

*United States Dist. Court*, 557 F.2d 650 (9th Cir. 1977). Accordingly, the petition

is denied.

S:\MOATT\Panelord\12-07\ln\07-74701.wpd

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 1 8 2008

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: DONGXIAO YUE. | No. 07-74701 |
| DONGXIAO YUE,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES DISTRICT COURT<br>FOR THE NORTHERN DISTRICT OF<br>CALIFORNIA,<br><br>Respondent,<br><br>STORAGE TECHNOLOGY<br>CORPORATION; et al.,<br><br>Real Parties in Interest. | D.C. No. CV-06-07391-MJJ<br>Northern District of California,<br>San Francisco<br><br>ORDER |

Before: GOODWIN, W. FLETCHER and BERZON, Circuit Judges.

Petitioner's "Motion for Detailed Opinion on Order Denying Petition for

Writ of Mandamus" is denied.

No motions for reconsideration, rehearing, clarification, stay of the mandate,

or any other submissions shall be filed or entertained in this closed docket.

# EXHIBIT C

1  ELENA RIVKIN (CSB: 274387)
   RIVKIN LEGAL GROUP
2  586 N. First Street, Suite 116
   San Jose, CA 95112
3  Telephone: (408) 568-6950
   Facsimile: (408) 516-8058
4

5  Attorney for Plaintiff
   DONGXIAO YUE
6

7               UNITED STATES DISTRICT COURT

8             NORTHERN DISTRICT OF CALIFORNIA

9                 SAN FRANCISCO DIVISION

10

11 DONGXIAO YUE, an Individual          )CASE NO. C-07-05850-MJJ
                                        )
12              Plaintiff,              )
                                        ) **MEMORANDUM OF POINTS AND**
13 vs.                                  )**AUTHORITIES IN SUPPORT OF**
                                        )**OPPOSITION TO MOTION TO DISMISS**
14                                      )
   STORAGE TECHNOLOGY                   )
15 CORPORATION, a Delaware Corporation; ) Date:   March 4, 2008
   SUN MICROSYSTEMS, INC., a Delaware   ) Time:   9:30 a.m.
16 Corporation; MICHAEL MELNICK, an     ) Dept:   11, 19th Floor
   individual; JULIE DECECCO, an individual; ) Judge:  Hon. Martin J. Jenkins
17 and MICHAEL ABRAMOVITZ; an           )
   individual; LISA K. RADY, an individual; )
18 JONATHAN SCHWARTZ, an individual; and )
   DOES 1-1000, inclusive.             )
19                                      )
                Defendants.             )
20                                      )
                                        )
21 _____

22

23

24

25

26

27

## I. INTRODUCTION

Plaintiff Dongxiao Yue ("Plaintiff") develops software. In 1994, he began developing software called "PowerRPC." PowerRPC enables a computer program to execute a command on a remote computer over a network and to receive information back. This product was developed for several platforms, including UNIX, Microsoft Windows NT and Windows 95. The PowerRPC product has two components; the first is a Software Development Kit "SDK" which allows the creation of new components; the second has runtime software which allows remote communication between a computer application and a network. Plaintiff developed a derivative program of PowerRPC called ONC RPC for several other platforms, including Microsoft Windows NT/95. ONC RPC incorporates many files from PowerRPC.

In July 1996, Netbula, LLC ("Netbula") began to market the RPC software. Netbula is wholly-owned by Plaintiff. Netbula's role in the PowerRPC software was for marketing and sales.

On September 26, 2007, Netbula transferred all rights in the PowerRPC and ONC RPC for Windows to Plaintiff. *See* FAC Appendix; Docket No. 9. Defendant Storage Technology Corp. ("StorageTek") develops and sells computer data storage and recovery hardware and software. In March 2000, StorageTek and Netbula executed an agreement for eight developer licenses and 1,000 runtime licenses. Pursuant to this agreement, Plaintiff created a customized copy of the PowerRPC software embedded with licensing information.

StorageTek representatives contacted Netbula in 2004 noting that they had "bundled" his product into theirs. Netbula requested a license usage report which was never provided.

