| | |
|---|---|
| 1<br>2<br>3<br>4<br>5 | DONGXIAO YUE<br>2777 ALVARADO ST., SUITE C<br>SAN LEANDRO, CA 94577<br>Telephone:   (510) 396-0012<br>Facsimile:    (510) 291-2237<br>E-Mail:        ydx@netbula.com<br><br>*Pro Se* |

FILED

MAR 10 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONGXIAO YUE,<br><br>          Plaintiff,<br><br>     v.<br><br>CHORDIANT SOFTWARE, INC., a Delaware corporation; Derek P. Witte, an individual; Steven R. Springsteel, an individual; Oliver Wilson, an individual; and DOES 1-1000, inclusive,<br><br>          Defendants. | Case No. C08-0019-MJJ<br><br>**PLAINTIFF'S MOTION TO DISQUALIFY DEFENSE COUNSEL AND SUPPORTING DECLARATION OF DONGXIAO YUE**<br><br>[Civil Local Rule 11-4, 11-6]<br><br>Date: Tuesday, April 22, 2008<br>Time: 9:30 A.M.<br>Dept: 11, 19th Floor<br>Judge: Hon. Martin J. Jenkins |

Pursuant to Civil Local Rule 11-4 and 11-6, Pro Se Plaintiff, Dongxiao Yue ("Yue"), requests the Court to disqualify defense counsel Mr. Laurence Pulgram ("Pulgram") and Fenwick & West, LLP for their persistent conduct that violated the relevant rules of professional conduct and the rules of the court. This motion is supported by the Declaration of Dongxiao Yue ("Yue Decl.") attached below and accompanying exhibits.

-1-

Case No. C08-0019-MJJ                                          MOTION TO DISQUALIFY DEFENSE COUNSEL

## FACTS AND ARGUMENT

### A. Mr. Pulgram's Communications to Yue

Mr. Pulgram repeatedly sent emails to Yue about the merits of various issues in the *Netbula v. StorageTek* case (C06-07391-MJJ), in which Yue is the principal of the plaintiff company. In cases where Yue is an unrepresented party, Mr. Pulgram offered legal advices to Yue on numerous occasions. The exhibits attached to the Supporting Declaration are just a few examples of such communications.

A lot of Mr. Pulgram's direct communications to Yue were about the *Netbula v. StorageTek* case, in which Yue – the principal of Netbula - was represented by attorney Vonnah M. Brillet.

For instance, in the email Mr. Pulgram sent to Yue at Thu, 25 Oct 2007 13:01:24 -0700 (Exhibit A to Yue Declaration), Mr. Pulgram communicated with Yue directly about substantive issues in the *Netbula v. StorageTek* case. He told Yue about (a) Netbula's preliminary injunction motion in the *Netbula v. StorageTek* matter, (b) Netbula's motion to substitute party (Mr. Pulgram characterized Netbula's motion to substitute party as Yue's motion in his email), (c) Ms. Brillet's request to withdraw as counsel, (d) StoragTek's motion for summary judgment, and more, in a substantive way.

Another email (Exhibit B to Yue Decl.) by Mr. Pulgram demonstrates the willfulness in his direct communications with a represented party. In this email, Mr. Pulgram stated: "We do not intend to address Dr. Yue (Netbula's principal) with respect to such matter, as Netbula is represented by counsel." Then Mr. Pulgram talks about Dr. Yue's intended use of certain evidence in the *Netbula v. StorageTek* case. However, Mr. Pulgram sent this email to Yue at ydx@netbula.com .

-2-

Case No. C08-0019-MJJ                                    MOTION TO DISQUALIFY DEFENSE COUNSEL

Exhibit C is another email Mr. Pulgram sent Yue on February 6, 2008, offering legal advice to Yue about a Rule 11 motion, stating "we believe that there is no possible proper basis for including Mr. Springsteel and Mr. Witte as individual defendants in this action. These individuals are not necessary to any relief you seek. They are not culpable for any of the claims you plead."

The above three pieces of email are just a small portion of direct communications Mr. Pulgram made to Yue.

### B. Yue is Severely Prejudiced by Mr. Pulgram's Conduct

Mr. Pulgram's direct communications to Yue on numerous substantive issues in the *Netbula v. StorageTek* case led Yue to believe that StorageTek would deal with Netbula directly via its principal, instead of through counsel. Yet, Mr. Pulgram told the Court a different story. In addition to disparaging Yue in the Court, Mr. Pulgram insists that Netbula and Yue are the same even in cases where Yue sued for his own personal copyrights. Defense counsel's conduct is totally unfair and prejudicial.

