LAURENCE F. PULGRAM (CSB NO. 115163)
*lpulgram@fenwick.com*
JEDEDIAH WAKEFIELD (CSB NO. 178058)
*jwakefield@fenwick.com*
ALBERT L. SIEBER (CSB NO. 233482)
*asieber@fenwick.com*
LIWEN A. MAH (CSB NO. 239033)
*lmah@fenwick.com*
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile:  (415) 281-1350

Attorneys for Defendants
CHORDIANT SOFTWARE, INC.,
DEREK P. WITTE, STEVEN R. SPRINGSTEEL,
and specially appearing for OLIVER WILSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DONGXIAO YUE,<br><br>            Plaintiff,<br><br>      v.<br><br>CHORDIANT SOFTWARE, INC., a Delaware corporation; DEREK P. WITTE, an individual; STEVEN R. SPRINGSTEEL, an individual; and OLIVER WILSON, an individual,<br><br>            Defendants. | Case No.  C-08-0019-MJJ<br><br>**DEFENDANT OLIVER WILSON'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION [FED. R. CIV. P. 12(b)(2)]**<br><br>Date:   Tuesday, April 1, 2008<br>Time:   9:30 A.M.<br>Dept:   11, 19th Floor<br>Judge:  Hon. Martin J. Jenkins |

REPLY ISO WILSON RULE 12(b)(2)
MOTION TO DISMISS

CASE NO. C-08-0019-MJJ

## INTRODUCTION

Plaintiff Dongxiao Yue's Opposition essentially parrots the Complaint's generic jurisdictional allegations and asserts that Mr. Wilson works for a company that sells software in California. But Dr. Yue does not, and could not, dispute any facts posited in the Mr. Wilson's Declaration, which refutes any basis for personal jurisdiction over Mr. Wilson, a resident of New Hampshire. Dr. Yue cites inapposite cases suggesting that a company may be subject to personal jurisdiction in a foreign state for selling products there. But he offers no authority to support the idea that a plaintiff can haul any of a corporation's *employees* into the plaintiff's preferred forum just because the corporation conducts business there. Nor does he offer any facts suggesting that Mr. Wilson himself "willfully infringed" or targeted such willful infringement against a known Californian.

As the Court explained recently in dismissing the related case of *Dongxiao Yue v. Sun Microsystems, Inc. et al.*, Case No. 07-05850-MJJ ("*STK II*" action), Dr. Yue's tactics, which in that case also included the naming as defendants who were simply employees of the defendant corporation, have "ranged from duplicative to nearly vexatious." There are no facts before the Court suggesting that Mr. Wilson belongs in this forum, nor is there any identification of facts that might be confirmed by discovery to establish jurisdiction. Accordingly, the Court should dismiss all claims as to Mr. Wilson under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

## ARGUMENT

Plaintiff apparently concedes that no general jurisdiction exists over Mr. Wilson. *See* Opp. at 4:11-12. His claim to specific jurisdiction as to Mr. Wilson is at once both simple and misplaced: that Mr. Wilson supposedly knew that Plaintiff is in California and that Mr. Wilson knew his employer sold and distributed software in California. Opp. at 2:8-9. Neither assertion establishes jurisdiction here.

### I. IN DECIDING WHETHER PLAINTIFF HAS ESTABLISHED A PRIMA FACIE FACTUAL SHOWING OF JURISDICTION, THE COURT DOES NOT MERELY ASSUME PLAINTIFF'S ALLEGATIONS TO BE TRUE.

The plaintiff has the burden to establish a court's personal jurisdiction over a defendant.

*Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). Personal jurisdiction over each defendant must be analyzed separately. *Calder v. Jones*, 465 U.S. 783, 790 (1984). Plaintiff may not establish such jurisdiction by simply regurgitating the allegations of the complaint, but rather must "come forward with facts, by affidavit or otherwise, supporting personal jurisdiction" if a defendant has challenged such jurisdiction. *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc*., 551 F.2d 784, 787 (9th Cir. 1977); *cf. Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) (noting that court does not assume conclusory allegations to be true when analyzing whether plaintiff has shown prima facie jurisdiction).

