1  LAURENCE F. PULGRAM (CSB NO. 115163)
   *lpulgram@fenwick.com*
2  JEDEDIAH WAKEFIELD (CSB NO. 178058)
   *jwakefield@fenwick.com*
3  ALBERT L. SIEBER (CSB NO. 233482)
   *asieber@fenwick.com*
4  LIWEN A. MAH (CSB NO. 239033)
   *lmah@fenwick.com*
5  FENWICK & WEST LLP
   555 California Street, 12th Floor
6  San Francisco, CA  94104
   Telephone: (415) 875-2300
7  Facsimile:  (415) 281-1350

8  Attorneys for Defendants
   CHORDIANT SOFTWARE, INC.,
9  DEREK P. WITTE, STEVEN R. SPRINGSTEEL,
   and specially appearing for OLIVER WILSON

10

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13               SAN FRANCISCO DIVISION

14

15  DONGXIAO YUE,                    Case No.  C-08-00019-MJJ

16            Plaintiff,             **DECLARATION OF JEDEDIAH
                                     WAKEFIELD IN SUPPORT OF
17  v.                               OPPOSITION TO MOTION TO
                                     DISQUALIFY DEFENSE COUNSEL**
18  CHORDIANT SOFTWARE, INC., a
    Delaware corporation; DEREK P. WITTE,   Date:      TBD
19  an individual; STEVEN R.                Time:      TBD
    SPRINGSTEEL, an individual; and        Courtroom: TBD
20  OLIVER WILSON, an individual,          Judge:     TBD

21            Defendant.

22

23

24

25

26

27

28

Fenwick & West LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    I, Jedediah Wakefield, declare as follows:

2    1.    I am an attorney admitted to practice before this Court, and I am a partner at the

3    law firm of Fenwick & West LLP ("Fenwick"), counsel for named Defendants Chordiant

4    Software, Inc., Derek P. Witte, Steven R. Springsteel, and Oliver Wilson.  I have personal

5    knowledge of the facts set forth in this declaration, and if called to do so I could and would testify

6    competently to the same.

7    **Plaintiff's _Pro Se_ Status in This Case**

8    2.    Plaintiff has appeared _pro se_ in this action since it was filed.   Plaintiff's company,

9    Netbula LLC, has never been a party in this case.   To my knowledge, Plaintiff has never been

10    represented by counsel in connection with this action.

11    3.    On January 15, 2008, my partner, Laurence Pulgram, initiated contact with

12    Plaintiff concerning this action, and confirmed that Plaintiff was not represented.  In the e-mail,

13    Mr. Pulgram wrote: "I understand that you are not presently represented by counsel in this

14    lawsuit, but that Ms. Rivkin may begin to represent you in the future.  If this changes, please let

15    me know and I will communicate with her."  This e-mail was "cc'd" to Elena Rivkin, who at the

16    time was counsel of record Netbula in _Netbula, LLC v. Storage Technology Corp._, Case No. 06-

17    07391-MJJ (N.D. Cal.) ("_STK I_").  A true and correct copy of Mr. Pulgram's January 15, 2008 e-

18    mail is attached hereto as **Exhibit 1**.

19    4.    Plaintiff responded in a January 15, 2008 e-mail by confirming that he was not

20    represented, and specifically instructed Mr. Pulgram not to communicate with Netbula's counsel

21    in the _STK I_ case about the _Chordiant_ case: "I have not made any definitive arrangement with Ms.

22    Rivkin regarding the Yue v. Chordiant case. Please do not include her in our communications

23    regarding the Yue v. Chordiant matter."  A true and correct copy of Dr. Yue's January 15, 2008

24    e-mail response is attached hereto as **Exhibit 2**.

25    **Plaintiff's _Pro Se_ Activities in Related Cases.**

26    5.    Plaintiff's motion to disqualify Fenwick is based in part on communications

27    occurring in connection with the _STK I_ case.   Netbula was represented by counsel in _STK I_.

28    However, as I will discuss in more detail below, Dr. Yue participated or attempted to participate

1  in his individual capacity and without counsel, both in *STK I* and the related case of *Netbula, LLC*

2  *v. BindView Development Corp.*, Case No. 06-0711-MJJ-WDB (N.D. Cal.) ("*BindView*").

3          6.      On October 9, 2007, Dr. Yue filed, appearing *pro se*, a motion to intervene in his

4  individual capacity in the *BindView* case, ostensibly to "enforce" a protective order and preclude

5  use in the subsequent *STK I* case of materials Netbula had produced in *BindView*.  Even though

6  Dr. Yue had not previously been a party to the *BindView* litigation, Dr. Yue brought that motion

7  individually and without representation by counsel.  [*BindView* Docket No. 307]

8          7.      On October 22, 2007, Dr. Yue filed, in his individual capacity and appearing *pro*

9  *se*, a motion to intervene in *STK I,* seeking a preliminary injunction and impoundment of Sun's

10  property. [*STK I* Docket No. 68]

11          8.      On October 30, 2007, in *STK I*, Dr. Yue filed, in his individual capacity and

12  appearing *pro se*, an Opposition to Defendants' Motion for Administrative Relief for

13  consideration of a declaration that had been filed about eight hours late in support of Defendants'

14  Motion for Summary Judgment.  [*STK I* Docket No. 90]  Prior to that, from October 25 through

15  October 30, 2007, he had threatened to file a motion to strike, a motion for sanctions, and an

16  "emergency motion for an integrity hearing," all relating to Defendants' summary judgment

17  motion in *STK I*.

18          9.      On November 5, 2007, Dr. Yue attempted to substitute himself, *pro se*, as

19  "counsel" for himself as an individual cross-defendant, in lieu of counsel Vonnah M. Brillet, who

20  had previously appeared for Dr. Yue individually in the *STK I* case. [*STK I* Docket No. 95]

21          10.     On November 19, 2007, Dr. Yue, in his individual capacity and appearing *pro se*,

22  filed the separate *STK II* action, in which Dr. Yue claimed to own personally (independent from

23  Netbula) certain copyrights Dr. Yue wished to enforce. [*STK II* Docket No. 1]  Even before his

24  complaint, Dr. Yue had been threatening, *pro se* and in his individual capacity, to bring this

25  separate lawsuit, *pro se*, since October 2007.

26  **Direct Communications With Plaintiff**

27          11.     On October 16, 2007, after receiving electronic notification that Dr. Yue had filed

28  a motion to intervene and enforce a protective order in the *BindView* case, Mr. Pulgram wrote to

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    Vonnah Brillet, counsel of record for Netbula in *STK I* at the time, to request service of the

2    papers.  In that e-mail, he noted that direct communication with Dr. Yue would be needed if Dr.

