DONGXIAO YUE
2777 ALVARADO ST., SUITE C
SAN LEANDRO, CA 94577
Telephone:  (510) 396-0012
Facsimile:  (510) 291-2237
E-Mail:  ydx@netbula.com

*Pro Se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONGXIAO YUE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>Storage Technology Corporation, et al.,<br><br>　　　　　Defendants.<br>------------------------------------------------<br>DONGXIAO YUE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>Chordiant Software, Inc., et al., | Case Nos. C07-05850-JW and<br>　　　　　　C08-0019-JW<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' CONSOLIDATED MOTION FOR ADMINISTRATIVE RELIEF FOR LEAVE TO FILE DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTIONS TO DISQUALIFY DEFENSE COUNSEL**<br><br>Dept: 8, 4th Floor<br>Judge: Honorable James Ware |

-1-

Plaintiff, Dongxiao Yue ("Yue") hereby opposes Defendants' administrative motion for leave to file a supplemental brief in opposition to Plaintiff's motion to disqualify Fenwick & West, LLP. Plaintiff's opposition is based on the Declaration of Dongxiao Yue, filed concurrently and the record of the Court. Plaintiff is also filing a motion to compel the depositions of Claude M. Stern et al., who made declarations in support of Defendants' proposed supplemental brief.

## ARGUMENT

### 1. The supplemental brief is not authorized by the rules

The court in *Garrison v. Northeast Georgia Medical Center, Inc.*, 66 F. Supp.2d 1336 (N.D.Ga. 1999) made the following reasoning in a very similar situation:

> [Defendant] Principal moves for leave to file a surreply to plaintiffs' reply in support of the motion to remand because plaintiffs introduced two new arguments in their reply brief. ***No authorization exists in the Federal Rules of Civil Procedure or the local rules*** for the Northern District of Georgia for parties to file surreplies. To allow such surreplies as a regular practice would ***put the court in the position of refereeing an endless volley of briefs***. Moreover, after review of plaintiffs' various briefs, the court finds that plaintiffs have ***merely extended the arguments*** that they originally made in their motion to remand. Accordingly, Principal's motion for leave to file a surreply to plaintiffs' reply is DENIED.

*Id.* at 1339-40 (emphasis added).

"Surreplies are disfavored, and normally will be permitted only upon prior invitation by the court." *Wright Ex Rel. Trust Co. Of Kan. v. Abbott Labs.*, 62 F. Supp.2d 1186, fn.1 (Kan. 1999). The Court has not invited Defendants to file a surreply in this case. In any case, Defendants' supplemental brief lacks legal soundness[1] and will only lead to endless loop of briefing.

---

[1] For instance, Yue stated in his declaration that Ms. Brillet told him that the Pulgram emails violated attorney ethics. Defendants claim that this verbal act and circumstantial evidence offered to prove state of mind is hearsay.

-2-

Case Nos. C07-05850-JW, C08-0019-JW    OPPOSITION TO DEF MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF

### 2. Plaintiff's reply brief merely refuted Defendants' contentions made in their Opposition

Defendants complain that Plaintiff "ambushed" them by raising new arguments and presenting new facts in his reply brief. But Plaintiff merely refuted Defendants' contentions raised in their opposition, often by offering their own statements against them.

For instance, on the issue of whether the *Netbula v. Distinct* case is substantially relevant or related to the instant cases, Defendants asserted in their opposition that it is irrelevant. Plaintiff then offered Mr. Wakefield's own words which stated that the *Distinct* case is highly relevant. Fenwick attorneys previously made binding judicial admissions on this relatedness question, including the declarations of Albert Sieber. See, e.g., C06-0711-MJJ, Docket 113-1, Siber Decl. at ¶7. Tellingly, in the proposed supplemental brief, Fenwick attorneys made no effort to argue against their own words, but attempt to introduce large number of documents not found in the record of the instant cases or the *Netbula v. Symantec* case.

On the issue of whether Vonnah M. Brillet authorized Laurence Pulgram to communicate with Yue on the Netbula case, Fenwick attorneys alleged in their opposition that Ms. Brillet made such authorization or encouragement in a telephone conference. Plaintiff refuted this allegation with the declarations of Mr. Wakefield and Ms. Brillet.

The list can go on. Without exception, Plaintiff simply refuted or impeached Defendants' contentions in their opposition brief.

### 3. Defendants' proposed supplemental brief is untimely and prejudicial

-3-

Case Nos. C07-05850-JW, C08-0019-JW     OPPOSITION TO DEF MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF

Defendants could have raised the arguments and contentions in their opposition to Plaintiff's motion to disqualify. Instead, they made conclusory allegations of "screening[2]" and "extreme prejudice" without any factual support. These issues are waived due to Defendants' failure to present them in a timely manner.

Back in April 2008, Defendants stated that they planned to file a supplemental brief. Plaintiff asked Defendants to provide a copy of that brief for review sooner. Over one month passed, Defendants did nothing. On June 2, 2008, 20 some days before the scheduled hearing, Defendants sent Plaintiff their proposed brief only – without the exhibits and declarations. Plaintiff then asked for the supporting declarations and exhibits. Defendants ignored Plaintiff's request, but rushed to file this administrative motion for leave to file the supplemental brief. Yet, they tell the Court that Plaintiff had refused to stipulate to the filing of it. Such conduct is designed to reduce the time that Plaintiff can respond and is prejudicial.

**4. The four declarations are mostly hearsay and Defendants' refusal to be deposed renders the declarations of no weight**

To support their "screening" and "extreme prejudice" theories, Defendants now submit four declarations, laden with vague and ambiguous allegations, such as the allegations regarding the destruction of Claude Stern files, hearsay statements by Mr. Stern's secretary, etc. Plaintiff has reasons to believe that these allegations are false or misleading. Accordingly, on June 4, 2008, Plaintiff requested to cross-examine the four declarants by under-oath deposition to ascertain the

---

[2] Defendants now rely on *Goldberg v. Warner/Chappell Music, Inc.*, 125 Cal.App.4th 752 (2005) for the argument that the presumption of shared confidences can be rebutted. But *Goldberg* deals with a situation where only an "informal and brief" meeting occurred with no files opened or documents created. If the Court concludes that these facts do not distinguish the instant cases from *Goldberg*, Plaintiff is entitled to discovery on Defendants' allegations of "screening."

-4-

Case Nos. C07-05850-JW, C08-0019-JW   OPPOSITION TO DEF MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF

truth. On June 6, 2008, Defendants simply said "no" after pondering about their decision for two days.

The refusal by Claude M. Stern and the other three declarants to have deposition taken indicates the inherent untrustworthiness of their declarations. Accordingly, these declarations are entitled to no weight.

If the Court permits their supplemental brief to be filed, Plaintiff requests a Court Order to permit Plaintiff to take the depositions of Claude M. Stern and other declarants.

## CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court deny Defendants' motion for leave to file the supplemental brief. In the alternative, Plaintiff requests that the Court grant Plaintiff's motion to take the deposition of Claude M. Stern, et al.

Respectfully submitted,

Dated: June 6, 2008

DONGXIAO YUE (*Pro Se*)

-5-

Case Nos. C07-05850-JW, C08-0019-JW    OPPOSITION TO DEF MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF