| | |
|---|---|
| 1 | LAURENCE F. PULGRAM (CSB NO. 115163) |
| | *lpulgram@fenwick.com* |
| 2 | JEDEDIAH WAKEFIELD (CSB NO. 178058) |
| | *jwakefield@fenwick.com* |
| 3 | LIWEN A. MAH (CSB NO. 239033) |
| | *lmah@fenwick.com* |
| 4 | FENWICK & WEST LLP |
| | 555 California Street, Suite 1200 |
| 5 | San Francisco, CA 94104 |
| | Telephone: (415) 875-2300 |
| 6 | Facsimile: (415) 281-1350 |
| 7 | Attorneys for Named Defendants |
| | SUN MICROSYSTEMS, INC., |
| 8 | MICHAEL MELNICK, JULIE DECECCO, |
| | MICHAEL P. ABRAMOVITZ, LISA K. RADY, |
| 9 | JONATHAN SCHWARTZ, CHORDIANT |
| | SOFTWARE, INC., DEREK P. WITTE, |
| 10 | STEVEN R. SPRINGSTEEL, and OLIVER WILSON |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DONGXIAO YUE,<br><br>Plaintiff,<br>v.<br><br>STORAGE TECHNOLOGY CORPORATION, a Delaware corporation; SUN MICROSYSTEMS, INC., a Delaware corporation; MICHAEL MELNICK, an individual; JULIE DECECCO, an individual; MICHAEL P. ABRAMOVITZ, an individual; LISA K. RADY, an individual; JONATHAN SCHWARTZ, an individual; and DOES 1-1000, inclusive,<br><br>Defendants. | Case No. C-07-05850-JW and<br>Case No. C-08-00019-JW<br><br>**DECLARATION OF CLAUDE M. STERN IN OPPOSITION TO MOTION TO DISQUALIFY DEFENSE COUNSEL**<br><br>Date: June 30, 2008<br>Time: 9:00 a.m.<br>Courtroom: 8, 4th Floor<br>Judge: Honorable James Ware |
| DONGXIAO YUE,<br><br>Plaintiff,<br>v.<br><br>CHORDIANT SOFTWARE, INC., a Delaware corporation; DEREK P. WITTE, an individual; STEVEN R. SPRINGSTEEL, an individual; and OLIVER WILSON, an individual,<br><br>Defendants. | |

1. I Claude M. Stern, declare as follows:

2. I am an attorney licensed to practice law in the State of California and before this Court. I am a partner in the firm of Quinn Emanuel Urquhart Oliver & Hedges, LLP and have held this position since June 16, 2003. Prior to that date, and since approximately May of 1994, I was a partner at Fenwick & West LLP.

3. I have personal knowledge of the facts set forth in this declaration, and if called to do so, I could and would testify competently to the same.

4. I have served as an evaluator under the Northern District of California's Early Neutral Evaluation ("ENE") Program in a variety of matters. If I recall correctly, in 2002, I conducted an ENE in the case of *Netbula v. Distinct*, Case No. C-02-1253-JL. At the time, I was a partner at Fenwick & West LLP. No other Fenwick attorneys participated in that ENE. As I recall, the Northern District's ADR Local Rules in effect in 2002 imposed confidentiality on all participants in ENE proceedings, including evaluators.

5. In accordance with the Court's ADR Local Rules, and consistent with my own practice, I do not recall disclosing anything that happened or was said, any position taken, or any view of the merits of the case formed by any participant in connection with any ENE session, other than to the parties participating in the ENE or their counsel. As far as I can recall, I did not discuss or disclose any confidential information concerning the *Netbula v. Distinct* case to anyone at Fenwick, or any other law firm (including my current firm), either during the ENE or at any time since then, and it would not have been my practice to make any such disclosure to persons outside of the ENE proceedings.

6. I left Fenwick in June 2003 to join Quinn Emanuel. When I left Fenwick & West, I had transferred with me numerous case and personal files. I elected at that time to destroy certain personal or non-client files that were either obsolete or otherwise complete. I have asked my secretary Sandra Nichols to conduct a search of the file database reflecting what files I brought with me from Fenwick & West to Quinn Emanuel. I have been informed by Sandra and believe that we have no file at Quinn Emanuel relating to the *Netbula v. Distinct* ENE. Based on this information, I have concluded that I destroyed the *Netbula v. Distinct* file either before I left

1 | Fenwick & West or shortly thereafter. Since I was the sole neutral in the *Netbula v. Distinct*
2 | matter, it would not have been my practice to leave that file at Fenwick & West upon my
3 | departure from that firm.

4 |     7.     Other than discussing substance of this declaration with Tyler Baker, general
5 | counsel at Fenwick & West LLP, I have not had any communications with anyone at Fenwick
6 | concerning the ENE in the *Netbula v. Distinct* case.

7 |     I declare under penalty of perjury under the laws of the United States that the foregoing is
8 | true and correct.

10 | Dated: June 3, 2008

12 | _____
    Claude M. Stern

25689/00405/LIT/1285973.2