DONGXIAO YUE
2777 ALVARADO ST., SUITE C
SAN LEANDRO, CA 94577
Telephone:    (510) 396-0012
Facsimile:    (510) 291-2237
E-Mail:    ydx@netbula.com

*Pro Se*

FILED

2008 JUL -2 P 3: 02

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONGXIAO YUE,<br><br>   Plaintiff,<br><br>v.<br><br>Storage Technology Corporation, et al.,<br><br>   Defendants.<br>------------------------------------------------<br>DONGXIAO YUE,<br><br>   Plaintiff,<br><br>v.<br><br>Chordiant Software, Inc., et al., | Case Nos. C07-05850-JW and<br>C08-0019-JW<br><br>**LETTER TO THE JUDGE**<br>**Regarding Defendants' Letter Brief**<br>**Dated June 30, 2008 On the Deposition**<br>**That Deponent Claude M. Stern Had**<br>**Agreed To**<br><br>Judge: The Honorable James Ware |

One (1) Page Letter to the Judge Attached

---

Case Nos. C07-05850-JW, C08-0019-JW      PLAINTIFF'S LETTER TO THE JUDGE
REGARDING THE DEPOSITION OF MR. STERN

July 2, 2008

The Honorable James Ware
U.S. District Court of the Northern District of California
280 South 1st Street
San Jose, CA 95113

    Re: The Deposition of Claude M. Stern (Cases C07-05850-JW & C08-0019-JW)

Dear Judge Ware,

    After I emailed Defense Counsel to arrange a deposition that Mr. Claude M. Stern had agreed to, Defendants filed a letter brief to object to that deposition. I am writing this letter to Your Honor to provide some more information.

    In a prior case involving trademark and copyright disputes on PowerRPC and JavaRPC, Mr. Claude M. Stern served as the Early Neutral Evaluator. I moved to disqualify Defense Counsel Fenwick & West on the ground that the firm presumably shared the confidences Mr. Stern obtained from the ENE, which was held at Fenwick's office. The prior case is closely related to the instant cases. Please see the Request for Judicial Notice (Doc. No. 122, C07-05850-JW).

    A litigant would be *"horrified"* to find that a mediator is now opposing him in related matters. *In re County of Los Angeles*, 223 F.3d 990, 994 (9th Cir. 2000). "[A] judge who participates in a mediation or presides over settlement negotiations gains access to confidential client information, just as if he were a lawyer for one of the parties." *Id.* Mr. Stern's role in the ENE was much like former Magistrate Judge Reichmann's role in the *In re County of Los Angeles* case.

    On Friday, June 28, 2008, Mr. Stern telephoned me and told me that he was willing to have his deposition taken regarding the confidential ENE in the *Netbula v. Distinct* case. Mr. Stern also said that the deposition should be taken at his Palo Alto office, as he left Fenwick & West a few years ago. I readily agreed to the proposed location of the deposition. Mr. Stern then gave me some tentative dates and told me to contact Defense Counsel to arrange a time for his deposition.

    The deposition of Mr. Stern is permitted under FRCP 43(c). Mr. Stern, a non-party, has agreed to have to have his deposition taken. In the emails attached to Defendants' letter brief, I informed Defendants that they have no standing to object to the deposition of the non-party.

                                            Sincerely,

                                            Dongxiao Yue

cc: Defense Counsel (via email and U.S. mail)