DONGXIAO YUE
2777 ALVARADO ST., SUITE C
SAN LEANDRO, CA 94577
Telephone:   (510) 396-0012
Facsimile:   (510) 291-2237
E-Mail:      ydx@netbula.com

*Pro Se*

**FILED**
AUG 5 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONGXIAO YUE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Storage Technology Corporation, et al.,<br><br>　　　　Defendants.<br>--------------------------------------------------<br>DONGXIAO YUE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Chordiant Software, Inc., et al.,<br><br>　　　　Defendants. | Case Nos. C07-05850-JW and<br>　　　　　　C08-0019-JW (Related Case)<br><br>**PLAINTIFF'S CONSOLIDATED MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF THE ORDER DENYING DISQUALIFICATION OF DEFENSE COUNSEL**<br><br>Dept: 8, 4th Floor<br>Judge: Honorable James Ware |

-1-

Case Nos. C07-05850-JW, C08-0019-JW         PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff Dongxiao Yue ("Yue"), pursuant to Civil Local Rule 7-9, hereby does move for leave to file a Motion for Reconsideration on the Court's July 24, 2008 Order denying the motion to disqualify Fenwick & West, LLP ("Fenwick") from the *Yue v. Sun* (Case No. C07-05850-JW) and *Yue v. CSI* (Case No. C08-0019-JW) cases. Plaintiff's Motion is based on this Notice of Motion and Motion and the record of the Court, and upon such other matters as may be presented to the Court.

## STATEMENT OF ISSUES

**Issue 1**: Did the Court overlook the fact that Yue always owned the copyrights in the PowerRPC code written before Netbula was founded?

**Issue 2**: Since Claude Stern is not a current opposing counsel and his allegation on the destruction of the *Netbula-Distinct* ENE files was solely based on the information provided by his secretary, is Yue entitled to conduct discovery on the whereabouts of the *Netbula-Distinct* ENE files?

**Issue 3**: Did the confidentiality requirement in ADR local rules operate as an ethical barrier between Stern and Fenwick while Stern was at Fenwick?

**Issue 4**: Does Stern's departure from Fenwick conclusively prove that the *Netbula-Distinct* ENE files were not shared within Fenwick?

**Issue 5**: Did Defense Counsel communicate with Yue on *Netbula v. Sun* matters that were represented by counsel?

## BACKGROUND[1]

---

[1] The facts alleged here are taken from the declarations of Yue made on March 26, 2008 (C07-05850-JW, Docket No. 65), April 17, 2008 (C07-05850-JW, Docket No. 85) and June 26, 2008 (C07-05850-JW, Docket No. 124).

From 1999 to 2003, Netbula and its competitor Distinct Corporation had trademark and copyright disputes involving PowerRPC and JavaRPC. Netbula sued Distinct in 2002. Later that year, an early neutral evaluation was held at the office of Fenwick & West, LLP. Yue provided confidential information to a Fenwick attorney – Claude M. Stern. Mr. Stern's secretary at Fenwick was also involved in the ENE process.

In 2003, Netbula and Distinct settled all of their copyright and trademark disputes, and signed a court sanctioned agreement not to publicize their disputes in any way.

In the course of the related *Netbula v. Symantec* case, Fenwick attorneys filed multiple papers regarding the *Netbula-Distinct* dispute, they showed unexplained level of knowledge about that dispute, *including possession of Netbula-Distinct documents that even Plaintiff has not seen before.*

## RELEVANT PROCEDURAL HISTORY

Plaintiff moved to disqualify Fenwick & West, LLP based on the following grounds:

(1) The *Netbula v. Distinct* ENE files and information were presumably shared or accessed by other Fenwick attorneys or employees;

(2) Defense Counsel communicated directly with Yue on the *Netbula-Sun* (C06-07391-JW) matter while it was represented by attorney Vonnah M. Brillet.

After Plaintiff filed his reply brief on the motion to disqualify Defense Counsel, Defense Counsel filed a surreply, supported by the declaration of Claude M. Stern and the declarations of three Fenwick attorneys.

Plaintiff sought to depose Mr. Stern and the three Fenwick attorneys about their declarations. Mr. Stern was not involved in any of the instant cases. Fenwick & West filed an objection.

On June 24, 2008, the Court issued an order that stated that Plaintiff may not take depositions

-3-

of "current opposing counsel."

On June 27, 2008, Mr. Stern telephoned Yue and stated that *he left Fenwick years ago* and he was willing to have his deposition taken at his office. On June 30, 2008, at the hearing of the disqualification motion, Judge Ware instructed Yue to provide further proof that Mr. Stern received confidential information in the *Netbula v. Distinct* ENE.

