IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Dongxiao Yue,<br><br>        Plaintiff,<br>   v.<br><br>Storage Technology Corp., et al.,<br><br>        Defendants.<br>_____<br><br>Dongxiao Yue,<br><br>        Plaintiff,<br>   v.<br><br>Chordiant Software, Inc., et al.,<br><br>        Defendants.<br>_____/ | NO. C 07-05850 JW<br>NO. C 08-00019 JW<br><br>**ORDER DENYING PLAINTIFF'S CONSOLIDATED MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |

Dr. Dongxiao Yue ("Plaintiff" of "Dr. Yue"), in *pro per*, brings these actions, alleging infringement of certain software copyrights.

In each of the above captioned actions, Plaintiff brought a motion to disqualify defense counsel on the ground that a former member of counsel's firm had served a mediator, as part of the Court's ADR Program, in a dispute between Plaintiff and another entity in 2002. On July 24, 2008,

the Court denied Plaintiff's motion to disqualify defense counsel.[1] Presently before the Court is Plaintiff's Consolidated Motion for Leave to File Motion for Reconsideration.[2]

Before a party may file a motion for reconsideration, the party must first obtain leave of the court. Civ. L.R. 7-9(a). In the party's motion for leave to file a motion for reconsideration, the moving party must specifically show the following:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b). However, a motion for leave to file a motion for reconsideration may not repeat any oral or written argument previously made with respect to the interlocutory order that the party now seeks to have reconsidered. Civ. L.R. 7-9(c).

Plaintiff moves for reconsideration on the grounds that the Court failed to consider (1) the fact that Plaintiff always owned the copyrights and trademarks at issue, (2) whether Plaintiff is entitled to discovery regarding mediation files, (3) whether the confidentiality requirements of the ADR Local Rules operated as an ethical barrier, (4) whether the former mediator's departure from defense counsel's firm conclusive proves that the mediation files were destroyed. (Motion at 3-7.)

Each of these arguments were raised in Plaintiff's original motion and were considered by the Court in its July 24, 2008 Order. Specifically, the Court found that the mediator left defense counsel's firm in 2003, seven months after the mediation and four years before Plaintiff filed this

---

[1] (Order Denying Plaintiff's Motion for Relief from Judgment; Denying Plaintiff's Motion to Disqualify, hereafter, "July 24, 2008 Order," NO. C 07-05850 JW, Docket Item No. 137, NO. C 08-00019 JW, Docket Item No. 76.)

[2] (hereafter, "Motion," NO. C 07-05850 JW, Docket Item No. 143, NO. C 08-00019 JW, Docket Item No. 80.)

2

case; the mediator has testified that he destroyed any documents relating to the mediation when he left or shortly thereafter. (July 24, 2008 Order at 4.) The Court found that the mediator's departure and the destruction of the documents has served as an ethical barrier between the mediator and defense counsel's firm. (Id.)

Plaintiff has failed to articulate any proper grounds upon which the Court could grant leave. Accordingly, the Court DENIES Plaintiff's Motion for Leave to File Motion for Reconsideration.

Dated:  August 15, 2008

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Jedediah Wakefield jwakefield@fenwick.com
Laurence F. Pulgram lpulgram@fenwick.com
Liwen Arius Mah lmah@fenwick.com

Dongxiao Yue
2777 Alvarado Street
Suite C
San Leandro, CA 94577

**Dated: August 15, 2008**   **Richard W. Wieking, Clerk**

**By:  /s/ JW Chambers**
         **Elizabeth Garcia**
         **Courtroom Deputy**