IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Netbula, LLC, et al., | NO. C 08-00019 JW |
|         Plaintiffs, | **ORDER GRANTING DEFENDANTS SPRINGSTEEL AND WITTE'S MOTION TO DISMISS WITH LEAVE TO AMEND** |
|   v. | |
| Chordiant Software, Inc., et al., | |
|         Defendants. | |

## I. INTRODUCTION

Dongxiao Yue and Netbula, LLC (collectively, "Plaintiffs") bring this action against Chordiant Software, Inc. ("Chordiant"), Steven R. Springsteel ("Springsteel"), and Derek P. Witte ("Witte"), (collectively, "Defendants") alleging copyright infringement and vicarious copyright infringement. Plaintiffs allege that Defendants infringed Plaintiffs' copyrights by reproducing copyrighted computer programs and incorporating that material into unauthorized derivative works.

Presently before the Court is Defendants Springsteel and Witte's Motion to Dismiss. (hereafter, "Motion," Docket Item No. 95.) The Court found it appropriate to take the matter under submission without oral argument. See Civ. L.R. 7-1(b). Based on the papers submitted to date, the Court GRANTS Defendants' Motion to Dismiss with leave to amend.

## II. BACKGROUND

In a Second Amended Complaint filed on October 23, 2008, Plaintiffs allege as follows:

Plaintiff Yue is the owner of several registered software copyrights.[1] (Plaintiffs' Second Amended Complaint ¶¶ 12, 13, 15, hereafter, "SAC," Docket Item No. 91.) Defendants have reproduced and continue to reproduce Yue's copyrighted material into unauthorized derivative works, by causing the unauthorized distribution of that material in Chordiant's computer hardware and software, including the "Chordiant Marketing Director" software ("CMD"), and by licensing the CMD source code to third parties, which contains Plaintiffs' copyrighted material. (Id. ¶ 27.) In addition, Defendants allow their customers to put the infringing CMD software on a web server, providing for unrestricted download and installation by others, and allow customers to copy and install the CMD software from a CD-ROM. (Id. ¶ 29.) Chordiant has received substantial revenue from selling its CMD products and CMD-related products and services. (Id. ¶ 36.)

As to Springsteel and Witte, each has a compensation package under which they personally profit from Chordiant's profits. (Id. ¶ 39.) Springsteel also personally owns shares of stock in Chordiant. (Id.) As CEO of Chordiant, Springsteel has the right and ability to supervise Chordiant's infringing activities. (Id. ¶ 40.) As Vice President and General Counsel, Witte also has the right and ability to supervise the infringing activity by giving advice to other Chordiant officers and employees and directing others as their superior officer. (Id.)

On the basis of the allegations outlined above, Plaintiffs allege two causes of action: (1) copyright infringement against Chordiant; and (2) vicarious copyright infringement against Springsteel and Witte.

Presently before the Court is Defendants Springsteel and Witte's Motion to Dismiss.

---

[1] "Netbula PowerRPC," copyright registration number TX 6-211-063, issued October 18, 2005; Netbula PowerRPC 2K4, copyright registration number TX-6-491-697, issued December 15, 2006; YUE PWRPC, copyright registration number TXu-1-576-987, issued November 27, 2007.

### III. STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief may be granted against that defendant. Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533- 534 (9th Cir. 1984). For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). Any existing ambiguities must be resolved in favor of the pleading. Walling v. Beverly Enters., 476 F.2d 393, 396 (9th Cir. 1973).

However, mere conclusions couched in factual allegations are not sufficient to state a cause of action. Papasan v. Allain, 478 U.S. 265, 286 (1986); see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988). The complaint must plead "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). Courts may dismiss a case without leave to amend if the plaintiff is unable to cure the defect by amendment. Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

### IV. DISCUSSION

Defendants Springsteel and Witte move to dismiss on the ground that Plaintiffs have failed to state a claim for vicarious copyright infringement. (Motion at 6-7.)

