*E-FILED 10-15-2009*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NETBULA, LLC and DONGXIAO YUE,<br><br>  Plaintiffs,<br>  v.<br><br>CHORDIANT SOFTWARE, INC., STEVEN R. SPRINGSTEEL, and DEREK P. WITTE,<br><br>  Defendants.<br> _____ / | No. C08-00019 JW (HRL)<br><br>**ORDER (1) VACATING MOTION HEARING; AND (2) GRANTING DEFENDANTS' MOTION TO COMPEL**<br><br>[Re: Docket No. 144] |

Plaintiffs Netbula LLC ("Netbula") and Dongxiao Yue sue for alleged copyright infringement of their software products. Presently before this court is defendants' motion to compel plaintiffs to allow access to Netbula's past web pages that have been archived by the Internet Archive.[1] The Internet Archive, a non-party to these proceedings, is a self-described "digital library" that provides access to archived websites and other artifacts. (Butler Decl. ¶ 2). Visitors to the Internet Archive may view these website records through the "Wayback Machine." (Id. ¶ 3).

Several years ago, plaintiffs placed a robot.txt file on their website. That file essentially instructs the Internet Archive not to copy files from Netbula's website and disables access to all of the Wayback Machine's archives of those files. (Id. ¶ 6). Defendants believe that the archived Netbula web pages contain information that could (a) prove that defendant Chordiant

---

[1] The requests in dispute are defendants' Document Request Nos. 3, 6-11 and 34, which essentially seek discovery of the manner, terms, and prices on which Netbula offered licenses to its products. (See Wakefield Decl. Exs. 1 and 4).

United States District Court
For the Northern District of California

1  Software ("Chordiant") had express or implied licenses to use Netbula's software; and (b) rebut
2  plaintiffs' claimed damages, which reportedly number in the millions of dollars. According to
3  defendants, plaintiffs' damages claim is based on inflated and unsubstantiated prices that
4  Netbula now says that it charged for licenses to its products in the past. Plaintiffs assert that
5  they have produced posted web content, including pricing data. Defendants argue that the
6  robot.txt file on plaintiffs' website, however, has prevented access to archived web pages that
7  defendants say they need to prove their contentions.

8  Although there is no apparent dispute as to the relevance of the information sought,
9  plaintiffs oppose defendants' motion for an order compelling them to temporarily disable the
10  robot.txt file so that access to the archived records may be had. The matter is deemed suitable
11  for disposition without oral argument, and the October 20, 2009 hearing is vacated. CIV. L.R.
12  7-1(b). Upon consideration of the moving and responding papers, this court grants the motion.

13  This court is unpersuaded that the instant motion should have been brought as one
14  seeking an injunction rather than one seeking discovery. Plaintiffs have not convincingly
15  shown that the order sought will require them to alter the substantive contents of their website.
16  Defendants are seeking discovery of Netbula's past web pages. That falls squarely within the
17  relief authorized by Fed. R. Civ. P. 37.

18  Equally unavailing are plaintiffs' arguments as to their claimed lack of legal "control"
19  over the information sought. Under Fed.R.Civ.P. 34, a party is required to produce responsive
20  documents within its "possession, custody or control." FED.R.CIV.P. 34(a)(1). Actual
21  possession or legal ownership is not determinative. Instead, "federal courts have consistently
22  held that documents are deemed to be within the 'possession, custody or control' for purposes
23  of Rule 34 if the party has *actual* possession, custody or control, or has the legal right to obtain
24  the documents on demand." In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995); see also
25  United States v. Int'l Union of Petroleum & Indus. Workers, 870 F.2d 1450, 1452 (9th Cir.
26  1989) ("Control is defined as the legal right to obtain documents upon demand."). "Decisions
27  from within [the Ninth Circuit] have noted the importance of a legal right to access documents
28  created by statute, affiliation or employment." In re Legato Sys., Inc. Sec. Litig., 204 F.R.D.

2

1  167, 170 (N.D. Cal. 2001).  "Control must be firmly placed in reality," and the court examines
2  whether there is actual, not theoretical, control.  <u>Int'l Union of Petroleum & Indus. Workers</u>,
3  870 F.2d at 1454.  Here, plaintiffs argue that they do not have exclusive contractual or statutory
4  rights to control the Internet Archive's "archiving activities."  (Opp. at 4).  The issue, however,
5  is not control over "archiving activities," but control over access to the archived Netbula web
6  pages.  There can be no serious dispute that plaintiffs control that information.  Indeed, they
7  have unilaterally blocked access to the same.

8      In net effect, plaintiffs oppose the instant motion because they say that defendants could
9  also get the information directly from the Internet Archive via a Fed. R. Civ. P. 45 subpoena.
10 Defendants, however, have made a showing that Internet Archive could access the information
11 – but not without considerable burden, expense and disruption to its operations (<u>see</u> Butler Decl.
12 ¶ 8), whereas plaintiffs could permit access to the information in minutes and with minimal
13 burden and expense (<u>see</u> Faillace Decl. ¶¶ 7-11).  For their part, plaintiffs have not shown any
14 serious harm that would result from the relief defendants seek.  Nor have they convincingly
15 demonstrated that the burden and expense of the discovery sought outweighs its likely benefit.

16     Accordingly, defendants' motion to compel is GRANTED.  Plaintiffs shall, within three
17 days from the entry of this order, disable the robot.txt file from its website and promptly advise
18 defense counsel when that has been accomplished.  The robot.txt file shall remain disabled for a
19 period of two weeks to allow Chordiant to inspect and copy any relevant documents from past
20 versions of plaintiffs' website that are available through the Internet Archive.

21     SO ORDERED.
22 Dated:   October 15, 2009

23
24                               HOWARD R. LLOYD
                              UNITED STATES MAGISTRATE JUDGE

5:08-cv-00019-JW Notice has been electronically mailed to:

Albert L. Sieber asieber@fenwick.com

Antonio Luis Cortes corteslaw@comcast.net

Jedediah Wakefield jwakefield@fenwick.com, docketcalendarrequests@fenwick.com, rjones@fenwick.com

Laurence F. Pulgram lpulgram@fenwick.com, mknoll@fenwick.com

Liwen Arius Mah lmah@fenwick.com, docketcalendarrequests@fenwick.com, jphan@fenwick.com, kragab@fenwick.com, rjones@fenwick.com

Mary Elizabeth Milionis dgarrett@fenwick.com, MMilionis@Fenwick.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

4