ANTONIO L. CORTÉS
Attorney at Law (CA Bar No. 142356)
528 Wisteria Way
San Rafael, California 94903
Tel: 415-256-1911
Fax: 415-256-1919
Attorney for Plaintiffs
Netbula, LLC and
Dongxiao Yue

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| DONGXIAO YUE and NETBULA, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>CHORDIANT SOFTWARE, INC., *et al.*<br><br>Defendant<br>_____ | CASE NO. CV 08-0019-JW<br><br>**NOTICE AND MOTION FOR RELIEF FROM EXPERT SCHEDULING**<br><br>Hearing Date: November 23, 2009<br>Hearing Time: 9:00 am<br>Location: Courtroom 8<br>Judge: Honorable James Ware |

## NOTICE OF MOTION

PLEASE TAKE NOTICE THAT, on November 23, 2009, in Courtroom 8 on the 4th floor of the United States District Court, Northern District of California, San Jose Division, located at 280 South 1st Street, San Jose, California, at 9:00 a.m. or as soon thereafter as this matter may be heard, Plaintiffs Netbula, LLC and Dongxiao Yue will most respectfully request this honorable Court to issue an order granting them relief from the current schedule regarding expert disclosures.

## RELIEF SOUGHT

Plaintiffs seek an order:

(a) allowing them to have until October 29, 2009 within which to serve an Opening Report by their Technical Expert, Dr. Rich Cooper; and

(b) allowing them to have until October 29, 2009 within which to serve amended Rebuttal Reports by Dr. Cooper and Dr. Yue, both rebutting the opinions, methodology and other content in the Opening Report of Defendants' technical expert, Dr. Faillace.

## POINTS AND AUTHORITIES

**A.  Background.**

In the Joint Preliminary Pretrial Statement, Plaintiffs, thinking they might discuss the subject at the Preliminary Pretrial Conference, informed the Court that "Plaintiffs propose to extend the close of discovery to November 30, 2009." The Court's Preliminary Pretrial Conference Scheduling Order, rendered without a conference, responded with a footnote stating as follows:

> The Court notes that Plaintiffs propose to extend discovery to November 30, 2009. Since no reason for the extension was indicated in the Joint Statement, the Court invites Plaintiffs to file a formal motion requesting extension of discovery. In that motion, Plaintiffs should delineate the basis for the request and the purposes for which additional discovery is sought. Plaintiffs should specify what form of discovery they intend to utilize should the Court grant their request.

Preliminary Pretrial Conference Scheduling Order (Docket 154), at 1, fn 1.

In compliance with that order, Plaintiffs have since worked hard to resolve as many of their discovery needs as possible, so that their needs for additional discovery would be as well defined as possible. For the following reasons, however, they have not been able to solve specific problems with respect to their expert witnesses, and request that

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

2
**NOTICE AND MOTION FOR RELIEF FROM EXPERT SCHEDULING**

discovery be extended in the following ways to allow a comparably fair presentation of expert witnesses by both sides.

Three days prior to that order, the Court ordered, pursuant to a stipulation by the parties, requiring opening expert disclosures on October 2, 2009 and rebuttal expert disclosures on October 16, 2009. In addition to a financial expert, Defendants have designated two technical experts: Dr. Faillace, a retained expert, and Mr. Abdulsayed, an employee of Defendant Chordiant Software, Inc. In addition to a financial expert, Plaintiffs have designated two technical experts, Dr. Richard Cooper, a retained expert, and Dr. Dongxiao Yue, a plaintiff. On October 2, 2009, Defendants served Plaintiffs with opening reports by their financial expert and their retained technical expert. On the same date, Plaintiffs served defendants with an opening report by their financial expert, but, for reasons discussed below, were not able to serve an opening report from either of their designated technical experts.

**B.     Applicable Standards.**

Modifying a scheduling order requires a showing of good cause. F. R. Civ. Proc. Rule 16(b)(4). "A request to modify an order entered pursuant to FRCP 16 should be presented to the judicial officer who entered the order." 3 Schwarzer, *Federal Civil Procedure before Trial*, § 15:29.2.

**C.     Plaintiffs Need Additional Time to Prepare their Opening Report and Rebuttal Reports from their Technical Experts.**

Defendants' technical expert, Dr. Faillace, prepared a lengthy report, designated "Attorneys Eyes Only" pursuant to the Protective Order. In preparing his report, Dr. Faillace was able to examine source code for both the accused software and the infringed software. He had the accused source code from his client, and he had the

3
**NOTICE AND MOTION FOR RELIEF FROM EXPERT SCHEDULING**

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

infringed source code from Plaintiffs' deposits with the Copyright office, which apparently were obtained by Fenwick & West.

Plaintiffs' outside technical expert, Dr. Cooper, was unable to prepare an opening report for a number of reasons. One is that Plaintiffs did not obtain a copy of Defendants' source code until October 12, 2009. Accordingly, he could not perform a comparison of the source code of the accused and infringed software and give opinions based on such a comparison in an opening report. In addition, he has not had sufficient time to examine Defendants' source code to properly rebut Defendants' technical expert.

Dr. Yue, though a party, probably has greater expertise than either side's retained expert in the area of RPC technology in general, and the RPC software at issue in this case in particular. As noted by Dr. Faillace in his report, only a handful of comparable products that have ever existed, and Dr. Yue wrote three of them. Accordingly, Plaintiffs have designated Dr. Yue as an expert, and need him to prepare a rebuttal report on the subjects covered by Dr. Faillace. Unfortunately, Dr. Yue has not been able to examine the Faillace report to prepare his rebuttal report because Defendants' have been slow to either re-designate the report Faillace Report "Confidential" or provide a Plaintiffs copy with the information redacted that it would harm them for Dr. Yue to see. Accordingly, Dr. Yue cannot provide a rebuttal report made with knowledge of the specific opinions he is rebutting or the bases for Dr. Faillace's opinions.

Both Dr. Yue and Dr. Cooper are preparing skeletal rebuttal reports, but those are not expected to serve the purposes they should serve in the interests of justice because Dr. Yue cannot read the report he is rebutting and Dr. Cooper has not had a

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

4
**NOTICE AND MOTION FOR RELIEF FROM EXPERT SCHEDULING**

reasonable opportunity to compare the source code of the accused and the infringed software.

**CONCLUSION**

For the foregoing reasons, Plaintiffs most respectfully request this honorable Court to issue an order:

(a) allowing them to have until October 29, 2009 within which to serve an Opening Report by their retained technical expert, Dr. Richard Cooper; and

(b) allowing them to have until October 29, 2009 within which to serve amended Rebuttal Reports by Dr. Cooper and Dr. Yue, both rebutting the opinions, methodology and other content in the Opening Report of Defendants' technical expert, Dr. Faillace.

Respectfully submitted,

DATED: October 15, 2009

_____/s/_____
Antonio L. Cortes,
Counsel for Plaintiffs

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919