*E-FILED 11-03-2009*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NETBULA, LLC and DONGXIAO YUE,<br><br>　　　　Plaintiffs,<br>　v.<br>CHORDIANT SOFTWARE, INC., STEVEN R.<br>SPRINGSTEEL, and DEREK P. WITTE,<br><br>　　　　Defendants.<br>_____/ | No. C08-00019 JW (HRL)<br><br>**ORDER GRANTING DEFENDANTS'<br>MOTION TO COMPEL PRODUCTION<br>OF DOCUMENTS**<br><br>[Re: Docket No. 162] |

　　　Plaintiffs Netbula LLC ("Netbula") and Dongxiao Yue sue for alleged copyright infringement of Netbula's software products. In essence, plaintiffs claim that defendants' use of Netbula's products is either unlicensed or exceeds the licensed use. Defendants contend that plaintiffs' claimed damages (which reportedly number in the hundreds of millions of dollars) are based on inconsistent and unsubstantiated assertions as to Netbula's licensing terms and prices.

　　　Defendants now move for an order compelling plaintiffs to produce documents. Upon consideration of the moving and responding papers, as well as the arguments of counsel, the motion is granted.

　　　With one exception, plaintiffs do not oppose the instant motion. That one exception is defendants' request for copies of or screenshots of any electronic file folders or file "trees" identifying customers of the Netbula products defendants are alleged to infringe. Such

documents are said to be responsive to defendants' Request Nos. 3-4, 6-12, 20-22, 33-34 and 37-40. (See Mot. at 1). In essence, defendants say that the requested discovery likely contains probative information showing that defendant Chordiant Software, Inc. ("Chordiant") is licensed to use Netbula's software – and that Netbula has known this all along, notwithstanding the allegations it asserts in this litigation. According to defendants, plaintiffs have steadfastly refused to produce these documents for various reasons, including an assertion that file names are not "documents" subject to discovery within the meaning of Fed. R. Civ. P. 34.

On the instant motion, there is no apparent dispute that the documents are relevant. However, plaintiffs oppose disclosure on two grounds. First, they say that the discovery sought violates privacy rights because the requested data is stored on plaintiffs' computers along with personal, non-business information and documents. Second, plaintiffs contend that disclosure of some folder names will reveal attorney work product.

Plaintiffs' objections are insufficient to prevent disclosure of information that is relevant and that is not privileged or otherwise protected from discovery. To begin, privacy interests do not insulate relevant matters from discovery. See generally Ragge v. MCA/Universal Studios, 165 F.R.D. 601, 604 (C.D. Cal. 1995) (stating that privacy rights "may, nevertheless, be invaded for litigation purposes."). There is a protective order in place which limits the use and dissemination of sensitive or confidential information. Likewise, the fact that the disclosure of some folder names may reveal work product does not shield non-work product material from discovery. In any event, defendants agree that plaintiffs can redact any work product material or any information that implicates privacy rights, so long as the redacted information properly is identified on a privilege log.

Based on the foregoing, defendants' motion to compel is granted. **No later than November 17, 2009**, plaintiffs shall produce all non-privileged documents in their possession, custody or control that have not already been produced and that are responsive to the document requests at issue in defendants' motion. To the extent plaintiffs claim that any information legitimately implicates privacy rights or are protected from discovery by the work product doctrine, then no later than **November 17, 2009**, they shall produce a privilege log identifying

2

1  what documents are being withheld and an explanation of the basis for the asserted protection
2  sufficient to justify the withholding. <u>See</u> Fed. R. Civ. P. 26(b)(5).
3      SO ORDERED.
4  Dated:   November 3, 2009

                HOWARD R. LLOYD
                UNITED STATES MAGISTRATE JUDGE

**United States District Court**
For the Northern District of California

1  5:08-cv-00019-JW Notice has been electronically mailed to:

2  Albert L. Sieber asieber@fenwick.com

3  Antonio Luis Cortes corteslaw@comcast.net

4  Jedediah Wakefield jwakefield@fenwick.com, docketcalendarrequests@fenwick.com, rjones@fenwick.com

5  Laurence F. Pulgram lpulgram@fenwick.com, mknoll@fenwick.com

6  Liwen Arius Mah lmah@fenwick.com, docketcalendarrequests@fenwick.com, jphan@fenwick.com, kragab@fenwick.com, rjones@fenwick.com

7  Mary Elizabeth Milionis dgarrett@fenwick.com, MMilionis@Fenwick.com

8  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.