LAURENCE F. PULGRAM (CSB NO. 115163)
lpulgram@fenwick.com
JEDEDIAH WAKEFIELD (CSB NO. 178058)
jwakefield@fenwick.com
MARY E. MILIONIS (CSB NO. 238827)
mmilionis@fenwick.com
LIWEN A. MAH (CSB NO. 239033)
lmah@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone: (415) 875-2300
Facsimile:  (415) 281-1350

Attorneys for Defendants
CHORDIANT SOFTWARE, INC.,
DEREK P. WITTE, and STEVEN R. SPRINGSTEEL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NETBULA, LLC and DONGXIAO YUE,<br><br>Plaintiffs,<br><br>v.<br><br>CHORDIANT SOFTWARE, INC., a Delaware corporation; DEREK P. WITTE, an individual; and STEVEN R. SPRINGSTEEL, an individual,<br><br>Defendants. | Case No.  5:08-cv-00019-JW (HRL)<br><br>**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO STATUTORY DAMAGES AND PLAINTIFFS' ATTORNEYS' FEES**<br><br>Date:          December 14, 2009<br>Time:         9:00 a.m.<br>Location:   Courtroom 8<br>Judge:       The Honorable James Ware |

MOT. FOR SUM. JUDG. AS TO STAT.
DAMAGES AND ATTORNEYS' FEES

CASE NO. 5:08-CV-00019 JW (HRL)

**TABLE OF CONTENTS**

Page

NOTICE OF MOTION AND MOTION ................................................................................... 1

INTRODUCTION ...................................................................................................................... 1

ISSUE PRESENTED .................................................................................................................. 1

FACTUAL BACKGROUND ..................................................................................................... 2

ARGUMENT .............................................................................................................................. 3

I.    SUMMARY JUDGMENT STANDARD ........................................................................ 3

II.   PLAINTIFFS' COPYRIGHT REGISTRATIONS OCCURRED AFTER THE ALLEGED INFRINGEMENT COMMENCED, THEREBY BARRING STATUTORY DAMAGES OR ATTORNEYS FEES ........................................................ 3

    A.    It is Undisputed That the Alleged Infringement Began Years Before Any of Plaintiffs' Registrations ........................................................................................ 4

    B.    Section 412(2) Bars Plaintiffs from Recovering Statutory Damages and Attorneys' Fees for Plaintiffs' Published Works ....................................................... 5

        1.    Section 412(2) Bars Recovery of Statutory Damages and Attorneys' Fees for the '063, '654, and '693 Registrations ............................................ 6

        2.    Section 412(2) Bars Recovery of Statutory Damages and Attorneys' Fees for the '697 Registration .................................................................. 6

    C.    Section 412(1) and (2) Bar Recovery of Statutory Damages and Attorneys' Fees for the '987 Registration ............................................................................... 7

CONCLUSION ........................................................................................................................... 9

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on December 14, 2009, at 9:00 a.m. in Courtroom 8 of the above Court, or as soon thereafter as this matter may be heard, defendants Chordiant Software, Inc. and Derek P. Witte (collectively "Defendants") will and hereby do move, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment that Netbula, LLC and Dongxiao Yue (collectively "Plaintiffs") are not entitled to statutory damages or attorneys' fees under the Copyright Act. Defendants base this motion upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the accompanying declarations of Jedediah Wakefield and Dr. Philip Faillace, the attached Proposed Order, and upon such other matters as may be presented to the Court.

## INTRODUCTION

Section 412 of the Copyright Act imposes prerequisites to certain remedies for copyright infringement. Specifically, statutory damages and attorneys' fees are available in copyright infringement actions only when the copyrights in issue were registered prior to the commencement of any infringement. Here, Plaintiffs' copyrights were registered between 2005 and 2007. However, any alleged infringement by Defendants began between 2000 or 2001. Accordingly, there is no genuine dispute of material fact that Plaintiffs are entitled to neither statutory damages nor attorneys' fees.[1]

## ISSUE PRESENTED

Whether 17 U.S.C. § 412 bars Plaintiffs' claims for statutory damages or attorneys' fees in their copyright infringement lawsuit, where the alleged infringement commenced before the effective date of Plaintiffs' copyright registrations.

