*E-FILED 11-18-2009*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NETBULA, LLC and DONGXIAO YUE,<br><br>  Plaintiffs,<br>  v.<br><br>CHORDIANT SOFTWARE, INC., STEVEN R. SPRINGSTEEL, and DEREK P. WITTE,<br><br>  Defendants.<br>_____ / | No. C08-00019 JW (HRL)<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM DEFENDANT DEREK WITTE**<br><br>[Re: Docket No. 155] |

Plaintiffs Netbula LLC ("Netbula") and Dongxiao Yue sue for alleged copyright infringement of Netbula's software products. They claim that defendants' use of Netbula's products is either unlicensed or exceeds the licensed use. Defendant Derek Witte is the former Vice President and General Counsel of defendant Chordiant Software, Inc. ("Chordiant"). He reportedly has not worked at Chordiant since June 2008.

In 2007, before the instant lawsuit was filed, plaintiffs requested certain license usage information from defendants. Witte, who was then still Chordiant's General Counsel, responded. In essence, Witte stated that Chordiant had distributed 953 copies of Netbula's software. (Yue Decl., Ex. 1). He also advised that "Chordiant has decided to replace Netbula's code with substitute code not provided by Netbula. We therefore do not anticipate needing anything further from your company." (Id.).

Plaintiffs now move to compel Witte to produce documents and answer interrogatories

1  which, they say, seek clarification of Witte's statements re the 953 calculation and the removal
2  of Netbula's software from Chordiant's products.  Defendants oppose the motion.  Upon
3  consideration of the moving and responding papers, as well as the arguments of counsel, this
4  court denies the motion.

5      Preliminarily, defendants argue that the instant motion should be denied because
6  plaintiffs reportedly failed to adequately meet-and-confer before seeking judicial intervention.
7  See Civ. L.R. 37-1(a).  Because both sides represented at oral argument that further discussions
8  would not be fruitful, this court declines to deny the motion outright on this basis.

9  A.    <u>Plaintiffs' Motion to Compel re Interrogatories 2-5 and 9-13</u>

10      Interrogatory 9 asks Witte to identify all Chordiant employees who had authority to
11  advise other Chordiant employees about compliance with copyright laws.  (Cortes Decl., Ex. 1).
12  Witte responded by referring to Chordiant's Code of Business Conduct, which he says,
13  indicates that Chordiant's Compliance Officer (i.e., Witte, during the relevant time period) and
14  individual supervisors would have such authority.  Witte represents that he is unable to provide
15  more specific information because he has not been a Chordiant employee for over a year and
16  did not take any Chordiant information with him.  Plaintiffs' motion as to this interrogatory is
17  denied.

18      The remaining interrogatories at issue, Interrogatories 2-5 and 10-13, ask Witte to (a)
19  describe his involvement in Chordiant's reported decision to remove Netbula's software from
20  Chordiant's products; (b) describe all of his communications with Chordiant employees that led
21  to the conclusion that Chordiant had distributed 953 copies of Netbula's software; and (c)
22  describe all of his communications with Chordiant employees as to copyright compliance issues
23  re Netbula's software and to identify each such employee.

24      Plaintiffs say that they want nothing more than the information that ordinarily would
25  appear on a privilege log.  But their motion indicates that what they really want is for Witte to
26  explain (i.e., through descriptions of his role in certain decisions and his communications with
27  Chordiant employees) how his investigation supports the 953 figure reported to Dr. Yue.  (Mot.
28  at 12).  Defendants say that, in response to Interrogatory 6 (which is not at issue in the instant

1  motion), they have already provided factual information as to how the 953 figure was
2  calculated.  (See Cortes Decl., Ex. 2).
3       In any event, under the circumstances presented here, the information plaintiffs seek is
4  covered by the attorney-client privilege and the work product doctrine.  See Witte Decl., ¶¶ 2-3;
5  see also In re Grand Jury Subpoena, 357 F.3d 900, 906 (9th Cir.2004); Plumbers & Pipefitters
6  Local 572 Pension Fund v. Cisco Sys., Inc., No. C01-20418JW, 2005 WL 1459555 (N.D. Cal.,
7  June 21, 2005).  Plaintiffs contend that Witte waived any privilege or protection by responding
8  the their license usage inquiries.  The record presented, however, indicates that in response to
9  plaintiffs' inquiries, Witte disclosed only facts, not the substance of any privileged
10 communications.  Moreover, plaintiffs have not demonstrated a substantial need for the
11 information that would justify an intrusion upon work product materials.  Plaintiffs' cited
12 authority, Chevron Corp. v. Pennzoil Co., 974 F.2d 1156, 1162 (9th Cir. 1992), is inapposite
13 because there is no indication that defendants are using any privilege or work product as both a
14 "sword" and a "shield."  Finally, plaintiffs have presented nothing but speculation as to the
15 existence of any crime-fraud exception and have not met their burden in establishing the need
16 for an *in camera* review to determine if that exception to privilege applies.  In re Napster, Inc.
17 Copyright Litig., 479 F.3d 1078, 1090-95 (9th Cir. 2007).  Plaintiffs' motion as to
18 Interrogatories 2-5 and 10-13 is denied.
19 B.    Plaintiffs' Motion to Compel Documents (Request Nos. 1-5)
20      Request Nos. 1 and 2 seek all documents evidencing Witte's "titles, positions, powers,
21 duties and responsibilities" at Chordiant and any of Chordiant's related entities, as well as "the
22 amount of bonuses, benefits, awards, commissions, incentive programs, stock option programs
23 and other financial benefits [Witte was] or might have been entitled to receive from
24 [Chordiant]."  (Cortes Decl., Ex. 3).  Plaintiffs argue that Witte's production is incomplete
25 because he responded only by referencing "publicly available records."  Witte contends that
26 these requests are so overbroad as to encompass documents that are neither relevant nor
27 reasonably calculated to lead to discovery of admissible evidence.  In any event, he says that
28 after conducting a thorough search, he found and produced a resume describing his experience

