*E-FILED 12-16-2009*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NETBULA, LLC and DONGXIAO YUE,<br><br>    Plaintiffs,<br>  v.<br><br>CHORDIANT SOFTWARE, INC., STEVEN R. SPRINGSTEEL, and DEREK P. WITTE,<br><br>    Defendants.<br>_____/ | No. C08-00019 JW (HRL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL**<br><br>[Re: Docket No. 247] |

Plaintiffs Netbula LLC ("Netbula") and Dongxiao Yue sue for alleged copyright infringement of Netbula's software products. Presently before this court is plaintiffs' motion to compel documents and a supplemental privilege log. Defendants oppose the motion. Upon consideration of the moving and responding papers, as well as the arguments of counsel, this court grants the motion in part and denies it in part.

A.  Chordiant's Licensing Documents

Plaintiffs move to compel the production of all licenses for the Chordiant Marketing Director and Prime@Vantage products. Defendants represent to the court that after conducting a diligent inquiry and reasonable search, they have already produced all responsive, non-privileged documents in their possession, custody or control. Within ten days from the date of this order, defendants shall provide plaintiffs with declaration(s) from appropriate person(s), under penalty of perjury, attesting to the same. Plaintiffs' motion is otherwise denied because

1  based on the record presented, there now appear to be no more documents to compel.

2  B.     Defendants' Privilege Log

3  Plaintiffs contend that defendants' supplemental privilege log is deficient. They also
4  argue that defendants improperly invoked Fed. R. Civ. P. 26(b)(5)'s so-called "claw back"
5  provision to demand the return of an email string that defendants now claim is privileged in
6  part. Defendants say that they have produced a redacted version of that email string. Plaintiffs
7  remain skeptical as to claims of privilege or other protection for the remainder of the documents
8  on defendants' privilege log. They request that this court conduct an *in camera* review of every
9  logged document to determine whether any are being improperly withheld. Alternatively,
10 plaintiffs seek an order directing defendants to redact any privileged information from the
11 logged documents and to produce the redacted copies to plaintiffs.

12 Plaintiffs' motion is granted in part and denied in part as follows: Defendants shall
13 promptly review the documents on their privilege log and confirm whether any of those
14 documents should be produced in redacted form. If so, the redacted documents shall be
15 produced within 10 days from the date of this order. If not, then defendants shall provide
16 declaration(s) from appropriate person(s) confirming that, following a further review of the
17 logged documents, none can appropriately be produced in redacted form. Plaintiffs' motion on
18 these issues is otherwise denied in all other respects. They have not convincingly demonstrated
19 that a further supplemental privilege log and an *in camera* review of all of Chordiant's logged
20 documents are warranted.

21 C.     Defendants' Revenue Spreadsheets

22 Plaintiffs move to compel the production of documents underlying defendants' revenue
23 spreadsheets. Even if this matter properly were included in the instant motion,[1] defendants say
24 that (a) other than documents that have already been produced (e.g., invoices, purchase orders,
25 license agreements, customer communications and the revenue spreadsheets in question), there
26 are no further underlying documents to be produced; and (b) there are no underlying documents

---

[1] Plaintiffs identified this issue for the first time in their reply brief, reportedly without first meeting-and-conferring with defendants, and in any event, well after the close of discovery and after the deadline for filing motions to compel had passed.

2

for the produced revenue spreadsheets or the allocation of revenue with respect to the accused Chordiant Marketing Director product. (<u>See, e.g.</u>, Kitchen Decl. ISO Defendants' Sur-Reply). Based on the record presented, it appears that there are no further documents to be produced. Accordingly, plaintiffs' motion is denied.

SO ORDERED.

Dated: December 16, 2009

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1  5:08-cv-00019-JW Notice has been electronically mailed to:

2  Albert L. Sieber asieber@fenwick.com

3  Antonio Luis Cortes corteslaw@comcast.net

4  Jedediah Wakefield jwakefield@fenwick.com, dlacykusters@fenwick.com, docketcalendarrequests@fenwick.com, rjones@fenwick.com, rmarton@fenwick.com

5

6  Laurence F. Pulgram lpulgram@fenwick.com, mknoll@fenwick.com

7  Liwen Arius Mah lmah@fenwick.com, docketcalendarrequests@fenwick.com, jphan@fenwick.com, kragab@fenwick.com, rjones@fenwick.com

8  Mary Elizabeth Milionis MMilionis@Fenwick.com, cprocida@fenwick.com

9  Ryan Jared Marton rmarton@fenwick.com

10 Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.