*E-FILED 12-16-2009*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NETBULA, LLC and DONGXIAO YUE,<br><br>    Plaintiffs,<br>  v.<br><br>CHORDIANT SOFTWARE, INC., STEVEN R. SPRINGSTEEL, and DEREK P. WITTE,<br><br>    Defendants.<br>_____/ | No. C08-00019 JW (HRL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL**<br><br>[Re: Docket No. 253] |

Plaintiffs Netbula LLC ("Netbula") and Dongxiao Yue sue for alleged copyright infringement of Netbula's software products. Presently before this court is defendants' motion to compel documents[1] and a supplemental privilege log. Plaintiffs oppose the motion. Upon consideration of the moving and responding papers, as well as the arguments of counsel, this court grants the motion in part and denies it in part.

A.    <u>Defendants' Fifth Set of Requests for Production</u>

Plaintiffs' responses to these requests were due over a month ago; and, according to defendants, those responses have yet to be served. Defendants now seek an order deeming plaintiffs' objections waived and compelling plaintiffs to produce all responsive documents in their possession, custody, or control. Plaintiffs say that, although they have not served their

---

[1] The document requests at issue are Request for Production Nos. 6-12, 33-34, 36-38, 42, 58-59, 62-65, 68-70 and 78-79.

written responses, they produced all documents called for by these requests either before or shortly after the response deadline.

The failure to timely respond to a discovery request constitutes a waiver of any objection. See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.1992). Nevertheless, courts have broad discretion to grant relief, on a case-by-case basis, from any such waiver upon a showing of good cause. See Blumenthal v. Drudge, 186 F.R.D. 236, 240 (D. D.C. 1999). In exercising its discretion, the court evaluates relevant factors, including: (1) the length of the delay; (2) the reason for the delay; (3) the existence of bad faith; (4) the prejudice to the party seeking the disclosure; (5) the nature of the request; and (6) the harshness of imposing the waiver. Hall v. Sullivan, 231 F.R.D. 468, 474 (D. Md. 2005).

Based upon the circumstances presented, this court finds that, on balance, a finding of waiver is not warranted. Nevertheless, plaintiffs shall serve, within 10 days of the date of this order, their written responses to these requests. In response to each request, plaintiffs shall affirm that they have conducted a diligent inquiry and reasonable search and produced all responsive, non-privileged documents in their possession, custody, or control. To the extent plaintiffs claim that any document is privileged or otherwise protected from discovery, plaintiffs shall identify each such document on a privilege log.

B.  Emails to and from price@netbula.com

Defendants sought the production of emails to and from the above-identified address relating to the pricing of the Netbula products at issue. At oral argument, however, defendants confirmed that there is no longer any issue here. Accordingly, their motion as to these documents is denied as moot.

C.  Netbula's website "shopping cart" records

Defendants sought further production of Netbula's website "shopping cart" information. At the motion hearing, however, defendants stated that this issue is moot, except for the documents identified by plaintiffs in their opposition papers by production numbers NC10068-71. Plaintiffs claim that those documents were produced on November 18, 2009, but they have no objection to producing them to defendants again. Accordingly, plaintiffs shall produce the

1 documents numbered NC10068-71 within ten days from the date of this order. Defendants'
2 motion is otherwise denied as moot.

3 D. <u>Source code revision history</u>

4 Defendants move to compel the source code revision history for the Netbula products at
5 issue. Plaintiffs claim that they do not have any such revision history for the Windows version
6 of Netbula's products. Defendants believe that there may be responsive revision histories for
7 other versions of Netbula's products (e.g., Java version or earlier versions of the allegedly
8 infringed Windows product). There is no apparent dispute as to the relevance of the requested
9 information. Nor is there any assertion that the documents sought are privileged or otherwise
10 protected from discovery. Accordingly, defendants' motion as to these documents is granted as
11 follows: If plaintiffs have any source code revision history for any of the asserted Netbula
12 products, they shall produce all such documents within ten days of the date of this court's order.

13 E. <u>Non-Native Source Code Files</u>

14 Defendants claimed that plaintiffs have refused to produce source code that exists only
15 in non-native format. Plaintiffs represent to the court that all such documents have been
16 produced. Defendants' motion as to these documents is denied. Based on the record presented,
17 there appears to be nothing more to compel.

18 F. <u>Plaintiffs' Privilege Log</u>

19 By lumping documents together on their privilege log entries (in some instances, for
20 periods of up to seven years per entry), plaintiffs have obscured what documents are being
21 withheld and why. Defendants' motion as to this issue is therefore granted. Within ten days of
22 the date of this order, plaintiffs shall serve a supplemental privilege log which identifies, on a
23 document-by-document basis, the nature of the document being withheld and the basis for the
24 asserted privilege or other protection. <u>See</u> FED. R. CIV. P. 26(b)(5).

25 SO ORDERED.

26 Dated: December 16, 2009

27
28                                                      HOWARD R. LLOYD
                                                        UNITED STATES MAGISTRATE JUDGE

3

1  5:08-cv-00019-JW Notice has been electronically mailed to:

2  Albert L. Sieber asieber@fenwick.com

3  Antonio Luis Cortes corteslaw@comcast.net

4  Jedediah Wakefield jwakefield@fenwick.com, dlacykusters@fenwick.com, docketcalendarrequests@fenwick.com, rjones@fenwick.com, rmarton@fenwick.com

5

6  Laurence F. Pulgram lpulgram@fenwick.com, mknoll@fenwick.com

7  Liwen Arius Mah lmah@fenwick.com, docketcalendarrequests@fenwick.com, jphan@fenwick.com, kragab@fenwick.com, rjones@fenwick.com

8  Mary Elizabeth Milionis MMilionis@Fenwick.com, cprocida@fenwick.com

9  Ryan Jared Marton rmarton@fenwick.com

10 Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

4