In March 2004, StorageTek and Netbula executed a license agreement for PowerRPC. Netbula based the price and negotiations for the new 2004 agreement on statements provided by Storage Technology representatives. Pursuant to this agreement, Plaintiff created a 2004 customized copy of the PowerRPC software to Storage Technology embedded with licensing

# EXHIBIT D

1   LAURENCE F. PULGRAM (CSB NO. 115163)
    lpulgram@fenwick.com
2   JEDEDIAH WAKEFIELD (CSB NO. 178058)
    jwakefield@fenwick.com
3   MARY E. MILIONIS (CSB NO. 238827)
    mmilionis@fenwick.com
4   LIWEN A. MAH (CSB NO. 239033)
    lmah@fenwick.com
5   FENWICK & WEST LLP
    555 California Street, 12th Floor
6   San Francisco, CA  94104
    Telephone: (415) 875-2300
7   Facsimile:  (415) 281-1350

8   Attorneys for Defendants
    BINDVIEW DEVELOPMENT CORPORATION,
9   SYMANTEC CORPORATION, and
    ERIC J. PULASKI

10

11  VONNAH M. BRILLET (SBN 226545)
    **LAW OFFICES OF VONNAH M. BRILLET**
    2777 Alvarado Street, Suite E
12  San Leandro, CA  94577
    Telephone: (510) 351-5345
13  Facsimile:  (510) 351-5348

14  Attorney for Plaintiff
    NETBULA, LLC

15

16              UNITED STATES DISTRICT COURT

17          NORTHERN DISTRICT OF CALIFORNIA

18

19  NETBULA, LLC, a Delaware limited          Case No.  C-06-0711-MJJ-WDB
    liability company,
20                                            **JOINT STATEMENT OF UNDISPUTED
                   Plaintiff,                 FACTS FOR DEFENDANTS' MOTIONS
21                                            FOR SUMMARY JUDGMENT**
          v.
22
    BINDVIEW DEVELOPMENT
23  CORPORATION, a Texas corporation;
    SYMANTEC CORPORATION, a                   Date:    August 21, 2007
24  Delaware corporation; ERIC J. PULASKI,    Time:    9:30 A.M.
    an individual; and DOES 1-10, inclusive,  Dept.:   Courtroom 11
25                                            Judge:   The Honorable Martin J. Jenkins
                   Defendants.
26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1     Defendants BindView Development Corporation ("BindView"), Symantec

2    Corporation ("Symantec") and Eric J. Pulaski ("Pulaski") (collectively "Defendants")

3    and Plaintiff Netbula, LLC ("Netbula") respectfully submit, pursuant to the Court's

4    Standing Order No. 3 and Civil Local Rule 56-2, this Joint Statement of Undisputed

5    Facts for Defendants' Motion for Summary Judgment as to Copyright Infringement,

6    BindView's Motion for Summary Judgment as to Breach of Contract and Fraud, and

7    Eric J. Pulaski's Motion for Summary Judgment.

8     In this joint statement, the parties have stipulated that certain documents or

9    communications were sent or transmitted. By doing so, the parties make no admissions

10    concerning the accuracy or admissibility of the contents of any such documents or

11    communications. The parties do not concede the relevance or admissibility of the facts

12    identified below, and reserve their respective objections to their use or introduction in

13    this and any other matter.

14    Defendants and Plaintiff respectfully inform this Court as follows:

15     1.    Netbula, LLC was formed in July 1996. Mr. Dongxiao Yue is

16    the owner and only employee of Netbula. At various times he has used the

17    following titles: President, Chief Officer of Sales and Marketing, Vice President of

18    Sales.

19     2.    Netbula's ONC RPC and Power RPC software facilitates the use

20    of "Remote Procedure Call" or "RPC" technology. RPC allows a program on a

21    local computer to execute a command on a remote computer over a network. Mr.

22    Yue developed Netbula ONC RPC and Netbula PowerRPC beginning in 1994.

23     3.    Sun Microsystems developed and distributed a software called

24    Sun ONC RPC. Plaintiff has identified its code a derivative work of Sun ONC RPC

25    SRC 4.0, RFC1831, RFC1832 for use in the Microsoft Windows environment.

26     4.    Netbula offers software developer kit ("SDK") licenses for

27    computer programmers who will use the SDK to develop applications and

28    distribution licenses that give the licensee the right to distribute Netbula RPC