### C. Defense Counsel should be Disqualified

In similar cases where an attorney communicated with a represented party without authorization, severe sanctions may result. See *United States v. Lopez*, 4 F.3d 1455 (9th Cir. 1993) (dismissing indictment); *Terrebonne, Ltd. v. Murray*, 1 F. Supp. 2d 1050 (E.D.Cal. 1998) (disqualifying attorneys and law firm). Mr. Pulgram communicated with Yue about the issues in the *Netbula v. StorageTek* case, e.g., Exhibits A and B to Yue Decl. Such conduct is unethical and against the rules of professional conduct.

Mr. Pulgram also sent intimidating emails to Yue on cases where Yue is a *pro se* plaintiff. Mr. Pulgram's emails were disguised as legal advices to Yue. "The letters gave legal advice to

-3-

Case No. C08-0019-MJJ                                          MOTION TO DISQUALIFY DEFENSE COUNSEL

unrepresented parties whose interests conflicted with the interests of the [law firm], and this advice quite possibly ran afoul of relevant ethical rules. See Model Rules of Prof'l Conduct R. 4.3." *Molski v. Evergreen Dynasty*, 500 F.3d 1047, 1064 (9th Cir. 2007) (imposing sanctions on law firm).

### CONCLUSION

Plaintiff has been severely prejudiced by defense counsel's direct communications and "legal advice". Plaintiff respectfully requests the Court disqualify defense counsel or take appropriate action to stop the unethical conduct by defense counsel.

Respectfully submitted,

Dated: March 10, 2008

DONGXIAO YUE (Pro Se)

### DECLARATION OF DONGXIAO YUE
### IN SUPPORT OF MOTION TO DISQUALIFY DEFENSE COUNSEL

I, Dongxiao Yue, *pro se* plaintiff in the instant case, make the following declaration in support of the motion to disqualify defense counsel.

1) Attached Exhibits A and B are true copies of email Mr. Laurence Pulgram sent me about the *Netbula v. StorageTek* (C06-07391-MJJ) case.

2) Attached Exhibit C is a true copy of email Mr. Pulgram sent me about the *Yue v. Chordiant Software, Inc., et al.* case (C08-0019-MJJ).

3) Mr. Pulgram also sent me numerous other emails.

-4-

1  I declare under penalty of perjury that the foregoing is true and correct to the best of my
2  knowledge. This declaration is executed on March 10, 2008, in San Leandro, CA.

/s/ DONGXIAO YUE

DONGXIAO YUE

-5-

Case No. C08-0019-MJJ                    MOTION TO DISQUALIFY DEFENSE COUNSEL

EXHIBIT A

**RE: PDF files for Dongxiao Yue's motion for injunctive relief**

**Sender:** "Laurence Pulgram" <LPulgram@Fenwick.com>
**Recipient:** <ydx@netbula.com>
**Copy to:** "Jedediah Wakefield" <JWakefield@Fenwick.com>, "Albert Sieber" <ASieber@Fenwick.com>, "Liwen Mah" <LMah@fenwick.com>, <yuedongxiao@gmail.com>, <brilletlaw@yahoo.com>, <yuedongxiao@gmail.com>
**Time:** Thu, 25 Oct 2007 13:01:24 -0700

Mr. Yue,

Your e-mail below was received.

We continue to believe that your entire filing of the Motion to Intervene and for Preliminary Injunction was untimely. When you do not efile (which results in immediate electronic service), you must serve in accordance with the rules, which requires additional days be added for any filing other than by hand delivery. You did not comply. We received your entire filing only two days after the due date for hand service.

In any event, we believe that because you are not a party to the Netbula v. Storage Tek matter, because Netbula has not moved for a preliminary injunction, and because your motion is almost a year after the unsuccessful request for a TRO, it is not appropriate to require Defendants to respond to such a major request for substantive relief--for a preliminary injunction--until after the propriety of your participation in this action is first determined. I would also note that, apart from your reliance on an asserted presumption of irreparable harm (which is not applicable here), you have provided no explanation of any injury that you would face from delaying the hearing on the PI motion until after your participation in this case has been determined. Accordingly, we request that you stipulate with Defendants that your motion to intervene be heard on November 27 (notwithstanding improper service), but that the motion for preliminary injunction be scheduled to be briefed and heard only if you are then permitted to intervene or substitute. Please advise by close of business today if you are agreeable to this procedure.

I would also note that, as you no doubt anticipated, we oppose your request to intervene and your request to substitute in as a party. We also oppose Ms. Brillet's request to withdraw as counsel prior to determination of the long-scheduled summary judgment motion that is to be heard on November 27 pursuant to the Court's scheduling order. We do not believe that it is appropriate for Netbula's rights to be pursued other than through counsel of record (as required by law), and we do not believe that a purported assignment of rights to you personally, a year into the litigation, changes those result. Ms. Brillet remains counsel of record, and her opposition to the summary judgment motion on behalf of Netbula is due in the ordinary course.

The foregoing is without waiver of any rights, including our rights to assert that the motion for a preliminary injunction is sanctionable.