Here, Mr. Wilson has introduced into evidence a comprehensive copy of the minimal communications he had with Plaintiff. In response, Dr. Yue does not dispute the accuracy of that evidence. Indeed, it is undisputed that

- Mr. Wilson corresponded with Dr. Yue about a technical question (Opp. at 2:26-3:1), in which Dr. Yue assisted with Chordiant's development of a Windows version in April 2007, without ever asserting this was unlicensed at the time. Declaration of Oliver Wilson in Support of Motion to Dismiss for Lack of Personal Jurisdiction ("Wilson Decl.") ¶ 9 & Exh. 1.
- Dr. Yue raised the subject of software usage in August 2007, an issue that Mr. Wilson referred to company counsel, Derek Witte. *Id.* ¶ 9 & Exh. 2; Opp. at 3:4-12.
- Mr. Witte handled all subsequent communications about software usage. Opp. at 3:13-17.
- Dr. Yue first claimed that no license existed for a Vista version in August, 2007, and first asserted that no license existed for Chordiant Software, Inc. in January 2008. Wilson Decl. ¶ 9 & Exh. 2; Witte Decl., Exh. 2.

Thus, while Dr. Yue hypothesizes that Mr. *Wilson* somehow engaged in evasive, infringing conduct, the undisputed facts are that during the four months before Dr. Yue brought up the issue of license usage, Dr. Yue had repeatedly assisted Mr. Wilson and gave him no reason to think that any of his activity was unlicensed. *See* Wilson Decl. ¶ 9. As for the period after Dr. Yue asked for a count of license usage and Mr. Witte took over, Dr. Yue posits no facts about

1  Mr. Wilson's involvement whatsoever. Plaintiff has failed to "come forward with facts"—much
2  less evidence of them—that tie Mr. Wilson to California or to any allegedly infringing conduct
3  reaching into California.

**II.   DR. YUE HAS NOT ESTABLISHED THE NECESSSARY ELEMENT OF PURPOSEFUL DIRECTION BY MR. WILSON.**

Plaintiff makes conclusory allegations that Mr. Wilson knew Dr. Yue was in California and that Mr. Wilson willfully infringed, but these assertions do not satisfy the purposeful direction element of personal jurisdiction as to Mr. Wilson. Dr. Yue has failed to demonstrate either of two prongs necessary to find purposeful direction: (i) the particular defendant's knowledge that any harm would be suffered in California, and (ii) the particular defendant's acts "*expressly aimed at* or *targeting* the forum state" to cause such harm. *Pavlovich v. Superior Court*, 29 Cal. 4th 262, 270-71 (Cal. 2002) (referring to test from *Calder*); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 803 (9th Cir. 2004).

**A.   Plaintiff Has Neither Established Mr. Wilson's Knowledge That Harm Would Be Suffered in California, Nor Acts Expressly Targeting California.**

The Opposition does not grapple with the "knowledge of harm" prong of the purposeful direction analysis. Nowhere does Plaintiff submit any evidence, or even allegations of any substantive facts, that, if true, would substantiate that Mr. Wilson knew that his conduct was causing any harm, much less harm in California. The undisputed facts show no basis to contend that Mr. Wilson had any basis to believe he was infringing anything. To the contrary, Mr. Wilson overtly sought assistance, which Dr. Yue granted, for Mr. Wilson's work with Chordiant's software on the Vista operating system. Wilson Decl. ¶ 9. In their communications, Dr. Yue did not dispute that a license existed. *Id.* Dr. Yue acknowledged the license when he requested the "license usage report" in August. *Id.*, Exh. 2. There are no factual allegations that Mr. Wilson did *anything* with Marketing Director after Dr. Yue began raising license count issues on August 24, 2007, let alone that Mr. Wilson did anything that might constitute infringement.