3    Yue were attempting to represent himself, stating: "If Mr. Yue is now attempting to represent

4    himself as an individual in his effort to intervene, unrepresented by counsel, then *we may need to*

5    *speak with him directly*.  Please provide your instructions in this regard."  A true and correct copy

6    of Mr. Pulgram's October 16, 2007 e-mail to Ms. Brillet is attached hereto as **Exhibit 3**.  I was

7    "cc'd" on that e-mail.   I understand that Ms. Brillet never responded.

8            12.    Instead, the next day, October 17, 2007, Dr. Yue e-mailed Mr. Pulgram, our

9    colleagues Liwen Mah and Albert Sieber, and me, with copies of his motion to intervene and

10   motion to enforce.  A true and correct copy of Dr. Yue's e-mail (without the attachments) is

11   attached hereto as **Exhibit 4**.

12           13.    On October 26, 2007, Dr. Yue e-mailed us again, this time seeking a stipulation to

13   allow him to substitute as Plaintiff and assert additional claims against StorageTek.  Dr. Yue

14   concluded his e-mail by writing: "If you do not stipulate to the substitution, I will commence the

15   new action next week."   Dr. Yue's e-mail was cc'd to Netbula's counsel, Vonnah Brillet.  A true

16   and correct copy of Dr. Yue's October 26, 2007 e-mail is attached hereto as **Exhibit 5**.

17           14.    Ms. Brillet, as a recipient of the electronic communications in question,

18   presumably received instantaneous copies of them.  At no time did she object to me or anyone at

19   Fenwick regarding the direct communications with Dr. Yue.  Instead, she encouraged them.  For

20   instance, after I had repeatedly sought to meet and confer with her concerning certain discovery

21   matters in the *STK I* case, she told me she was not authorized to do so, but later advised that that

22   she would get Dr. Yue and have him talk to me directly.  She did just that, bringing Dr. Yue to

23   her office, putting him on a speaker phone, and having him discuss the case with me directly.

24           15.    After Dr. Yue filed his October 22, 2007 motion to intervene in *STK I*, seeking a

25   preliminary injunction and impoundment of Sun's property [*STK I* Docket No. 68], Defendants

26   believed that the motion had not been properly served, was untimely, and should be taken off

27   calendar.  Pursuant to Civil L.R. 6-3(a)(2), my colleague Mr. Pulgram contacted Dr. Yue to

28   request a stipulation to take that motion off calendar, before asking the court to do so.  Exhibit A

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  to Dr. Yue's declaration in support of the instant motion contains a copy of that e-mail, in which

2  Mr. Pulgram also stated that Defendants would not agree to Plaintiff's request to intervene and

3  substitute in as a party. The e-mail was copied to Ms. Brillet. I understand that she never

4  responded. Dr. Yue refused the stipulation, and Sun filed its motion on October 26, 2007. The

5  Court granted Sun's motion to take Dr. Yue's motion off calendar on October 31, 2007.

6      16.    In response, on October 25, 2007, Dr. Yue's raised the issue of the timeliness of a

7  declaration filed by Defendants in connection with their summary judgment motion. In it, Dr.

8  Yue wrote: "SUN's refusal to withdraw that motion may be my basis for a motion for sanctions."

9  A true and correct copy of Dr. Yue's October 25, 2007 e-mail is attached hereto as **Exhibit 6**.

10     17.    On October 26, 2007, Dr. Yue (unsolicited by Fenwick) e-mailed us to argue that

11  Defendants should have cited certain extrinsic evidence that he asserted was relevant to

12  Defendants' summary judgment motion in the *STK I* case. In that e-mail, Dr. Yue threatened to

13  file a motion to strike. Ms. Brillet was copied on this e-mail. That day, Mr. Pulgram responded

14  directly to Ms. Brillet, asking that she advise Dr. Yue to refrain from such communications. A

15  true and correct copy of Mr. Pulgram's October 26, 2007 e-mail to Ms. Brillet (with confidential

16  information redacted) is attached hereto as **Exhibit 7**.

17     18.    After Dr. Yue kept communicating on these subjects, Fenwick sent an October 31,

18  2007 e-mail (attached as Exhibit B to Dr. Yue's Declaration) to Ms. Brillet, with a *copy* to Dr.

19  Yue, asking again that Ms. Brillet instruct him not to communicate with Fenwick in matters other

20  than those in which he was acting *pro se*.

21     19.    On October 27, 2008, Dr. Yue wrote an e-mail addressing the administrative

22  motion filed by Defendants in *STK I* regarding Dr. Yue's *pro se* motion for a preliminary

23  injunction. In it, he stated that he (not Netbula) intended to file an opposition. He filed the

24  Opposition on October 30, 2007. Dr. Yue also again threatened to file a separate action against

25  Defendants Sun and StorageTek. A true and correct copy of Dr. Yue's October 27, 2008 e-mail

26  is attached hereto as **Exhibit 8**.

27     20.    Based on Dr. Yue's threat to file a new lawsuit as a *pro se* plaintiff, Mr. Pulgram

28  replied to Dr. Yue in an October 29, 2007 e-mail, copying Ms. Brillet, and confirming Plaintiff's

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

status as an unrepresented party:

> I am responding to you individually, and copying Netbula's counsel, because I understand that you are threatening to file a new action in your individual capacity, in which you are, and intend to remain, unrepresented by counsel.  If I am incorrect in these assumptions, I request that you and/or Ms. Brillet advise me.

A true and correct copy of Mr. Pulgram's October 29, 2007 e-mail is attached hereto as **Exhibit 9**.  Neither Ms. Brillet nor Plaintiff advised that Mr. Pulgram, me, or anyone at Fenwick that we were incorrect in assuming that Dr. Yue was threatening to take action in his individual capacity, and was unrepresented by counsel.

21.    Dr. Yue responded on October 30, 2007 with a lengthy e-mail, in which he threatened to file "an emergency motion for an integrity hearing." A true and correct copy of Dr. Yue's October 30, 2008 e-mail (with confidential information redacted) is attached hereto as **Exhibit 10**.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in San Francisco on April 1, 2008.

/s/  JEDEDIAH WAKEFIELD
Jedediah Wakefield

26257/00401/LIT/1283085.2

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# EXHIBIT 1

## Jedediah Wakefield

**From:** Laurence Pulgram

**Sent:** Tuesday, January 15, 2008 3:24 PM

**To:** 'ydx@netbula.com'; yuedongxiao@gmail.com

**Cc:** 'elena@rivkinlegalgroup.com'; Jedediah Wakefield; Liwen Mah

**Subject:** Yue v. Chordiant

Dr. Yue,

This firm represents Chordiant Software, which was served with a complaint filed by you in Federal Court the day after New Years.  I understand that you are not presently represented by counsel in this lawsuit, but that Ms. Rivkin may begin to represent you in the future.  If this changes, please let me know and I will communicate with her.