Immediately after the hearing, Yue attempted to arrange the Stern deposition with Fenwick attorneys.

Fenwick attorneys again objected to the deposition of Mr. Stern by sending a letter to Judge Ware.

On July 24, 2008, the Court denied Plaintiff's motion to disqualify Fenwick & West and ordered that Plaintiff may not depose Mr. Stern.

## THE COURT'S ANALYSIS

The Court made the following findings and conclusions on the issue of whether the instant cases are substantially factually related:

> Netbula, Dr. Yue's company, sued Distinct Corp. for trademark infringement. (Disqualify Motion at 3.) In this case, Dr. Yue sues Defendants for copyright infringement. (See Complaint.) While both suits involve issues related to PowerRPC, the plaintiffs and defendants in each are different. Dr. Yue may be in privity with Netbula, but he is not alleged to have owned Netbula's copyrights until September 26, 2007– five years after the Distinct Case was filed. (Complaint ¶ 13.)

The Court made the following findings on the issue of whether there was a risk of a breach of confidence to other Fenwick attorneys stemming from the *Netbula-Distinct* ENE:

> Stern's role as an early neutral evaluator in Netbula, LLC v. Distinct Corp. required him to treat all information from the ENE as confidential and not use the information "for any purpose . . . in any pending or future proceeding in this court." ADR Local R. 5-12(a). Moreover, Stern left

-4-

Fenwick in June 2003–seven months after the ENE–and testified that any documents from the ENE have been destroyed. (Deposition of Claude Stern ¶ 6, Docket Item No. 57.) Stern's departure and disposal of documents operate as an ethical barrier between Stern and Fenwick, which has been in place since 2003.

## ARGUMENT

Plaintiff believes that the Court's order overlooked the following issues that may be dispositive for the disqualification motion.

**Issue 1: Did the Court overlook the fact that Yue always owned the copyrights in the PowerRPC code written before Netbula was founded?**

The *Netbula v. Distinct* dispute involved copyright and trademark issues about PowerRPC. See, Request for Judicial Notice ("RFJN") (C07-05850-JW, Docket No. 122).

The Court's ruling states that "[Plaintiff] is not alleged to have owned Netbula's copyrights until September 26, 2007–five years after the Distinct Case was filed."

However, in the complaints of both the *Yue v. Sun* and *Yue v. CSI* cases, Yue did allege that he developed the PowerRPC since 1994 – two years before Netbula was founded, and he always owned the copyrights in the pre-Netbula PowerRPC work. First Amended Complaint of the *Yue-Sun* case, ¶¶13, 15. On July 21, 2008, Yue received a copyright certificate (Registration No. TXu 1-576-987) for this work. The confidential information Yue disclosed in the *Netbula v. Distinct* ENE can be used against Yue in the instant cases[2]. See, Yue's June 26, 2008 Declaration (C07-05850-JW, Docket No. 124) ("Yue June 26 Decl.") about the information provided to Claude M. Stern.

---

[2] In addition, Defendants insisted that Netbula must be a party in the *Yue v. CSI* case and the Court agreed.

**Issue 2: Since Claude Stern is not a current opposing counsel and his allegation on the destruction of the *Netbula-Distinct* ENE files was solely based on the information provided by his secretary, is Yue entitled to conduct discovery on the ENE files?**

Mr. Stern made the following statement regarding the *Netbula-Distinct* ENE files:

> I left Fenwick in June 2003 to join Quinn Emanuel... I have asked my secretary Sandra Nichols to conduct a search of the file database reflecting what filed I brought with me from Fenwick & West to Quinn Emanuel. *I have been informed by Sandra* and believe that we have no file at Quinn Emanuel relating to the Netbula v. Distinct ENE. *Based on this information*, I have concluded that I destroyed the Netbula v. Distinct file either before I left Fenwick & West or shortly thereafter. Since I was the sole neutral in the Netbula v. Distinct matter, it would not have been my practice to leave that file at Fenwick & West upon my departure from that firm.

Declaration of Claude Stern ¶ 6, C07-0585-JW Docket Item No. 119 ("Stern Decl.") (emphasis added).

The problem with Mr. Stern's declaration is multi-folded. First, the alleged report by Sandra Nichols was inadmissible hearsay or even double hearsay; such unreliable statements can't be used to prove the truth of the matter asserted. Second, Mr. Stern's assertion that he destroyed the ENE files was an inference based on the inadmissible statement of Sandra Nichols. Third, Mr. Stern's inference was flawed because it overlooked other possibilities. For instance, he may have left copies of the *Netbula-Distinct* ENE files at Fenwick.