To state a claim for vicarious copyright infringement, a plaintiff must sufficiently allege that a defendant has (1) the right and ability to supervise the infringing conduct and (2) a direct financial interest in the infringing activity. Perfect 10, Inc. v. Visa Int'l Serv. Ass'n, 494 F.3d 788, 802 (9th Cir. 2007). Knowledge of the infringing activity is not a requirement of vicarious liability. Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 931 n.9 (2005).

Individual officers of a corporation can be liable for vicarious copyright liability if their actions meet the two-prong vicarious liability test. Southern Bell Tel. and Tel. Co. v. Associated

1 Tel. Directory, 756 F.2d 801, 811 (11th Cir. 1985); Home Design Services, Inc. v. Park Square
2 Enterprises, Inc., No. 02 C 637, 2005 WL 1027370, at *4 (M.D. Fla. May 2, 2005).  At the pleading
3 stage, however, bare allegations that an individual was a corporate officer or member of a
4 company's board of directors are insufficient.  Seals v. Compendia Media Group, No. 02 C 0920,
5 2003 WL 731369, at *7 (N.D. Ill. Feb. 27, 2003).

**A.     Direct Financial Interest in the Infringing Activity**

Defendants contend that Plaintiffs have failed to adequately allege that Springsteel and Witte had a direct financial interest in the infringing activity.  (Motion at 2.)

The essential aspect of the direct financial benefit inquiry is whether there is "a causal relationship between the infringing activity and any financial benefit a defendant reaps," irrespective of the magnitude of the benefit.  Ellison v. Robertson, 357 F.3d 1072, 1079 (9th Cir. 2004).  There must be an *obvious and direct* financial interest in the exploitation of copyrighted materials.  Adobe Sys. Inc. v. Canus Prod., Inc., 173 F. Supp. 2d 1044, 1052 (C.D. Cal. 2001).  The mere fact that a defendant is an officer and shareholder of an infringing corporation is "too attenuated" to show a "'direct' financial interest in the exploitation of copyrighted materials."  Softel, Inc. v. Dragon Medical and Scientific Communications, Inc., 118 F.3d 955, 971 (2d Cir. 1997) (quoting Shapiro, Bernstein & Co. v. H.L. Green Co., 316 F.2d 304, 308 (2d Cir. 1963)).

Similarly, a shareholder who receives compensation from an infringing corporation that is unrelated to infringing activity has a financial interest that is "too far removed from the alleged infringement to be considered a 'direct' financial interest."  UMG Records, Inc. v. Veoh Networks Inc., No. 07 C 5744, 2009 WL 334022, at *6 (C.D. Cal. Feb. 2, 2009); Societe Civile Succession Richard Guino v. Int'l Foundation for Anticancer Drug Discovery, No. 06 C 01540, 2006 U.S. Dist. LEXIS 80768, at *19 (D. Ariz. Nov. 3, 2006).  However, where a defendant is a high ranking executive with majority ownership, or receives payments directly related to the infringing activity, he can be held vicariously liable.  See Thoroughbred Software Int'l v. Dice Corp., 439 F. Supp. 2d

4

758, 769 (E.D. Mich. 2006); Symantec Corp. v CD Micro, Inc., 286 F. Supp. 2d 1265, 1275 (D. Or. 2003); Playboy Enters. v. Starware Publ'g Corp., 900 F. Supp. 438, 441 (S.D. Fla. 1995).

In this case, with respect to the individual Defendants, Plaintiffs allege:

> Springsteel personally owns shares of stock in Chordiant. Based on prevailing compensation practices in software companies, . . . Springsteel, as the CEO, and Witte, Vice President and General Counsel of Chordiant, both have compensation packages pursuant to which they personally profit in some way from Chordiant's "profits," meaning its revenues less the cost of generating those revenues.