---

[1] Plaintiffs did not identify 17 U.S.C. § 504(c)—the provision in the Copyright Act governing statutory damages—as a basis for recovery in the computation of damages section of its initial disclosures. Declaration of Jedediah Wakefield in Support of Defendants Summary Judgment Motions ("Wakefield Decl."), Ex. 6. However, since Plaintiffs have not conceded that such fees are unavailable, and included a prayer for attorneys' fees in their Fourth Amended Complaint, Defendants bring the present motion in an abundance of caution.

MOT. FOR SUM. JUDG. AS TO STAT. DAMAGES AND ATTORNEYS' FEES -1- CASE NO. 5:08-CV-00019 JW (HRL)

# FACTUAL BACKGROUND

In this copyright infringement lawsuit, Plaintiffs Netbula LLC and its owner, Plaintiff Dongxiao Yue, allege that Defendant Chordiant included allegedly unlicensed copies of Netbula software in Chordiant's Marketing Director product ("CMD"). Plaintiffs' allegedly infringed works are computer software products used for software development. *See* Fourth Amended Complaint ("Dkt. 138"), ¶¶ 18, 19. They are used by other software developers (like Chordiant) in the development of other computer programs that can communicate with one another over a standard computer protocol called remote procedure call, or "RPC." Dkt. 138, ¶¶ 9, 18, 19. In dispute are three products distributed by Plaintiffs: Netbula ONC RPC, JavaRPC, and PowerRPC.[2] Plaintiffs allege that these products are protected by the five asserted registered copyrights: TX 6-211-063 (the "'063 Registration"), TX 6-491-697 (the "'697 Registration"), TXu 1-576-987 (the "'987 Registration"), TX 6-317-654 (the "'654 Registration"), and TX 6-460-693 (the "'693 Registration"). Dkt. 138, ¶ 34. The five registrations are attached to Fourth Amended Complaint. Dkt. 138, Ex. A–E. The asserted copyrights were all registered between 2005 and 2007. *Id.*

Defendants used Plaintiffs' products as they were intended, to create software. *See* Declaration of Philip Faillace, ("Faillace Decl."), ¶ 10. Starting in 2000, Prime Response began using Plaintiffs' ONC RPC product for one purpose: to facilitate RPC communication in its Chordiant Marketing Director ("CMD") product. Faillace Decl., ¶ 12. In 2001, Chordiant acquired Prime Response. Wakefield Decl., Exs. 4 and 5. Around the same time, Prime Response or Chordiant began using Plaintiffs' JavaRPC product for the exact same purpose. Faillace Decl., ¶ 13. This use continued until late 2007 and early 2008, when Chordiant ceased the use of Plaintiffs' products, replacing them with free equivalents that provided the same functionality. *Id*. Although Prime Response and Chordiant released several versions of CMD over the years, both before and after the asserted copyrights were registered, the versions of CMD

---

[2] Defendants did not copy, distribute, or create derivations from Plaintiffs' PowerRPC product, a fact that is immaterial to the present motion. Regardless of which RPC product was allegedly infringed, the alleged infringement commenced years before the effective date of any of Plaintiffs' registrations.

MOT. FOR SUM. JUDG. AS TO STAT. DAMAGES AND ATTORNEYS' FEES -2- CASE NO. 5:08-CV-00019 JW (HRL)

that used Plaintiffs' products used them in the same manner and for the same purpose. Faillace Decl., ¶ 14.

## ARGUMENT

### I.   SUMMARY OF JUDGMENT STANDARD

Summary judgment is appropriate where there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is "material" only if it could affect the outcome of the suit under governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Once the movant meets its initial burden of showing there is no genuine issue of material fact, the non-movant has the burden of producing competent evidence and cannot rely on mere allegations or denials in the pleadings. *Id* at 247–48, 256–57; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non moving party, there is no 'genuine issue for trial.'" *Id.* at 587.

### II.   PLAINTIFFS' COPYRIGHT REGISTRATIONS OCCURRED AFTER THE ALLEGED INFRINGEMENT COMMENCED, THEREBY BARRING STATUTORY DAMAGES OR ATTORNEYS' FEES.