3

1   at Chordiant. Witte represents that he has no other responsive documents in his possession,
2   custody or control because he was obliged to leave all Chordiant documents with Chordiant
3   when he left the company in June 2008. Any responsive documents, according to Witte, are
4   therefore in Chordiant's possession, custody or control. (Witte Decl. ¶ 8, Ex. D).

5   This court rejects plaintiffs' contention that Chordiant's documents are deemed to be
6   within Witte's control by virtue of Chordiant's and Witte's status as co-defendants. See Nissei
7   America, Inc. v. Cincinnati Milacron, Inc., 95 F.R.D. 471, 475 (N.D. Ill. 1982) ("[W]e have not
8   found a case in which a party has been required to compel its attorney to answer interrogatories
9   about the affairs of other clients represented by that attorney."); see also Smith v. SGS North
10  America, Inc., No. 2007-CV-0014, 2008 WL 4588742 *1 (D.V.I., Oct. 10, 2008) ("Merely
11  because counsel for said Defendant also represents co-Defendant does not mean that
12  information within the control of Co-Defendant is 'available' to said Defendant"). In any event,
13  Chordiant says that it has already produced (or logged as privileged) all documents that
14  plaintiffs seek. Additionally, inasmuch as plaintiffs apparently have been aware that Witte no
15  longer works for Chordiant, this court is unpersuaded that they have somehow been prejudiced
16  in their discovery efforts as to Chordiant's documents. Plaintiffs' motion as to these requests is
17  denied.

18  With respect to Request No. 3, plaintiffs' motion is denied. Plaintiffs essentially seek all
19  communications that Witte has ever had, at any time, with anyone about Netbula or Netbula's
20  software. This request is unreasonably overbroad. At any rate, Witte represents that the only
21  responsive documents that he has in his possession, custody or control are communications with
22  his attorneys that post-date the filing of the instant action. (Witte Decl. ¶ 10). Consistent with
23  prior rulings of this court, defendants need not provide a privilege log as to such privileged
24  communications or work product.

25  As for Request Nos. 4 and 5, plaintiffs seek the production of all documents supporting
26  Witte's statements in his December 21, 2007 email to Dr. Yue that Chordiant had distributed
27  953 copies of Netbula's software. (See Yue Decl., Ex. 1; Cortes Decl., Ex. 3). On the record
28  presented, and for the same reasons stated in connection with plaintiffs' interrogatories, this

4

court finds that these requests seek documents that are protected by the attorney-client privilege and/or the work product doctrine, there has been no waiver, and plaintiffs have not made a sufficient showing for an *in camera* review to determine whether the crime-fraud exception applies. Moreover, Witte represents that he no longer has any responsive documents in his possession, custody or control. As discussed above, Chordiant's documents are not deemed to be within Witte's control by virtue of his status as Chordiant's co-defendant, and Chordiant says that it has already identified all responsive documents on its privilege log. The motion as to Request Nos. 4 and 5 is denied.

SO ORDERED.

Dated: November 18, 2009

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5

5:08-cv-00019-JW Notice has been electronically mailed to:

Albert L. Sieber asieber@fenwick.com

Antonio Luis Cortes corteslaw@comcast.net

Jedediah Wakefield jwakefield@fenwick.com, docketcalendarrequests@fenwick.com, rjones@fenwick.com

Laurence F. Pulgram lpulgram@fenwick.com, mknoll@fenwick.com

Liwen Arius Mah lmah@fenwick.com, docketcalendarrequests@fenwick.com, jphan@fenwick.com, kragab@fenwick.com, rjones@fenwick.com

Mary Elizabeth Milionis dgarrett@fenwick.com, MMilionis@Fenwick.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.