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# EXHIBIT E

```
 1                              PAGES 1 - 19

 2                   UNITED STATES DISTRICT COURT

 3                 NORTHERN DISTRICT OF CALIFORNIA

 4             BEFORE THE HONORABLE MARTIN J. JENKINS

 5 NETBULA, LLC, A DELAWARE LIMITED    )
   LIABILITY COMPANY,                  )
 6                                     )
                   PLAINTIFF,          )
 7                                     )
     VS.                               ) NO. C 06-7391 MJJ
 8                                     )
   STORAGE TECHNOLOGY CORPORATION,     )
 9 ET AL.                              )
                                       )  SAN FRANCISCO, CALIFORNIA
10             DEFENDANTS.             )  TUESDAY
                                       )  NOVEMBER 20, 2007
11 _____    )

12                    TRANSCRIPT OF PROCEEDINGS

13 APPEARANCES:

14 IN PRO SE             DONGXIAO YUE
                         2777 ALVARADO STREET, SUITE C
15                       SAN LEANDRO, CALIFORNIA  94577

16
   FOR PLAINTIFF         THE LAW OFFICES OF VONNAH M. BRILLET
17                       2777 ALVARADO STREET, SUITE E
                         SAN LEANDRO, CALIFORNIA  94577
18             BY:  VONNAH M. BRILLET, ESQUIRE

19

20 FOR DEFENDANTS        FENWICK & WEST
   SUN, DARDEN AND       555 CALIFORNIA STREET, SUITE 1200
21 EMC                   SAN FRANCISCO, CALIFORNIA  94104
               BY:  LAURENCE F. PULGRAM, ESQUIRE
22                       JEDEDIAH WAKEFIELD, ESQUIRE

23 (FURTHER APPEARANCES ON FOLLOWING PAGE)

24 REPORTED BY:   JOAN MARIE COLUMBINI, CSR 5435, RPR
                  OFFICIAL COURT REPORTER, U.S. DISTRICT COURT
25
```

```
 1 APPEARANCES (CONTINUED):

 2 FOR DEFENDANT         QUINN EMANUEL
   IBM                   50 CALIFORNIA STREET, 22ND FLOOR
```