Please advise whether or not you are agreeable to the stipulation proposed above for the orderly consideration of the issue of intervention first, and preliminary injunction only if you thereafter become a party.

Sincerely,

Laurence Pulgram

EXHIBIT B



**Communications From Dr. Yue**

**Sender:** "Laurence Pulgram" <LPulgram@Fenwick.com>
**Recipient:** <brilletlaw@yahoo.com>
**Copy to:** <stacymonahan@quinnemanuel.com>, <davideiseman@quinnemanuel.com>, "Jedediah Wakefield" <JWakefield@Fenwick.com>, "Albert Sieber" <ASieber@Fenwick.com>, "Liwen Mah" <LMah@fenwick.com>, <ydx@netbula.com>  ← Yue's email
**Time:** Wed, 31 Oct 2007 08:47:00 -0700

Dear Ms. Brillet,

We are continuing to receive e-mails directly from your client Netbula's principal, apparently with respect to Defendants' pending motion for summary judgment to which Dr. Yue is not a party. We do not intend to address Dr. Yue with respect to such matters, as Netbula is represented by counsel.

However, Dr. Yue's reference below to a December 16, 2005 letter from Sun threatens, for a second time, to breach the express agreement of confidentiality that Sun required before the settlement discussions of which it is a part. His reference to his desire to use extrinsic evidence to interpret the license agreements has also previously been addressed. This suggests that you may not have transmitted to him the attached prior response, as we requested.

Please advise Dr. Yue to stop contacting us directly about matters regarding which he is not individually a party.

Regards,

Laurence Pulgram

-----Original Message-----
From: **ydx@netbula.com** [mailto:ydx@netbula.com]
Sent: Tuesday, October 30, 2007 11:49 PM
To: Laurence Pulgram
Cc: ydx@netbula.com; brilletlaw@yahoo.com; stacymonahan@quinnemanuel.com; Jedediah Wakefield; Albert Sieber; Liwen Mah; yuedongxiao@gmail.com; davideiseman@quinnemanuel.com
Subject: Re: RE: Netbula's motion for substitution of party as to the copyright claim

Dear Messrs. Pulgram, Wakefield, Eiseman, Sieber and Mah,

The basic concept of copyright is that it is a personal property, and I am the owner of the property in dispute. I have the right to protect that property.

Anyway, I renew my request to the defense lawyers here, as officers of the court, to tell the whole truth in your representation to the Court -- now that I am involved, I will make sure that the relevant facts are presented to the trier of fact. You should do the same, as you have a duty to the Court. If you do not do it soon, I may have to file an emergency motion for an integrity hearing.

Some of the relevant facts not mentioned in Mr. Wakefield's brief are listed below:



Gmail by Google BETA

EXHIBIT C

Dongxiao Yue <yuedongxiao@gmail.com>

# Yue v. Chordiant

3 messages

Laurence Pulgram <LPulgram@fenwick.com> Wed, Feb 6, 2008 at 12:34 AM
To: ydx@netbula.com, yuedongxiao@gmail.com
Cc: Jedediah Wakefield <JWakefield@fenwick.com>, Liwen Mah <LMah@fenwick.com>

Dr. Yue,

I am serving a not yet filed, motion under Rule 11 based on the inclusion in your complaint of two officers of Chordiant Software, Inc., CEO Steven Springsteel, and General Counsel Derek Witte.

While the Defendants believe that all of your claims lack merit, we believe that there is no possible proper basis for including Mr. Springsteel and Mr. Witte as individual defendants in this action. These individuals are not necessary to any relief you seek. They are not culpable for any of the claims you plead.

We urge you to dismiss these individuals now, at the point where the impact of their wrongful inclusion in the complaint will be minimized, and where Defendants may forego filing the attached motion. We also urge you to seek counsel with respect to this matter, as these are serious issues, and they have serious consequences for you.

As provided in Rule 11, please let us know within 21 days whether you will withdraw your claims as against Mr. Witte and Mr. Springsteel, and whether you will voluntarily withdraw your claims for statutory damages and attorneys fees, which are unavailable as a matter of law.

Sincerely,
Laurence Pulgram
Fenwick & West LLP
555 California Street, 12th Fl.
San Francisco, CA 94104
Phone 415-875-2390
Fax 415-281-1350
lpulgram@fenwick.com

-------------------------------------------

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Fenwick & West LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

-------------------------------------------

ATTENTION:
The information contained in this message may be legally privileged and confidential. It is intended to be read only by the individual or entity to whom it is addressed or by their designee. If the reader of this message is not the intended recipient, you are on notice that any distribution of this message, in any form, is strictly prohibited.

If you have received this message in error, please immediately notify the sender and/or Fenwick & West LLP by telephone at (650) 988-8500 and delete or destroy any copy of this message.

6 attachments

Exh 1.pdf
22K

Exh 2.pdf
37K

Exh 3.pdf
45K

Exh 4.pdf
167K