Plaintiff also does not directly address the "express targeting" prong. To be sure, Dr. Yue conclusorily asserts that Mr. Wilson knew Dr. Yue was in California. Opp. at 2:8; 4:3-4. Yet

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Dr. Yue offers no facts supporting that bald assertion. *Id.* at 2:11-3:25. In reality, Mr. Wilson corresponded with Netbula, Dr. Yue, and "Dave King," Dr. Yue's doppelganger, by e-mail. Wilson Decl. ¶ 10. After Mr. Wilson referred Dr. Yue's inquiries about software usage to Chordiant counsel, Mr. Wilson received one telephone call from Dr. Yue. *Id.* In their limited communications, Mr. Wilson simply had no reason to know or care where Plaintiff was.

Plaintiff jumps past the elements of purposeful direction to rely generally, but inappropriately, on two cases that have found "willful infringement" as a basis for jurisdiction. In *Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc.,* 106 F.3d 284, 289 (9th Cir. 1995), the defendant had brazenly continued to broadcast plaintiff's works after clear termination of its license for non-payment. *Id.* at 293-94. In awarding over $8 million in damages, the trial court expressly found, and the Ninth Circuit affirmed, that defendant had willfully infringed the copyrights. *Id.* The Ninth Circuit based its finding of purposeful availment on the finding of willfulness, coupled with defendant's undisputed knowledge that the plaintiff was located in the forum. *Id.* at 289. Here, of course, there is no evidence that Mr. Wilson acted willfully, nor that he knew that Dr. Yue resided in California. Thus, even to the extent that *Columbia Pictures* controls after *Schwarzenegger,* each of the two conditions necessary for jurisdiction in *Columbia Pictures* is missing here.[1]

Plaintiff also cannot find support in Magistrate Judge Chen's decision in *Brayton Purcell LLP v. Recordon & Recordon*, 361 F. Supp. 2d 1135, 1138, 1141 (N.D. Cal. 2005). There, a southern California law firm copied seven full pages of a Northern California firm's website, including pictures and virtually the entire text, and pasted it into its own. *Id.* at 1138. The court found purposeful availment, concluding that the plaintiff had amply made a prima facie showing of willful infringement, and that it was "without dispute" that the defendant knew that the plaintiff was a resident of the forum, such that the case fell within the scope of *Columbia Pictures. Id.* at 1141. Again, in this case, both lack of willfulness *and* lack of knowledge of the

---

[1] The *Columbia Broadcasting* Court also separately relied on the defendant's "wide-ranging contract-related contacts" with the forum arising from defendant's license. Mr. Wilson was not party to such a contract. *Id.*

REPLY ISO WILSON RULE 12(b)(2) MOTION TO DISMISS — -4- — CASE NO. C-08-0019-MJJ

plaintiff's domicile make *Brayton Purcell* inapposite.

Indeed, the analysis in *Brayton Purcell* highlights this distinction. That opinion rejected an argument that *Schwarzenegger* had rendered the *Columbia Pictures* analysis obsolete. *Id.* In harmonizing its decision with *Schwarzenegger*, Magistrate Judge Chen distinguished the facts in *Schwarzenegger*, explaining that, unlike the law firm that willfully copied another's website in *Brayton Purcell*, the car dealer who had used the Governor's picture in *Schwarzenegger* was *not* shown to have acted "'willfully' in the sense of knowing the legal consequences of violating" the law. *Id.* at 1142 (noting that Ohio car dealer had not been shown to have intended to have violated California's common law right of privacy). The present case falls on the *Schwarzenegger* side of this divide: the facts here indicate nothing that would cause Mr. Wilson to know that the legal consequences of his alleged acts violated any law whatsoever. *See Pavlovich v. Superior Court*, 29 Cal. 4th 262, 270-71 (Cal. 2002) (emphasizing that jurisdiction under the *Calder* effects test rests on some intent to cause harm to forum resident, not just foreseeability of such harm).[2]