It is my understanding that the individual Chordiant employees named as defendants in your complaint have not been served.   In order to coordinate responses to the complaint, Chordiant requests an extension of its time to respond until 20 days after service of the individual defendants.  Please let me know if you are agreeable to this approach.  Chordiant could be willing to coordinate service on these individuals if you are willing to cooperate in response dates.

Given the timing of this matter, please let me know today if you are agreeable.  If you would like to discuss arrangements, you may call me or Jed Wakefield at 415 875 2300.

Sincerely,

Laurence Pulgram

# EXHIBIT 2

**Jedediah Wakefield**

| | |
|---|---|
| **From:** | ydx@netbula.com |
| **Sent:** | Tuesday, January 15, 2008 4:49 PM |
| **To:** | Laurence Pulgram |
| **Cc:** | Jedediah Wakefield |
| **Subject:** | Re: Yue v. Chordiant |

Dear Mr. Pulgram,

I have not made any definitive arrangement with Ms. Rivkin regarding the Yue v. Chordiant
case. Please do not include her in our communications regarding the Yue v. Chordiant
matter.

Each of the defendants is required to answer or otherwise defend pursuant to FRCP
12(a)(A)(i), which speaks about "[a] defendant". I see no legal basis or good cause for
Chordiant Software, Inc ("CSI") to delay answer the complaint simply because some of the
defendants have not yet been served. CSI had been made aware of the potential legal action
many months ago.

Plaintiff will serve the additional named defendants within the time limit of FRCP 4(m) --
It will be done much sooner than that.

Sincerely,

Dongxiao Yue


------------------------

"Laurence Pulgram" <LPulgram@Fenwick.com>:

Dr.
Yue,

This firm represents
Chordiant Software, which was served with a complaint filed by you in Federal Court the
day after New Years.  I understand that you are not presently represented by counsel in
this lawsuit, but that Ms. Rivkin may begin to represent you in the future.  If this
changes, please let me know and I will communicate with her.

It is my
understanding that the individual Chordiant employees named as defendants
in your complaint have not been served.   In order to coordinate
responses to the complaint, Chordiant requests an extension of its time to respond until
20 days after service of the individual defendants.  Please let me know if you are
agreeable to this approach.  Chordiant could be willing to coordinate service on these
individuals if you are willing to cooperate in response dates.

Given the timing of
this matter, please let me know today if you are agreeable.  If you would like to discuss
arrangements, you may call me or Jed Wakefield at 415 875 2300.

Sincerely,

Laurence
Pulgram

------------------------------------------

IRS Circular 230  Disclosure:  To ensure compliance with requirements imposed by the IRS,
we inform you that any U.S. federal tax advice in this communication (including
attachments) is not intended or written by Fenwick & West LLP to be used, and cannot be
used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing, or recommending to another party any transaction or matter addressed

herein.

```
-------------------------------------------
```
ATTENTION:
The information contained in this message may be legally privileged and confidential.  It
is intended to be read only by the individual or entity to whom it is addressed or by
their designee. If the reader of this message is not the intended recipient, you are on
notice that any distribution of this message, in any form, is strictly prohibited.

If you have received this message in error, please immediately notify the sender and/or
Fenwick & West LLP by telephone at (650) 988-8500 and delete or destroy any copy of this
message.

Attachment:
Content-Type: text/plain;
      charset="US-ASCII"
Content-Transfer-Encoding: quoted-printable

```
-------------------
```

# EXHIBIT 3

**Albert Sieber**

| | |
|---|---|
| **From:** | Laurence Pulgram |
| **Sent:** | Tuesday, October 16, 2007 3:27 PM |
| **To:** | 'Vonnah Brillet' |
| **Cc:** | Jedediah Wakefield |
| **Subject:** | FW: Activity in Case 3:06-cv-00711-MJJ Netbula, LLC v. Bindview Development Corporation et al Certificate of Service |

Ms. Brillet,

We received notice from the court of multiple filings today, including a certificate of service, by Mr. Yue. As he has generally been a represented party in this matter, we are communicating with you as his counsel in furtherance of our ethical obligations. We have not been served with these papers, and are concerned that we are not receiving these documents. If Mr. Yue is now attempting to represent himself as an individual in his effort to intervene, unrepresented by counsel, then we may need to speak with him directly. Please provide your instructions in this regard.

In all events, we need to be served with the documents that were represented to have been served on us.

Sincerely,
Laurence Pulgram

**From:** ECF-CAND@cand.uscourts.gov [mailto:ECF-CAND@cand.uscourts.gov]
**Sent:** Tuesday, October 16, 2007 3:11 PM
**To:** efiling@cand.uscourts.gov
**Subject:** Activity in Case 3:06-cv-00711-MJJ Netbula, LLC v. Bindview Development Corporation et al Certificate of Service

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

U.S. District Court
Northern District of California
**Notice of Electronic Filing or Other Case Activity**

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email the Help Desk by replying to this message; include your question or comment along with the original text.

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic document or not.

If there are **two** hyperlinks below, the first will lead to the docket and the second will lead to an e-filed document.
*If there is no second hyperlink, there is no electronic document available .*

See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink...' on the ECF home page at https://ecf.cand.uscourts.gov for more information.

The following transaction was received from entered on 10/16/2007 3:10 PM and filed on 10/15/2007

**Case Name:**        Netbula, LLC v. Bindview Development Corporation et al
**Case Number:**    3:06-cv-711
**Filer:**                Dongxiao Yue
**WARNING: CASE CLOSED on 09/24/2007**
**Document Number:** 311(No document attached)

**Docket Text:**
CERTIFICATE OF SERVICE by Dongxiao Yue re [308] Declaration in Support, [309] Exhibits, [307] Memorandum in Opposition, [307] MOTION to Intervene MOTION for Protective Order MOTION to Unseal Document, [310] Exhibits (slh, COURT STAFF) (Filed on 10/15/2007)


**3:06-cv-711 Notice has been electronically mailed to:**

Vonnah M Brillet    brilletlaw@yahoo.com

Gary Scott Fergus    gfergus@ferguslegal.com

David M. Lacy Kusters    dlacykusters@fenwick.com

Liwen Arius Mah    lmah@fenwick.com, docketcalendarrequests@fenwick.com

Mary Elizabeth Milionis    MMilionis@Fenwick.com, NCarroll@Fenwick.com

Laurence F. Pulgram    lpulgram@fenwick.com, rlopez@fenwick.com

Albert L. Sieber    asieber@fenwick.com, irubel@fenwick.com

Jedediah Wakefield    jwakefield@fenwick.com, irubel@fenwick.com, jphan@fenwick.com, kragab@fenwick.com, rjones@fenwick.com, rtauben@fenwick.com