Mr. Stern stated that he did not communicate with anyone at Fenwick about the *Netbula-Distinct* ENE except with Tyler Baker in preparation of his declaration. Stern Decl., ¶ 7. However, Yue pointed out that Mr. Stern's secretary was involved in the ENE work. Yue also showed a September 2002 letter with Fenwick & West letterhead, in which Mr. Stern discussed the *Netbula-Distinct* ENE and the involvement of his secretary at Fenwick. Yue June 26 Decl., ¶¶ 10-16.

-6-

Case Nos. C07-05850-JW, C08-0019-JW    PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

Mr. Stern is not a current opposing counsel. The disqualification issue is about maintaining the appearance of justice. Yue is entitled to conduct discovery on the *Netbula-Distinct* ENE files.

**Issue 3: Did the confidentiality requirement in ADR local rules operate as an ethical barrier between Stern and Fenwick while Stern was at Fenwick?**

The ADR local rules impose confidentiality requirements on Early Neutral Evaluation and Mediation. The question is whether the confidentiality rule itself operated as an ethical wall between Stern and others at Fenwick.

*Poly Software Intern., Inc. v. Su*, 880 F. Supp. 1487 (Utah 1995) deals with a similar situation where an attorney of a law firm served as the mediator in the ADR process of the prior case. The court disqualified the attorney and the entire law firm, even though the mediation was supposed to be confidential.

The disqualification motion is based on the risk of breach of confidence, not an actual breach. The ENE rules did not require Mr. Stern to setup a strict ethical wall to safeguard the ENE files from access by others at Fenwick. The fact that Mr. Stern cannot personally account for the *Netbula-Distinct* ENE files shows that he did not maintain strict protection of those files.

**Issue 4: Does Stern's departure from Fenwick conclusively prove that the ENE files were not shared within Fenwick?**

None of the declarations by Mr. Stern and others can rule out the following possibilities:

1) The *Netbula-Distinct* ENE files were accessed by others at Fenwick while Mr. Stern was at Fenwick.

2) The *Netbula-Distinct* ENE files or copies of them were left at Fenwick when Mr. Stern left Fenwick.

-7-

Case Nos. C07-05850-JW, C08-0019-JW     PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

For 1), since Fenwick and Mr. Stern made no allegation that an ethical wall was erected to protect the ENE files while Mr. Stern was at Fenwick. The sharing of the ENE files is presumed.

For 2), Mr. Stern's declaration shows that it is possible that he left the ENE files or copies of such files when he departed Fenwick[3]. This would explain why Fenwick possesses so many documents regarding the *Netbula v. Distinct* dispute --- even Yue does not have those documents.

**Issue 5: Did Defense Counsel communicate with Yue on *Netbula v. Sun* matters that were represented by counsel?**

Netbula's former counsel Vonnah M. Brillet and Yue submitted declarations showing that defense counsel sent numerous emails to Yue. For instance, in Ms. Brillet's declaration, she included a message sent by Mr. Pulgram to Yue regarding a confidentiality agreement between Netbula and Sun. The Court order may have overlooked these communications.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to file a motion for reconsideration on the issue of disqualification of defense counsel.

Respectfully submitted,

Dated: August 5, 2008

_____
DONGXIAO YUE (*Pro Se*)

---

[3] Another factor is that Mr. Jed Wakefield used to work with Mr. Stern on intellectual property cases.

-8-

Case Nos. C08-0019-JW, C07-05850-JW (N.D. Cal)

Dongxiao Yue v. Chordiant Software, Inc., et al.
Dongxiao Yue v. Storage Technology Corp., et al.

### CERTIFICATE OF SERVICE

I, Dongxiao Yue, with address at 2777 Alvarado Street, Suite C, San Leandro, CA 94577, declare:

On August 5, 2008, I caused a copy of the following documents described as:

1) **PLAINTIFF'S CONSOLIDATED MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF THE ORDER DENYING DISQUALIFICATION OF DEFENSE COUNSEL**

to be served on all interested parties in said cause, by delivering a true copy as follows:

____ **(By Mail)**   By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Leandro, California addressed as set forth below.

X   **(By E-Mail)**   By emailing the document(s) listed above in PDF format to the attorneys listed below pursuant to an agreement to service by email:

"Laurence Pulgram" <LPulgram@Fenwick.com>, "Jedediah Wakefield" <JWakefield@Fenwick.com>, "Liwen Mah" <LMah@fenwick.com>

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on August 5, 2008, at San Leandro, California.

Dongxiao Yue