(SAC ¶ 39.) Plaintiffs do not allege that Springsteel is a majority shareholder of Chordiant, nor do they allege that Witte owns any Chordiant shares. Plaintiffs simply allege that Springsteel and Witte have compensation packages under which they personally profit "in some way" from Chordiant's profits. Such allegations only show that Springsteel and Witte's compensation is a function of Chordiant's performance. Plaintiffs do not allege a direct relationship between their compensation and Chordiant's acts of primary infringement. Thus, Plaintiffs have failed to adequately plead that Springsteel and Witte have a *direct* financial interest that is causally related to Chordiant's alleged infringement.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss. As discussed below in Section IV.C, Plaintiffs' Second Cause of Action is dismissed without prejudice. Thus, the Court addresses Plaintiffs' allegations concerning Springsteel and Witte's right and ability to supervise the underlying infringement to provide guidance should Plaintiffs choose to amend their Complaint.

**B.     Right and Ability to Supervise**

Defendants also contend that Plaintiffs have failed to adequately allege that Springsteel and Witte had the right and ability to supervise the alleged infringement. (Motion at 5, 7.)

Vicarious copyright liability–even of corporate officers–does not require knowledge that the conduct is infringing. See MGM Studios, Inc., 545 U.S. at 930 n.9; Novell, Inc. v. Unicom Sales, Inc., No. 03 C 2785, 2004 WL 1839117, at *17 (N.D. Cal. Aug.17, 2004). Corporate officers, shareholders and employees have the right and ability to supervise a corporation's infringing activities when they are "a moving active conscious force behind the corporation's infringement."

5

1 Novell, 2004 WL 1839117, at *17 (citing various cases) (internal quotations omitted).  However, a
2 plaintiff must allege more than an officer's mere right and ability to supervise the corporation's
3 conduct generally.  See Home Design Servs., 2005 WL 1027370, at *4.  A plaintiff must allege that
4 the defendant had supervisory power over the infringing conduct itself.  Id.; Seals, 2003 WL
5 731369, at *7.

6 Here, Plaintiffs allege that, as acting CEO of Chordiant, Springsteel "has the right and ability
7 to supervise Chordiant's infringing act."  (SAC ¶ 40.)  Plaintiffs' allegation is conclusory.  Plaintiffs
8 do not adequately allege facts supporting their allegation that he had the ability to supervise or
9 control the alleged infringing activity.  Plaintiffs allegation appears to be based solely on
10 Springsteel's position as CEO of Chordiant.

11 With respect to Witte, Plaintiffs allege that he "has the right and ability to supervise by
12 means of legal advice given to other Chordiant officers and employees, and/or direction given to
13 officers and employees as their superior officer."  (SAC ¶ 40.)  Although Plaintiffs allege the means
14 by which Witte can supervise the general activity of Chordiant employees, they fail to allege more
15 than general supervisory power within the corporation.  Plaintiffs do not allege that Witte had
16 oversight regarding the alleged infringing conduct.

17 Accordingly, the Court finds that Plaintiffs have failed to properly allege the right and ability
18 to supervise prong of vicarious copyright liability as to Defendants Springsteel and Witte.

19 **C.    Leave to Amend**

20 Leave to amend should be granted with "extreme liberality."  Eminence Capital, LLC v.
21 Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003.)  In this case, the Court finds that Plaintiffs can
22 cure the defects of their allegations.  Accordingly, the Court GRANTS Plaintiffs leave to file an
23 amended complaint in accordance with this Order, should they wish to do so.

6

## V. CONCLUSION

The Court GRANTS Defendants' Motion to Dismiss Plaintiffs' Second Cause of Action with leave to amend. Plaintiffs may file an Amended Complaint on or before **April 6, 2009**.

Dated: March 20, 2009

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Albert L. Sieber asieber@fenwick.com
Antonio Luis Cortes corteslaw@comcast.net
Jedediah Wakefield jwakefield@fenwick.com
Laurence F. Pulgram lpulgram@fenwick.com
Liwen Arius Mah lmah@fenwick.com
Mary Elizabeth Milionis Mmilionis@Fenwick.com

Dated: March 20, 2009           Richard W. Wieking, Clerk

                                By:   /s/ JW Chambers
                                      Elizabeth Garcia
                                      Courtroom Deputy

United States District Court
For the Northern District of California