A copyright holder may be entitled to statutory damages and attorneys' fees in infringement actions pursuant to the requirements of 17 U.S.C. § 412. For unpublished works, a copyright holder is barred from recovering statutory damages or attorneys' fees if "any infringement of copyright in an unpublished work commenced before the effective date of its registration." 17 U.S.C. § 412(1). For published works, such awards are not available if "any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412(2). Section 412 establishes a bright-line rule, leaving the court with no discretion to award statutory damages or attorneys' fees. *Johnson v. Jones*, 149 F.3d 494, 505 (6th Cir. 1998) (affirming the denial of statutory damages and attorneys' fees for an infringement that began before, and continued after, registration) and *Derek Andrew, Inc. v. Poof*

1 *Apparel Corp.*, 528 F.3d 696, 699 (9th Cir. 2008) (reversing an award of statutory damages and
2 attorneys' fees when infringement began before registration)

3       Congress crafted Section 412 with three purposes. First, Section 412 provides an
4 incentive for copyright owners to register their copyrights promptly. *Derek Andrew*, 528 F.3d at
5 700. "Second, § 412 encourages potential infringers to check the Copyright Office's database."
6 *Id.* Third, the bright-line mandates of Section 412 provide parties with clarity and lower
7 administrative costs. *Johnson*, 149 F.3d at 505.

### A. It is Undisputed That the Alleged Infringement Began Years Before Any of Plaintiffs' Registrations

10       Section 412 looks not to individual acts of infringement, but when the infringement
11 commenced. The Ninth Circuit has made clear that "[t]he first act of infringement in a series of
12 ongoing infringements of the same kind marks the commencement of one continuing
13 infringement under § 412." *Derek Andrew*, 528 F.3d at 701. *See also New Name, Inc., v. Walt*
14 *Disney Co.*, 2008 U.S. Dist. LEXIS 107203, at *6 (C.D. Cal. July 23, 2008) (denying statutory
15 damages and attorneys' fees when the same work was being copied before registration in one
16 product, but after registration in another product, when the two products only had minor
17 differences). Subsequent versions of a software program do not constitute different kinds of use
18 but, instead, are one continuing infringement. *See Whelan Assoc., Inc. v. Jaslow Dental*
19 *Laboratory, Inc.*, 609 F. Supp. 1325, 1330–31 (E.D. Pa. 1985) (denying attorneys' fees when one
20 copy of a beta version of the allegedly infringing software was sold prior to registration, "even
21 though later infringing programs may have had improvements.").

22       In *Derek Andrew*, the copyrighted work at issue was a clothing label, and in particular, a
23 copyrighted "hang-tag" design developed by plaintiff. *Id*. at 698. It was undisputed that the
24 hang-tags were first published almost two years prior to their registration and that the first act of
25 alleged infringement by defendant occurred prior to this registration. *Id*. at 699. However, the
26 trial court awarded statutory damages for a post-registration infringement when the hang-tags
27 were attached to different garments than the pre-registration infringement. *Id.* at 698. The Ninth
28 Circuit reversed, stating "a plaintiff may not recover statutory damages for infringements that

MOT. FOR SUM. JUDG. AS TO STAT. DAMAGES AND ATTORNEYS' FEES    -4-    CASE NO. 5:08-CV-00019 JW (HRL)

1 commenced after registration if the same defendant commenced an infringement of the same
2 work prior to registration." *Id.* at 699. The Court observed that even though the alleged
3 infringement had occurred with different garments after the registration, the ongoing infringement
4 was of the same *kind* as the pre-registration infringement, thus barring any claim for statutory
5 damages. *Id.* at 701 ("[t[he mere fact that the hang-tag was attached to new garments made and
6 distributed after [the effective date] does not transform those distributions in many separate and
7 distinct infringements."). The Court concluded that this interpretation of Section 412 furthers
8 Congress' intent to promote the early registration of copyrights.

9 Here, between 2000 and 2007, Prime Response and Chordiant used Plaintiffs' products
10 for one purpose: to facilitate RPC communication in its Chordiant Marketing Director ("CMD")
11 product. Faillace Decl., ¶¶ 12, 13. Although Prime Response and Chordiant—like all software
12 companies—released subsequent versions of its software product, both before and after the
13 asserted copyrights were registered, all versions of CMD that used Plaintiffs' products used them
14 in the same manner.[3] Thus, the alleged infringement was precisely the same kind of
15 infringement—using Netbula's RPC software for RPC communications in CMD. It is undisputed
16 that the alleged infringement commenced in 2000 and continued through 2007, well before the
17 asserted copyrights were registered.