1 COPYRIGHT INTEREST THAT WILL BE LITIGATED IN THIS CASE THAT'S

2 NOT SUBSUMED WITHIN THIS REGISTRATION?

3          MS. BRILLET:  NO, YOUR HONOR.  WE HAD TWO COPYRIGHTS

4 BEFORE, BUT I BELIEVE THIS IS THE LAST ONE THAT REMAINS.

5          THE COURT:  OKAY.  SO WHAT CHANGED IN THIS CASE IN

6 TERMS OF OWNERSHIP INTEREST, OTHER THAN THE ASSIGNMENT YOU DID

7 IN SEPTEMBER, THAT DELAYED THIS ASSIGNMENT BACK TO MR. YUE FROM

8 THE FILING OF THIS CASE IN DECEMBER OF 2006 TO THE SETTING OF

9 THE STATUS CONFERENCE AND DATES FOR DISPOSITIVE MOTIONS IN MAY

10 OF 2007 TO NOW?

11          MS. BRILLET:  IT WAS NOT UNTIL DISCUSSIONS WITH THE

12 DEFENDANTS AND ONE OF THEIR RELATED CASES THAT IT ACTUALLY

13 STARTED OUT THAT WE COULD SEE THAT THERE WAS AN ISSUE REGARDING

14 THE OWNERSHIP OF THE COPYRIGHT, BUT --

15          THE COURT:  WHAT'S THE ISSUE OF OWNERSHIP WITH

16 RESPECT TO THIS COPYRIGHT?

17          MS. BRILLET:  THE FACT THAT NOW THAT -- ONE OF THE

18 QUESTIONS THAT DEFENDANTS --

19          THE COURT:  AND I'M HOLDING UP THE REGISTRATION

20 STATEMENT.

21          MS. BRILLET:  ONE OF THE QUESTIONS DEFENDANTS HAD,

22 ONE OF THE ISSUES THEY HAD, WAS THAT MR. YUE DID NOT OWN THE

23 COPYRIGHTS, THAT IT WAS NETBULA.  AND SO SINCE WE SAW THAT WAS

24 AN ISSUE, THAT'S WHEN MR. YUE DECIDED TO GO AHEAD AND TRANSFER

25 INTEREST, SINCE HE, ESSENTIALLY, IS NETBULA.  HE'S THE OWNER --

                                                    11

1 I'M SORRY -- THE ONLY DIRECTOR OF NETBULA, HE TRANSFERRED

2 INTEREST FROM NET, LLC TO HIMSELF.

3          THE COURT:  AND THAT ACCOMPLISHES WHAT?

4          MS. BRILLET:  WELL, FOR ONE, SINCE IT WOULD HAVE

5 BEEN AN ISSUE --

6           THE COURT:  SINCE HE IS NETBULA, NETBULA IS NOT

7 GOING OUT OF EXISTENCE, IS IT?

8           MS. BRILLET:  NO, IT IS NOT.

9           BUT, ONE, HE DOES WANT TO -- HE DOES WANT TO APPEAR

10 PRO SE, ALTHOUGH THAT IS NOT THE PRIMARY REASON FOR DOING THIS.

11 TWO, IT WOULD STREAMLINE THE PROCESS, AS WE DID STATE IN OUR

12 PAPERS --

13          THE COURT:  HE WANTS TO FILE A MOTION TO AMEND,

14 RIGHT.

15          MS. BRILLET:  IT'S NOT TO FILE A MOTION, IT'S JUST

16 TO SUBSTITUTE HIM IN AS A PARTY.

17          THE COURT:  DOWNSTREAM HE WANTS TO FILE A MOTION TO

18 AMEND.

19          MS. BRILLET:  THAT IS NOT --

20          THE COURT:  THAT'S WHAT I SAW IN THE PAPER.

21          MS. BRILLET:  OKAY.

22          THE COURT:  HOW DOES THAT STREAMLINE THE LITIGATION?

23          MS. BRILLET:  BECAUSE OF THE FACT THAT THERE ARE TWO

24 PORTIONS OF THE CODE THAT HAVE BEEN INVOLVED.  ONE SET IS THE

25 SET THAT WAS CREATED PRIOR TO THE ADVENT OF NETBULA, AND THE

                                                            12


1 OTHER SET IS AFTER.  SO BY MAKING HIM A PARTY IN THIS ACTION

2 NOW, THERE WOULD JUST BE ONE OWNER.

3           THE COURT:  IT'S A BIT OF A SHELL GAME, ISN'T IT?

4 ISN'T THAT WHAT IT IS?  THEY ARE ONE IN THE SAME.  THEY ARE ONE

5 IN THE SAME, SO IT DOES NOT -- THAT ASSIGNMENT DOES NOTHING TO

6 ADVANCE THE CONDUCT OF THIS LITIGATION SINCE THEY'RE ONE IN THE

7 SAME.

8          WHAT IT ACTUALLY -- AND THEY'RE NOT MAKING,

9 ASSERTING -- THEY MAY HAVE WITH RESPECT TO THE WAY MR. YUE

10 PARTICIPATES IN THE CONDUCT OF THE LITIGATION AS TO WHETHER HE

11 REPRESENTS HIMSELF OR NOT, BUT THEY'RE NOT ATTACKING NETBULA'S

12 OWNERSHIP OF THIS COPYRIGHT INTEREST IN A WAY THAT SUPPORTS HIS

13 SUBSTITUTION IN AS A PARTY.  THE ONLY THING THAT'S ACCOMPLISHED

14 THERE IS THAT HE GETS TO STAND BEFORE THE COURT AND MAKES

15 ARGUMENTS.

16          MS. BRILLET:  WHICH IS WHAT DR. YUE WOULD LIKE TO

17 DO.

18          THE COURT:  RIGHT.  THERE'S VERY CLEAR CASE LAW THAT

19 SAYS THAT'S NOT A BASIS TO SUBSTITUTE A PARTY BECAUSE IT

20 DOESN'T FACILITATE THE CONDUCT OF THE LITIGATION.

21          MS. BRILLET:  WELL, FOR ONE, THE DEFENDANTS HAVE

22 ALREADY SUED DR. YUE IN HIS INDIVIDUAL CAPACITY, SO THERE WOULD

23 BE NO PREJUDICE IN THAT STREAM.  BECAUSE OF THE FACT THAT HE'S

24 ALREADY AN INDIVIDUAL PARTY, THEY'VE ALREADY ACCEPTED HIM AS AN

25 INDIVIDUAL.

                                                    13

1          THE COURT:  RIGHT.  THIS IS THE CLAIM GOING BACK THE

2 OTHER WAY, RIGHT?

3          MR. PULGRAM:  THAT'S CORRECT, YOUR HONOR.

4          THE COURT:  WHAT'S THE BASIS OF THAT CLAIM?

5          MR. PULGRAM:  THAT'S A TRADEMARK INFRINGEMENT CLAIM

6 WHERE NETBULA AND DR. YUE, WHICH PURPORTEDLY ARE ONE IN THE

7 SAME USED THE JAVA TRADEMARK ON WEBSITES.

8          THE COURT:  WHAT IF HE WANTS TO REPRESENT HIMSELF ON

9 THAT CLAIM?

10          MR. PULGRAM:  IN FACT, I THINK HE IS, YOUR HONOR,

11 GOING TO REPRESENT HIMSELF ON THAT CLAIM.  I THINK IT'S