To the extent that Dr. Yue asserts that a mere *allegation* of willful copyright infringement is automatically sufficient to establish purposeful direction for jurisdiction purposes, such a rule is unjustified by existing authority and misapplies *Columbia Broadcasting* and *Brayton Purcell*. There was no question that the infringement, if proven in those cases, was willful. In contrast, here, Dr. Yue has no factual basis for asserting that Mr. Wilson willfully infringed. Indeed, if

---

[2] While these factual distinctions from *Brayton Purcell* and *Columbia Pictures* alone suffice to defeat jurisdiction, Mr. Wilson respectfully suggests that *Schwarzenegger*'s more recent and highly detailed discussion should govern over any contrary implication of the earlier *Columbia Pictures* decision. While *Columbia Pictures* did involve a copyright case, there is no reason why the *Schwarzenegger* analysis, based on an additional decade of application of the *Calder* rule, should not apply to copyright. *See Brayton Purcell*, 361 F. Supp. 2d at 1141(acknowledging that the argument that *Schwarzenegger* displaced *Columbia Pictures* was "not without some force"). *Schwarzenegger* made clear that a defendant's knowledge that its activities may have an effect, even a harmful effect, in California is not enough to establish jurisdiction. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 803 (9th Cir. 2004) (finding no jurisdiction over Ohio defendant despite defendant's knowledge that the well-known plaintiff, Arnold Schwarzenegger, was in California); *cf. IMO Indus. v. Kiekert AG*, 155 F.3d 254, 265 (3d Cir. 1998) ("Simply asserting that the defendant knew that the plaintiff's principal place of business was located in the forum would be insufficient in itself to meet this requirement [of express aiming].") Under this test, even if Mr. Wilson did know Plaintiff's location, more intent to effect harm in California would be required.

REPLY ISO WILSON RULE 12(b)(2) MOTION TO DISMISS -5- CASE NO. C-08-0019-MJJ

1  Dr. Yue's overbroad legal interpretation were the rule, a plaintiff would be able to establish

2  personal jurisdiction over anyone in any copyright case by nothing more than an insertion of the

3  word "willful" in a complaint.

### B. A Corporation's Sales in a Forum Do Not Imply Purposeful Direction Toward That Forum by an Employee.

Dr. Yue also argues incorrectly that purposeful direction by an employee is established merely by the fact that he works on products that his employer sells on a national basis. Opp. at 5:19-22. The court in *Brayton Purcell* found that the defendant corporation's injection of allegedly infringing product into the forum could support jurisdiction as to the corporation, but those findings would not apply as to firm employees, who were not defendants. *Brayton Purcell*, 361 F. Supp. 2d at 1142.[3] Finding that an employee should be subject to personal jurisdiction just because his work benefits products that his employer sells in the forum state would conflict with the rule that a plaintiff must independently establish jurisdiction over employee defendants. *See Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984) (noting that jurisdiction over a national magazine would not necessarily establish jurisdiction over the publisher, editor, and owner, even though he would obviously know that the national magazine was marketed and sold in the forum state).

Indeed, even for the officer or director of a company, personal jurisdiction turns on that employee's individual acts directed at the forum, as distinct from the corporation's. *See LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 824 (N.D. Cal. 1992) (no jurisdiction over individuals); *Indiana Plumbing Supply v. Standard of Lynn*, 880 F. Supp. 743, 750-51 (C.D. Cal. 1995) (no jurisdiction over individual); *Chi Shun Hua Steel Co. v. Novelly*, 759 F. Supp. 595 (N.D. Cal. 1991) (same). *A fortiori*, a mere program manager like Mr. Wilson cannot be summoned into California based on his employer's sales here.

///

---

[3] In addition, the issue before the *Brayton Purcell* court was venue within California, not personal jurisdiction. *Id.* at 1138. *Brayton Purcell* acknowledged that jurisdiction pertains to the *power* to adjudicate, whereas venue relates to convenience. *Id.* Here the issue is not merely convenience, but constitutional due process as manifested in rules of personal jurisdiction.