**3:06-cv-711 Notice has been delivered by other means to:**

Dongxiao Yue
2777 Alvarado Street
Suite C
San Leandro, CA 94577

# EXHIBIT 4

**Jedediah Wakefield**

---

**From:**         ydx@netbula.com
**Sent:**         Wednesday, October 17, 2007 12:01 AM
**To:**           Laurence Pulgram; Jedediah Wakefield; Albert Sieber; Liwen Mah
**Cc:**           yuedongxiao@gmail.com
**Subject:**      PDF files for Yue's motion to enforce protective order

**Attachments:**  c06-0711-mjj-yue-motion-to-enforce-filed.pdf; c06-0711-mjj-yue-decl-support-motion-to-enforce.pdf; c06-0711-mjj-yue-motion-to-enforce-EXHIBIT-a-f--print.pdf; c06-0711-mjj-yue-motion-to-enforce-EXHIBIT GJ-print.pdf

   

c06-0711-mjj-yuc06-0711-mjj-yuc06-0711-mjj-yuc06-0711-mjj-yu
e-motion-to-enf...e-decl-support-...e-motion-to-enf...e-motion-to-enf..

                                             Dear Mr. Pulgram, Mr. Wakefield, Mr.
Sieber and Mr. Mah,

You may have received notices from ECF that I filed a motion yesterday to intervene and to
enforce the protective order in the BindView matter, and to oppose SUN, EMC and DARDEN's
motion to modify the same.

A copy of the papers was mailed to you via priority mail on October 15, 2007. I am
attaching the PDFs, as I realized that since my brief was filed on paper, it takes some
time for it to show up online.

Kind regards,

Don Yue


-------------------

# EXHIBIT 5

**Jedediah Wakefield**

| | |
|---|---|
| **From:** | ydx@netbula.com |
| **Sent:** | Friday, October 26, 2007 11:56 AM |
| **To:** | Laurence Pulgram |
| **Cc:** | ydx@netbula.com; brilletlaw@yahoo.com; Jedediah Wakefield; Albert Sieber; Liwen Mah; yuedongxiao@gmail.com; davideiseman@quinnemanuel.com |
| **Subject:** | Netbula's motion for substitution of party as to the copyright claim |

Dear Mr. Pulgram, Mr. Wakefield, Mr. Mah and Mr. Sieber,

I am writing to seek a stipulation regarding Netbula's substitution of party as to the copyright claim filed in the Nebula v. StorageTek case. As the copyright owner of the relevant software and related claims, I am about to assert additional claims against StorageTek. This can be done via an amended complaint in the C06-07391-MJJ case, or I can file a new separate infringement action and move to relate/consolidate the new action to the current action.

For judicial economy, I think it's far efficient for you to stipulate to the substitution of party by replacing Dongxiao Yue as the copyright plaintiff in the C06-07391-MJJ case.

If you do not stipulate to the substitution, I will commence the new action next week.

Kind regards,

Don Yue


-------------------

# EXHIBIT 6

**Jedediah Wakefield**

| | |
|---|---|
| **From:** | ydx@netbula.com |
| **Sent:** | Thursday, October 25, 2007 2:48 PM |
| **To:** | Laurence Pulgram |
| **Cc:** | ydx@netbula.com; brilletlaw@yahoo.com; Jedediah Wakefield; Albert Sieber; Liwen Mah; yuedongxiao@gmail.com; davideiseman@quinnemanuel.com |
| **Subject:** | Re: Re: RE: PDF files for Dongxiao Yue's motion for injunctive relief |

Dear Mr. Pulgram,

I found it hard to believe that you were asking me to withdraw or delay a motion for injunctive relief which has already been scheduled by the court staff. That is simply not something I can do.

However, I do suggest SUN withdraw its untimely motion for summary judgment. I really don't see how defendants can argue around that untimeliness -- Mr. Melnick's declaration was quite material to SUN's motion , it is 25 pages. SUN filed it after a deadline SUN had known for many months.

Please let me know if SUN stipulate to withdraw its untimely motion for summary judgment motion. SUN's refusal to withdraw that motion may be my basis for a motion for sanctions.

Kind regards,

Don Yue




------------------------
"Laurence Pulgram" <LPulgram@Fenwick.com>:
Mr. Yue,

So you are refusing the proposed stipulation?

Laurence Pulgram

Sent from my GoodLink synchronized handheld (www.good.com)

 -----Original Message-----
From:    ydx@netbula.com [mailto:ydx@netbula.com]
Sent: Thursday, October 25, 2007 02:13 PM Pacific Standard Time
To:    Laurence Pulgram
Cc:    ydx@netbula.com; brilletlaw@yahoo.com; Jedediah Wakefield; Albert Sieber; Liwen Mah; yuedongxiao@gmail.com; davideiseman@quinnemanuel.com; brilletlaw@yahoo.com; yuedongxiao@gmail.com
Subject:    Re: RE: PDF files for Dongxiao Yue's motion for injunctive relief

Dear Mr. Pulgram,

Whether my motion to intervene and for injunctive relief was proper is to be determined by the court. I certainly anticipated your oppositions.

As for the timeliness of my motion, I believe we should check against the local rules -- my motion was filed on Oct 22, 2007, 36 days before the hearing. Timeliness is not an issue here. Your objection seems to be one on the manner of service. You can certainly raise that in your opposition, if any.

I noticed that Mr. Melnick's declaration in support of SUN's summary judgment motion was

filed on October 24, 2007. This makes SUN's motion plainly untimely, and should be subject to Civil Local Rule 1-4. Judge Jenkins denied Netbula's motion for summary judgment motion for being untimely in the Netbula v. BindView case. I doubt the Judge will apply the rule differently to SUN.

There may be difference of opinion on various issues, I believe it would not be productive for us to argue such matters out of court.

Kind regards,
.
Don Yue

------------------------
"Laurence Pulgram" :
Mr. Yue,

Your e-mail below was received.

We continue to believe that your entire filing of the Motion to Intervene and for Preliminary Injunction was untimely.  When you do not efile (which results in immediate electronic service), you must serve in accordance with the rules, which requires additional days be added for any filing other than by hand delivery.  You did not comply. We received your entire filing only two days after the due date for hand service.

In any event, we believe that because you are not a party to the Netbula v. Storage Tek matter, because Netbula has not moved for a preliminary injunction, and because your motion is almost a year after the unsuccessful request for a TRO, it is not appropriate to require Defendants to respond to such a major request for substantive relief--for a preliminary injunction--until after the propriety of your participation in this action is first determined.  I would also note that, apart from your reliance on an asserted presumption of irreparable harm (which is not applicable here), you have provided no explanation of any injury that you would face from delaying the hearing on the PI motion until after your participation in this case has been determined.
Accordingly, we request that you stipulate with Defendants that your motion to intervene be heard on November 27 (notwithstanding improper service), but that the motion for preliminary injunction be scheduled to be briefed and heard only if you are then permitted to intervene or substitute.  Please advise by close of business today if you are agreeable to this procedure.