18
**B.    Section 412(2) Bars Plaintiffs from Recovering Statutory Damages and Attorneys' Fees for Plaintiffs' Published Works.**
19

20 Plaintiffs are barred from recovering statutory damages or attorneys' fees under Section
21 412(2) since Defendants' alleged infringement began after the works were published, but before

---

23 [3] In a related case, *Yue v. Storage Technology Corp.*, Dr. Yue acknowledged that he was not entitled to attorneys' fees since the registrations of the asserted copyrights in that case—one of
24 which, the '697 Registration, is asserted in this case—were registered after the commencement of infringement by Defendant Storage Technology Corporation, even though Defendant had released
25 multiple versions of its software over the years, and even though Plaintiff had alleged that the infringement was continuing. *Yue v. Storage Technology Corp. et al.*, Case No. C-07-05850-MJJ
26 (Filed Nov. 19, 2007), Dkt. 70 at 27:22–28:14. *See also Yue v. Storage Technology Corp.*, Dkt. 9-2 at ¶ 81 (requesting an injunction for Storage Technology's allegedly continuing
27 infringement); *Netbula, LLC v. Storage Technology Corp. et al.*, Case No. C-06-07391-JW (Filed Dec. 4, 2006), Dkt. 2 at 1:22–26 (seeking a temporary restraining order alleging that Storage
28 Technology continued to infringe).

MOT. FOR SUM. JUDG. AS TO STAT. DAMAGES AND ATTORNEYS' FEES  -5-  CASE NO. 5:08-CV-00019 JW (HRL)

the effective date of registration. The applicability of Section 412(2) depends on three dates for each registration: (1) date of publication; (2) date infringement commenced; and (3) date of registration. There is no genuine dispute that none of the asserted registrations meet the requirements of Section 412(2).

### 1. Section 412(2) Bars Recovery of Statutory Damages and Attorneys' Fees for the '063, '654, and '693 Registrations.

The '063, '654, and '693 Registrations, on their face, state a date of publication in 1996, 1999, and 1999, respectively. Dkt. 138, Exs. A, D, E. They have effective registration dates in 2005 and 2006. *Id.*

As discussed above, Plaintiffs allege that Defendants infringe its copyrights through the copying and distribution of Plaintiffs' products. Prime Response, the predecessor company to Chordiant, began use of Plaintiffs' products in 2000. Faillace Decl., ¶ 12. If, as Plaintiffs may allege, Chordiant began to infringe Plaintiffs' copyrights after Chordiant acquired Prime Response, Chordiant's alleged infringement began upon its acquisition of Prime Response in April, 2001. Regardless of whether the initial use by Prime Response (in 2000) or by Chordiant (in 2001) is taken as the date when infringement commenced, any alleged infringement of the '063, '654, and '693 Registrations by Defendants occurred after publication of the Plaintiffs' products, but years before the effective dates of the registrations, precluding the Plaintiffs from recovering statutory damages or attorneys' fees.[4]

### 2. Section 412(2) Bars Recovery of Statutory Damages and Attorneys' Fees for the '697 Registration.

The '697 Registration differs from the '063, '654, and '693 Registrations, in that the work underlying '697 Registration was allegedly created after the commencement of any alleged infringement by Defendants. The work associated with the '697 Registration has a purported creation date of 2004 and first publication date of January 15, 2004. Dkt. 138, Ex. B. This work

---

[4] Section 412(2) provides an exception if the "registration is made within three months after the first publication of the work." 17 U.S.C. § 412(2). This exception does not apply to the asserted registrations, as their registrations were made years, not months, after first publication of the Plaintiffs' respective works.

is apparently a later version of Netbula's ONC RPC code, updated for changes made by Plaintiffs through 2004. Faillace Decl., ¶ 15. Plaintiffs appear to allege that the '697 Registration covers the 2004 version of Plaintiffs' ONC RPC software shipped to Chordiant in 2004. However, Plaintiff did not register the '697 copyright until 2006. This copyright cannot give to statutory damages or attorneys' fees for two reasons.

First, although Plaintiff shipped a copy of its 2004 version to Chordiant (and Chordiant paid $6,890 for that version), Chordiant never used that version in CMD. *Id.*

Second, even assuming, *arguendo*, that Chordiant had used that version, that use would have commenced in 2004, when the upgrade copy was shipped to Chordiant.[5] Faillace Decl., ¶ 15. As such, any alleged use of Plaintiffs' software by Defendants would have occurred after its publication in 2004, but well before the effective date of the '697 Registration in 2006.