REPLY ISO WILSON RULE 12(b)(2) MOTION TO DISMISS    -6-    CASE NO. C-08-0019-MJJ

### III. THE COPYRIGHT CLAIMS AGAINST MR. WILSON DO NOT ARISE OUT OF HIS LIMITED CONTACTS WITH CALIFORNIA.

Mr. Wilson's limited contacts with California were his communications with Dr. Yue, "Dave King," and Netbula. None of those connections give rise to a claim of copyright infringement, and thus they cannot establish jurisdiction here.

Dr. Yue analogizes to *Brayton Purcell*, where the defendant corporation had "reached into" the forum by publishing the infringing material on the internet. *See* Opp. at 6:1. Yet Mr. Wilson did not himself make any such publication or do anything else in or into California. It is undisputed that all of Mr. Wilson's work has been in New Hampshire, and he neither supervises nor is supervised by Californians. Wilson Decl. ¶¶ 3-4, 7. That work cannot be the basis of personal jurisdiction here, because it is wholly unrelated to Mr. Wilson's limited contacts with California.

Since the alleged harm would have occurred regardless of Mr. Wilson's communications with Dr. Yue, the claims do not arise from those communications and personal jurisdiction is improper.

### IV. A PLAINTIFF'S CHOICE OF FORUM CANNOT OVERCOME JURISDICTIONAL CONSTRAINTS.

Out of context, Dr. Yue quotes *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947), to support his argument that a plaintiff's choice of forum should generally not be disturbed. Opp. at 6:12-14. *Gulf Oil* pertained to *forum non conveniens*, not personal jurisdiction. Dismissal because of *forum non conveniens*, based on the availability of an alternative forum, is wholly distinct from dismissal on jurisdictional grounds. *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 127 S. Ct. 1184, 1190, 1193 (2007) (discussing *Gulf Oil* and explaining that a court must dismiss if jurisdiction is absent). Since personal jurisdiction over Mr. Wilson is absent, Dr. Yue's choice of forum is irrelevant.

### V. NO JURISDICTIONAL DISCOVERY IS WARRANTED.

"At a minimum, the plaintiff must establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted." *Central States, Southeast & Southwest Areas*

REPLY ISO WILSON RULE 12(b)(2) MOTION TO DISMISS     -7-     CASE NO. C-08-0019-MJJ

*Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000). No such prima facie showing has been made here.

Indeed, the record before the Court as to Mr. Wilson's contacts with California is undisputed, consisting only of the e-mails that are now before the Court and one inconsequential telephone call. *See* Wilson Decl. ¶¶ 9-10 & Exhs. 1-2. Dr. Yue was himself a party to that call, so if anything happened there to support jurisdiction, he needs no discovery to present it.

Where there are no disputed facts as to a defendant individual's involvement for jurisdictional purposes, "any other discovery would be futile." *Fru-Con Constr. Corp. v. Sacramento Mun. Util. Dist.*, 2007 U.S. Dist. LEXIS 64017, at *32 (E.D. Cal. 2007) (finding that additional discovery would not help plaintiff show that injustice would result if defendant individual was not made party to the action). A bare and boilerplate allegation of "willful infringement," where utterly unsupported by fact, should not suffice to trigger discovery. Here, because Dr. Yue has not seriously disputed any of the jurisdictional facts as to Mr. Wilson, the Court should deny Dr. Yue's request for jurisdictional discovery.

## **CONCLUSION**

For the foregoing reasons, Defendant Oliver Wilson respectfully requests that the Court dismiss Dr. Yue's Complaint as to Mr. Wilson for lack of personal jurisdiction.

Dated: March 17, 2008                                FENWICK & WEST LLP

By: /S/ LAURENCE F. PULGRAM
                Laurence F. Pulgram

Attorneys for Defendants
CHORDIANT SOFTWARE, INC.,
DEREK P. WITTE, STEVEN R. SPRINGSTEEL,
and specially appearing for OLIVER WILSON

26257/00401/LIT/1281838.2