I would also note that, as you no doubt anticipated, we oppose your request to intervene and your request to substitute in as a party.  We also oppose Ms. Brillet's request to withdraw as counsel prior to determination of the long-scheduled summary judgment motion that is to
be heard on November 27 pursuant to the Court's scheduling order.   We
do not believe that it is appropriate for Netbula's rights to be pursued other than through counsel of record (as required by law), and we do not believe that a purported assignment of rights to you personally, a year into the litigation, changes those result. Ms. Brillet remains counsel of record, and her opposition to the summary judgment motion on behalf of Netbula is due in the ordinary course.

The foregoing is without waiver of any rights, including our rights to assert that the motion for a preliminary injunction is sanctionable.

Please advise whether or not you are agreeable to the stipulation proposed above for the orderly consideration of the issue of intervention first, and preliminary injunction only if you thereafter become a party.

Sincerely,

Laurence Pulgram
Fenwick & West LLP
555 California Street, 12th Fl.
San Francisco, CA 94104
Phone 415-875-2390
Fax 415-281-1350
lpulgram@fenwick.com

# EXHIBIT 7

**Jedediah Wakefield**

| | |
|---|---|
| **From:** | Laurence Pulgram |
| **Sent:** | Friday, October 26, 2007 11:27 AM |
| **To:** | brilletlaw@yahoo.com |
| **Cc:** | Jedediah Wakefield; 'David Eiseman' |
| **Subject:** | FW: SUN's motion for summary judgment |

Dear Ms. Brillet:

As you know, we have received the e-mail below from Mr. Yue.  It is not addressed to any matter as to which he is appearing as an individual--it is addressed to the pending motion for summary judgment against Netbula.

Mr. Yue is not a party to this lawsuit and Netbula is represented by counsel.  We are happy to discuss any concerns Netbula has with Netbula's counsel.  We will not engage in discussions with Mr. Yue about subjects that do not relate to his individual attempts to intervene.

As to the substantive points below, despite the integrated nature of the agreement Netbula is free to attempt to introduce extrinsic evidence that it contends is admissible and relevant to the issues presented in its Opposition.  Netbula is also free to make arguments concerning the drafter of the agreements, subject of course to the requirements of Rule 11.

We do wish to remind you and Netbula that Mr. Yue and Netbula entered into an agreement no later than October 26, 2005 that communications between Netbula and Sun would be confidential and inadmissible in any proceedings.  The communications identified below include such confidential and inadmissible materials.  We expect Netbula to abide by its agreement, and we request that you communicate this to Mr. Yue.

Sincerely,

Laurence Pulgram

-----Original Message-----
From: ydx@netbula.com [mailto:ydx@netbula.com]
Sent: Friday, October 26, 2007 10:47 AM
To: Laurence Pulgram
Cc: ydx@netbula.com; brilletlaw@yahoo.com; Jedediah Wakefield; Albert Sieber; Liwen Mah;
yuedongxiao@gmail.com; davideiseman@quinnemanuel.com
Subject: Re: SUN's motion for summary judgment

Dear Mr. Wakefield, Mr. Pulgram, Mr. Mah and Mr. Sieber,

I did a brief review of your motion for summary judgment in the SUN case, not withstanding the fact that your motion is procedurally untimely, your motion CONCEALED key facts and admissible evidence pertinent to the infringement claim.

Regarding whether the 2000 Netbula-StorageTek agreement (2000 Agreement) and the 2004 Netbula-StorageTek agreement are for pre-paid licenses, you failed to inform the court about the admissions or prior inconsistent statements by StorageTek.



Lisa Rady, the Program Manager for LibAttach wrote in March 2004:

"As you can see, we have exceeded the 1,000 distributions that we had right to with Netbula…. I think it is obvious that engineering has not and did not monitor the distributions on this product."

In response, Mike Melnick wrote:

"The agreement is specific to platform (Win NT and 95/98 platforms) types of Netbula software (PowerRPC SDK). This concerns me greatly as we have already told them we are no longer shipping it with our product."

In June 2005, Holly Wagner wrote:

"The SAP query I ran this morning shows 2,386 models shipped. This number is low due to the fact that the query does not have the capability of pulling the client feature quantities that were released in November of last year."

In response, Mike Melnick wrote:

"The number that Holly has provided and thought it may be low causes quite a problem for you. We have only made 2 purchases for the rights to distribute a total of 2000 licenses."

The above is just a few examples of admissions by StorageTek.

As you know, StorageTek (Mike Melnick) drafted some key parts of the 2000 Agreement (the payment terms). The interpretation of the agreement will be construed against the drafter. It is thus important for you, as officers of the Court, to fully inform the court about such admissions and prior inconsistent statements so the Court can properly rely on your representations to make a ruling, that will become the law of the United States. You, as officers of the Court, are duty-bound to tell the whole truth to the Court.

As I indicated in my previous emails, I will move to strike Mike Melnick's declaration which was filed on October 24, 2007 (34 days before hearing date) as untimely, and move to strike any document filed by defendants referencing that declaration.

I suggest you write a letter to Judge Jenkins to inform the Court about your omission of key facts. Your refusal to do so may be served as evidence that you intentionally concealed the above and other facts from the Court.


Kind regards,

Don Yue



-------------------

```
-----Original Message-----
From: ydx@netbula.com [mailto:ydx@netbula.com]
Sent: Thursday, October 25, 2007 11:46 AM
To: ydx@netbula.com
Cc: Laurence Pulgram; Jedediah Wakefield; Albert Sieber; Liwen Mah; yuedongxiao@gmail.com;
brilletlaw@yahoo.com; yuedongxiao@gmail.com
Subject: Re: PDF files for Dongxiao Yue's motion for injunctive relief
```

Dear Counsel,

I received an auto-response from Mr. Wakefield, indicating the email is working. No
further confirmation is necessary.

Kind regards,

Don Yue

------------------------
ydx@netbula.com:

Dear Mr. Pulgram, Mr. Wakefield, Mr. Mah and Mr. Sieber,

I just received a forwarded message from Ms. Brillet a few minutes ago in which Mr.
Pulgram allege that I did not serve you the papers I filed with the court on October 22,
2007.

As shown in the attached certificate of service, I mailed you the copies of the documents
on October 22, 2007 (via priority mail). Also on October 22, 2007, I emailed
MJJPPDf@cand.uscourts.gov the PDF files for the documents I filed on that day and I
received acknowledgment of the receipt from the court stating the PDFs were "forwarded to
the appropriate chambers for processing." Since the case is a e-filing case, service
should be done via the ECF system. Additionally, October 22,
2007 was 36 days before the hearing date, I gave defendants more time than the required
35-day lead time.