### C. Section 412(1) and (2) Bar Recovery of Statutory Damages and Attorneys' Fees for the '987 Registration.

The '987 Registration differs from the '063, '654, '693, and '697 Registrations in that the '987 Registration is silent as to whether the underlying work was published. While subpart (2) of Section 412 discusses the availability of statutory damages and attorneys' fees for the infringement of copyright in published works, subpart (1) of Section 412 discusses unpublished works. Section 412(1) bars recovery of statutory damages and attorneys' fees when the infringement of an unpublished work "commenced before the effective date of its registration." 17 U.S.C. § 412(1).

According to the copyright holder, Dr. Yue, the '987 Registration represents an early version of Netbula's product, written by Dr. Yue, prior to the incorporation of Netbula.[6]

---

[5] Even if, by some strained series of facts, Plaintiffs allege that Defendants infringed the copyrights of a work that was not published, but was later published in 2004, Plaintiffs still cannot recover statutory damages and attorneys' fees. *Zito v. Steeplechase Films, Inc.*, 267 F.Supp.2d 1022, 1026 (N.D. Cal., Jan. 30, 2003) (J. Whyte) (barring the recovery of statutory damages and attorneys fees under Section 412(2), stating, "if a work is unpublished and unregistered at the time of infringement, no statutory damages or attorney's fees are available despite the fact that the infringement itself may involve the unauthorized distribution of a copyrighted work.")

[6] As the Court will recall, Dr. Yue applied for this "pre-Netbula" registration in his RPC software as part of his crusade to obtain "personal" rights that were ostensibly separate from Netbula's,

MOT. FOR SUM. JUDG. AS TO STAT. DAMAGES AND ATTORNEYS' FEES  -7-  CASE NO. 5:08-CV-00019 JW (HRL)

Wakefield Decl., Ex. 1 at 549:11–25. No publication date was provided with the '987 Registration, and it is not clear if Netbula claims it was a published or unpublished work. On the one hand, Dr. Yue testified that his underlying work was never distributed to customers. Wakefield Decl., Ex. 1 at 569:6–10. However, he also testified that the source code for a *published* work (the '063 registration, Ex. A to the Fourth Amended Complaint) contains the source code for the work identified in the '987 registration. This would imply that the work identified in the '987 registration was first published in 1996. Dkt. 138, Ex. A. Moreover, Plaintiffs have not and cannot allege that Chordiant somehow obtained unpublished works from Netbula.

In all events, regardless of whether the '987 was published in 1996 or remains unpublished, any claims for statutory damages or attorneys' fees under that registration are barred. If the work is deemed to be unpublished, it would be evaluated under Section 412(1). Under that section, Plaintiffs are barred from recovering statutory damages and attorneys' fees for the '987 Registration. As discussed above, any infringement of Plaintiffs' copyrights began in 2000 or 2001, well before the 2007 effective date of registration. And if the work was published in 1996 along with the work in the '063 registration, for the reasons discussed above Plaintiffs would be barred from recovering statutory damages or attorneys' fees under Section 412(2). *See also Zito*, 267 F. Supp. 2d at 1026.

---

allowing him to re-litigate as a *pro se* Plaintiff the copyright infringement claims he had lost against Sun Microsystems and Storage Technology Corporation. The Court dismissed Dr. Yue's duplicative complaint, and ultimately ordered him to pay over $200,000 in attorneys' fees to Defendants in that case. *Dongxiao Yue v. Storage Tech. Corp.*, 07 CV 05850-MJJ (filed on Nov. 19, 2007), Dkt. 51 (order of dismissal with prejudice) and Dkt. 148 (order adopting report and recommendation of fee award).

## **CONCLUSION**

For the foregoing reasons, the Court should enter summary judgment barring Plaintiffs from recovering statutory damages or attorneys' fees.

Dated: November 9, 2009                    FENWICK & WEST LLP


By:  /s/ Jedediah Wakefield
         Jedediah Wakefield

Attorneys for Defendants
CHORDIANT SOFTWARE, INC.,
DEREK P. WITTE, and
STEVEN R. SPRINGSTEEL