I also noticed that defendants filed their summary judgment motion at mid-night of October
23, 2007. One of the documents was filed on October 24, 2007, which was 34 days before the
hearing date and was untimely. I reserve the right to strike that document as untimely and
strike all documents reference that untimely document.

Mr. Pulgram alleged that I did not serve him the documents on October 23, 2007 at the end
of Michael Abramovitz deposition. First, I have no obligation to serve defendants multiple
times (I don't have extra hard copies anyway). Second, I came to the deposition when it
was already finished -- quite unexpectedly, and the defendants were asking me to stipulate
to the use of  certain documents marked as CONFIDENTIAL in my deposition -- with the court
reporter being held up and the time was about 30 minutes past lunch time. Defendants
provided no prior notice for their planned use of the documents -- which was questionable
by itself. I was totally unprepared for what defendants were trying to do, my attention
was primarily on defendants' last minute request to use of those documents for their
summary judgment motions to be filed that night.

After the stipulation on the documents was made and the parties concluded the deposition,
I immediately went back to check what those exhibits really were and to check Netbula's
TRO papers, which Mr.
Pulgram claimed to have included the 2004 agreement. When I came back out, Mr. Pulgram
already left.

I emailed all of you the papers for my motion to enforce protective order in the BindView
matter on October 16, 2007, but I received no response from any of you, making me wonder
whether the email communication channel was working. In any case, my contact information
is available on the court docket, you could have simply emailed me or called me.

As a courtesy, I am attaching the PDF documents with this email.

Please respond to confirm yourself receipt of this message. If I do not receive a
confirmation by 1:00 pm, I will telephone Mr. Wakefield just to verify if you received
this email.

Kind regards,

Don Yue
Intervenor in the Netbula v. StorageTek case

-------------------

Attachment: c06-07391-mjj-yue-motion-for-injunction-cert-of-svc.pdf
Content-type: application/pdf
Content-transfer-encoding: base64
Content-disposition: attachment;
filename="c06-07391-mjj-yue-motion-for-injunction-cert-of-svc.pdf"

Attachment: c06-07391-MJJ-Yue-motion-for-preliminary-injunction.pdf
Content-type: application/pdf
Content-transfer-encoding: base64
Content-disposition: attachment;
filename="c06-07391-MJJ-Yue-motion-for-preliminary-injunction.pdf"

Attachment: c06-07391-mjj-Yue-motion-for-preliminary-injunction-decl.pdf
Content-type: application/pdf
Content-transfer-encoding: base64
Content-disposition: attachment;
filename="c06-07391-mjj-Yue-motion-for-preliminary-injunction-decl.pdf"

Attachment:
c06-07391-MJJ-Yue-motion-for-preliminary-injunction-decl-ex-A-J.pdf
Content-type: application/pdf
Content-transfer-encoding: base64
Content-disposition: attachment;
filename="c06-07391-MJJ-Yue-motion-for-preliminary-injunction-decl-ex-A-
J.pdf"

Attachment:
c06-07391-MJJ-Yue-motion-for-preliminary-injunction-decl-ex-K-S.pdf
Content-type: application/pdf
Content-transfer-encoding: base64
Content-disposition: attachment;
filename="c06-07391-MJJ-Yue-motion-for-preliminary-injunction-decl-ex-K-
S.pdf"

Attachment: c06-07391-MJJ-Yue-motion-for-preliminary-injunction-PO.pdf
Content-type: application/pdf
Content-transfer-encoding: base64
Content-disposition: attachment;
filename="c06-07391-MJJ-Yue-motion-for-preliminary-injunction-PO.pdf"

-------------------
--------------------------------------------
IRS Circular 230  Disclosure:  To ensure compliance with requirements imposed by the IRS,
we inform you that any U.S. federal tax advice in this communication (including
attachments) is not intended or written by Fenwick & West LLP to be used, and cannot be
used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing, or recommending to another party any transaction or matter addressed
herein.
--------------------------------------------
ATTENTION:
The information contained in this message may be legally privileged and confidential.  It
is intended to be read only by the individual or entity to whom it is addressed or by
their designee. If the reader of this message is not the intended recipient, you are on
notice that any distribution of this message, in any form, is strictly prohibited.

If you have received this message in error, please immediately notify the sender and/or
Fenwick & West LLP by telephone at (650) 988-8500 and delete or destroy any copy of this
message.

-------------------

-------------------

# EXHIBIT 8

**Jedediah Wakefield**

| | |
|---|---|
| **From:** | ydx@netbula.com |
| **Sent:** | Saturday, October 27, 2007 9:18 AM |
| **To:** | Albert Sieber |
| **Cc:** | brilletlaw@yahoo.com; Jedediah Wakefield; Albert Sieber; Liwen Mah; yuedongxiao@gmail.com; davideiseman@quinnemanuel.com; ydx@netbula.com; brilletlaw@yahoo.com; Laurence Pulgram |
| **Subject:** | Re: Defendants' Administrative Motion |

Dear Mr. Sieber and Mr. Pulgram,

I believe SUN's administrative motion is improper. SUN's purported administrative motion was actually an opposition to my motion to intervene and opposition to Netbula's prior motion to substitute plaintiff. It was just disguised as a motion on "miscellaneous administrative matters."

I will file an opposition to the purported administrative motion.

On Friday, October 26, 2007, I emailed Mr. Pulgram about reaching a stipulation on the substitution of party (Dongxiao Yue to replace Netbula as to copyright claim), for the benefit of judicial economy. Mr. Pulgram responded, saying that he would confer with his client and get back to me. In view of your position demonstrated in your "administrative motion," I assume that no such stipulation can be reached. Accordingly, as I indicated in my Friday email, I shall file a separate action against STK/SUN next week, and possibly an application for TRO to go along with it.

I understand defendants' desire to prevent me --the copyright owner - from intervening. Netbula's counsel is withdrawing, another victory for Fenwick & West seems so close, yet so far. But, I should remind you, although you have an obligation to your clients, you have a higher duty to the Court. As officers of the Court, you must tell the whole truth, so the Court can rely on your representations and make rulings that will become the laws of the United States on fundamental intellectual property issues. So I renew my previous request that defense counsel address to the Court about SUN/STK's admissions and prior inconsistent statements, which were omitted in defendants' motion for summary judgment.

Kind regards,

Don Yue


------------------------
"Albert Sieber" <ASieber@Fenwick.com>:

Dr. Yue:

Please find attached
a motion for administrative relief filed in the Sun case.

Regards,
Albert


_____
Albert L. Sieber |
Fenwick & West LLP
<?xml:namespace prefix = st1 ns =
"urn:schemas-microsoft-com:office:smarttags" />555 California Street, 12th Floor | San Francisco, CA 94104
(415) 875-2414 | Fax: (415) 281-1350 | asieber@fenwick.com

---------------------------------------------

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Fenwick & West LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

---------------------------------------------

ATTENTION:
The information contained in this message may be legally privileged and confidential.  It is intended to be read only by the individual or entity to whom it is addressed or by their designee. If the reader of this message is not the intended recipient, you are on notice that any distribution of this message, in any form, is strictly prohibited.

If you have received this message in error, please immediately notify the sender and/or Fenwick & West LLP by telephone at (650) 988-8500 and delete or destroy any copy of this message.

Attachment:
Content-Type: text/plain;
     charset="us-ascii"
Content-Transfer-Encoding: quoted-printable

Attachment: Motion [FILED].pdfMotion [FILED].pdf
Content-Type: application/octet-stream;
     name="Motion [FILED].pdf"
Content-Transfer-Encoding: base64
Content-Description: Motion [FILED].pdf
Content-Disposition: attachment;
     filename="Motion [FILED].pdf"

Attachment: Sieber Decl. [FILED].pdfSieber Decl. [FILED].pdf
Content-Type: application/octet-stream;
     name="Sieber Decl. [FILED].pdf"
Content-Transfer-Encoding: base64
Content-Description: Sieber Decl. [FILED].pdf
Content-Disposition: attachment;
     filename="Sieber Decl. [FILED].pdf"

-------------------

# EXHIBIT 9

## Jedediah Wakefield

**From:** Laurence Pulgram
**Sent:** Monday, October 29, 2007 4:35 PM
**To:** 'ydx@netbula.com'
**Cc:** brilletlaw@yahoo.com; Jedediah Wakefield; Albert Sieber; Liwen Mah; yuedongxiao@gmail.com; davideiseman@quinnemanuel.com
**Subject:** RE: Netbula's motion for substitution of party as to the copyright claim

Dear Mr. Yue,

I am responding to you individually, and copying Netbula's counsel, because I understand that you are threatening to file a new action in your individual capacity, in which you are, and intend to remain, unrepresented by counsel.  If I am incorrect in these assumptions, I request that you and/or Ms. Brillet advise me.

As promised, this is my response to your request for a stipulation that you be allowed to join as a party plaintiff in the Netbula v. StorageTek action.  Sun's position is as follows.

First, we do not believe that you are an appropriate plaintiff to enforce Netbula's copyrights.  Our position in this regard is fully spelled out in our filing on Tuesday opposing your request to be substituted as a plaintiff in the Sun action.  (We have cited a couple of cases in the MAR filed on Friday, but that is just to advise the court of the issue, not to argue it in full).  To the extent that you are not an appropriate plaintiff in the existing action by Netbula against Sun, you would be equally inappropriate in any new action that you may intend to file as Netbula's assignee.

Second, in the event that the Court disagrees with Sun's position in this regard and concludes that you could be an appropriate plaintiff, in that situation it would be highly inappropriate for you to commence a separate lawsuit about the same subject.  You have already attempted to substitute in the Sun action, and to intervene there.  Commencing a separate lawsuit would unnecessarily proliferate litigation, at least if the claims that you wish to raise are of a subject matter and causes of action duplicative of the existing action.  Sun cannot imagine just what claims it is that you wish to add, and therefore cannot tell you whether or not they must be joined in the present lawsuit (assuming that you are entitled individually to raise such claims at all, which we believe we are not).  Therefore, please advise what those purportedly new claims would be, so I can respond to them.  Indeed, it is customary, before requesting a party's consent to amendment of claims, to provide a copy of the proposed amendments.

Third, before you commence any threatened new action, it is incumbent upon you to wait until Judge Jenkins has ruled on your pending requests for intervention and substitution. It is wholly inappropriate in such circumstances to commence yet another action after having presented the currently pending motions to Judge Jenkins.  Further, any effort to seek a TRO or other preliminary relief in a second action would be entirely inappropriate, given not only the ruling on the TRO by Judge Zimmerman, but also the fact that you have personally already requested preliminary relief in your now pending motion to intervene in the existing Sun case.  We therefore suggest that you consider the consequences very seriously before filing such inappropriate pleadings--and obtain the advice of qualified counsel before you do so.  Magistrate Judge Chen's ruling should have demonstrated that filing unwarranted motions is a serious matter and has very real consequences.

I realize, of course, that I cannot keep you from filing with the Court whatever it is that you choose to file.  It only costs a few hundred dollars to commence a lawsuit that could cost thousands to defend, and which Sun would seek to recover from you personally thereafter.  I therefore reiterate the importance of your obtaining counsel as to all the consequences before you act.

Sincerely,

Laurence Pulgram

-----Original Message-----

1

```
From: ydx@netbula.com [mailto:ydx@netbula.com]
Sent: Friday, October 26, 2007 11:56 AM
To: Laurence Pulgram
Cc: ydx@netbula.com; brilletlaw@yahoo.com; Jedediah Wakefield; Albert Sieber; Liwen Mah;
yuedongxiao@gmail.com; davideiseman@quinnemanuel.com
Subject: Netbula's motion for substitution of party as to the copyright claim
```

Dear Mr. Pulgram, Mr. Wakefield, Mr. Mah and Mr. Sieber,

I am writing to seek a stipulation regarding Netbula's substitution of party as to the copyright claim filed in the Nebula v. StorageTek case. As the copyright owner of the relevant software and related claims, I am about to assert additional claims against StorageTek. This can be done via an amended complaint in the C06-07391-MJJ case, or I can file a new separate infringement action and move to relate/consolidate the new action to the current action.

For judicial economy, I think it's far efficient for you to stipulate to the substitution of party by replacing Dongxiao Yue as the copyright plaintiff in the C06-07391-MJJ case.

If you do not stipulate to the substitution, I will commence the new action next week.

Kind regards,

Don Yue


-------------------

# EXHIBIT 10

**Jedediah Wakefield**

| | |
|---|---|
| **From:** | ydx@netbula.com |
| **Sent:** | Tuesday, October 30, 2007 11:49 PM |
| **To:** | Laurence Pulgram |
| **Cc:** | ydx@netbula.com; brilletlaw@yahoo.com; stacymonahan@quinnemanuel.com; Jedediah Wakefield; Albert Sieber; Liwen Mah; yuedongxiao@gmail.com; davideiseman@quinnemanuel.com |
| **Subject:** | Re: RE: Netbula's motion for substitution of party as to the copyright claim |

Dear Messrs. Pulgram, Wakefield, Eiseman, Sieber and Mah,

The basic concept of copyright is that it is a personal property, and I am the owner of the property in dispute. I have the right to protect that property.

Anyway, I renew my request to the defense lawyers here, as officers of the court, to tell the whole truth in your representation to the Court -- now that I am involved, I will make sure that the relevant facts are presented to the trier of fact. You should do the same, as you have a duty to the Court. If you do not do it soon, I may have to file an emergency motion for an integrity hearing.

Some of the relevant facts not mentioned in Mr. Wakefield's brief are listed below:



Lisa Rady, the Program Manager for LibAttach wrote in March 2004:

"As you can see, we have exceeded the 1,000 distributions that we had right to with Netbula…. I think it is obvious that engineering has not and did not monitor the distributions on this product."

In response, Mike Melnick wrote:

"The agreement is specific to platform (Win NT and 95/98 platforms) types of Netbula software (PowerRPC SDK). This concerns me greatly as we have already told them we are no longer shipping it with our product."

In June 2005, Holly Wagner wrote:

"The SAP query I ran this morning shows 2,386 models shipped. This number is low due to the fact that the query does not have the capability of pulling the client feature quantities that were released in November of last year."

In response, Mike Melnick wrote:

"The number that Holly has provided and thought it may be low causes quite a problem for you. We have only made 2 purchases for the rights to distribute a total of 2000 licenses."

The above is just a few examples of admissions by StorageTek.

As you know, StorageTek (Mike Melnick) drafted some key parts of the 2000 Agreement (the payment terms). The interpretation of the agreement will be construed against the drafter. It is thus important for you, as officers of the Court, to fully inform the court about such admissions and prior inconsistent statements so the Court can properly rely on your

representations to make a ruling, that will become the law of the United States. You, as officers of the Court, are duty-bound to tell the whole truth to the Court.

As I suggested in my previous emails, you should write a letter to Judge Jenkins to inform the Court about your omission of key facts. Your refusal to do so may be served as evidence that you intentionally concealed the above and other facts from the Court.

Kind regards,

Don Yue


------------------------
"Laurence Pulgram" <LPulgram@Fenwick.com>:
Dear Mr. Yue,

I am responding to you individually, and copying Netbula's counsel, because I understand that you are threatening to file a new action in your individual capacity, in which you are, and intend to remain, unrepresented by counsel. If I am incorrect in these assumptions, I request that you and/or Ms. Brillet advise me.

As promised, this is my response to your request for a stipulation that you be allowed to join as a party plaintiff in the Netbula v. StorageTek action. Sun's position is as follows.

First, we do not believe that you are an appropriate plaintiff to enforce Netbula's copyrights. Our position in this regard will be fully spelled out in our filing on Tuesday opposing your request to be substituted as a plaintiff in the Sun action. (We have cited a couple of cases in the MAR filed on Friday, but that is just to advise the court of the issue, not to argue it in full). To the extent that you are not an appropriate plaintiff in the existing action by Netbula against Sun, you would be equally inappropriate in any new action that you may intend to file as Netbula's assignee.

Second, in the event that the Court disagrees with Sun's position in this regard and concludes that you could be an appropriate plaintiff, in that situation it would be highly inappropriate for you to commence a separate lawsuit about the same subject. You have already attempted to substitute in the Sun action, and to intervene there. Commencing a separate lawsuit would unnecessarily proliferate litigation, at least if the claims that you wish to raise are of a subject matter and causes of action duplicative of the existing action. Sun cannot imagine just what claims it is that you wish to add, and therefore cannot tell you whether or not they must be joined in the present lawsuit (assuming that you are entitled individually to raise such claims at all, which we believe we are not). Therefore, please advise what those purportedly new claims would be, so I can respond to them. Indeed, it is customary, before requesting a party's consent to amendment of claims, to provide a copy of the proposed amendments.

Third, before you commence any threatened new action, it is incumbent upon you to wait until Judge Jenkins has ruled on your pending requests for intervention and substitution. It is wholly inappropriate in such circumstances to commence yet another action after having presented the currently pending motions to Judge Jenkins. Further, any effort to seek a TRO or other preliminary relief in a second action would be entirely inappropriate, given not only the ruling on the TRO by Judge Zimmerman, but also the fact that you have personally already requested preliminary relief in your now pending motion to intervene in the existing Sun case.
We therefore suggest that you consider the consequences very seriously before filing such inappropriate pleadings--and obtain the advice of qualified counsel before you do so. Magistrate Judge Chen's ruling should have demonstrated that filing unwarranted motions is a serious matter and has very real consequences.

I realize, of course, that I cannot keep you from filing with the Court whatever it is that you choose to file. It only costs a few hundred dollars to commence a lawsuit that could cost thousands to defend, and which Sun would seek to recover from you personally thereafter. I therefore reiterate the importance of your obtaining counsel as to all the consequences before you act.

Sincerely,

Laurence Pulgram

-----Original Message-----
From: ydx@netbula.com [mailto:ydx@netbula.com]
Sent: Friday, October 26, 2007 11:56 AM
To: Laurence Pulgram
Cc: ydx@netbula.com; brilletlaw@yahoo.com; Jedediah Wakefield; Albert Sieber; Liwen Mah;
yuedongxiao@gmail.com; davideiseman@quinnemanuel.com
Subject: Netbula's motion for substitution of party as to the copyright claim

Dear Mr. Pulgram, Mr. Wakefield, Mr. Mah and Mr. Sieber,

I am writing to seek a stipulation regarding Netbula's substitution of party as to the
copyright claim filed in the Nebula v. StorageTek case.
As the copyright owner of the relevant software and related claims, I am about to assert
additional claims against StorageTek. This can be done via an amended complaint in the
C06-07391-MJJ case, or I can file a new separate infringement action and move to
relate/consolidate the new action to the current action.

For judicial economy, I think it's far efficient for you to stipulate to the substitution
of party by replacing Dongxiao Yue as the copyright plaintiff in the C06-07391-MJJ case.

If you do not stipulate to the substitution, I will commence the new action next week.

Kind regards,

Don Yue

-------------------
-------------------------------------------
IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS,
we inform you that any U.S. federal tax advice in this communication (including
attachments) is not intended or written by Fenwick & West LLP to be used, and cannot be
used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing, or recommending to another party any transaction or matter addressed
herein.
-------------------------------------------
ATTENTION:
The information contained in this message may be legally privileged and confidential.  It
is intended to be read only by the individual or entity to whom it is addressed or by
their designee. If the reader of this message is not the intended recipient, you are on
notice that any distribution of this message, in any form, is strictly prohibited.

If you have received this message in error, please immediately notify the sender and/or
Fenwick & West LLP by telephone at (650) 988-8500 and delete or destroy any copy of this
message.

-------------------