LAURENCE F. PULGRAM (CSB NO. 115163)
lpulgram@fenwick.com
JEDEDIAH WAKEFIELD (CSB NO. 178058)
jwakefield@fenwick.com
MARY E. MILIONIS (CSB NO. 238827)
mmilionis@fenwick.com
LIWEN A. MAH (CSB NO. 239033)
lmah@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350

Attorneys for Defendant
CHORDIANT SOFTWARE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NETBULA, LLC and DONGXIAO YUE,<br><br>Plaintiffs,<br><br>v.<br><br>CHORDIANT SOFTWARE, INC., a Delaware corporation,<br><br>Defendant. | Case No. 5:08-cv-00019-JW (HRL)<br><br>**DEFENDANT'S MOTION *IN LIMINE* NO. 5 TO EXCLUDE LEGAL OPINION TESTIMONY**<br><br>Final Pretrial<br>Conference: March 22, 2010<br>Time: 11:00 a.m.<br>Courtroom: 8, 4th Floor<br>Judge: The Honorable James Ware |

| | |
|---|---|
| 1 | **NOTICE OF MOTION AND MOTION** |
| 2 | TO ALL PARTIES AND THEIR COUNSEL OF RECORD: |
| 3 | PLEASE TAKE NOTICE THAT Defendant Chordiant Software, Inc. ("Chordiant") will |
| 4 | and hereby does move the Court *in limine*, pursuant to the September 24, 2009 pre-trial order |
| 5 | [Docket No. 154], for an order barring the presentation of any testimony stating Dr. Yue's legal |
| 6 | opinions or conclusions, such as opinions that conduct is "infringement" or is "willful," or |
| 7 | opinions concerning the legal interpretation of licensing terms. |
| 8 | Chordiant's motion is based upon this Notice of Motion and Motion, the accompanying |
| 9 | Memorandum of Points and Authorities, the Declaration of Jedediah Wakefield in support of |
| 10 | Defendant's motions *in limine* ("Wakefield Decl."), the pleadings and other papers on file with |
| 11 | the Court in this matter, and such further argument and evidence which may be presented at or |
| 12 | before the pretrial conference. |
| 13 | **MEMORANDUM OF POINTS AND AUTHORITIES** |
| 14 | **INTRODUCTION** |
| 15 | Over the course of this litigation, Plaintiff Dongxiao Yue has submitted multiple |
| 16 | declarations making statements of legal opinions or conclusions. Chordiant anticipates that Dr. |
| 17 | Yue may continue this practice at trial and attempt to introduce similar testimony, representing, |
| 18 | for instance, that Chordiant's products "infringe" Plaintiffs' copyrights or that such actions were |
| 19 | "willful," or that certain materials constitute "derivative works." Chordiant further anticipates |
| 20 | that Dr. Yue will offer opinions as to the proper construction of licensing documents from |
| 21 | Chordiant, Netbula, or third parties, such as opinions that certain contractual provisions constitute |
| 22 | "conditions" rather than "covenants" or that Chordiant "breached" certain agreements. |
| 23 | Testimony of this nature—which states a legal opinion or conclusion—is inadmissible. It |
| 24 | improperly usurps both the Court's role in advising the jury of the law and the jury's role in |
| 25 | applying that law. Further, allowing such testimony to be admitted only serves to foster undue |
| 26 | jury confusion as to the legal standards applicable to this case, and the means by which they are to |
| 27 | be applied. The risk of prejudice is particularly acute here, where Dr. Yue hopes to testify as an |
| 28 | expert. Accordingly, Chordiant requests that this Court issue an order barring Plaintiffs from |

presenting any testimony or evidence that provides a legal opinion or conclusion.

**STATEMENT OF ISSUES TO BE DECIDED**

Should Plaintiffs be permitted to present testimony from Dr. Yue constituting a legal opinion or conclusion?

I.  **ARGUMENT**

   A.  **Plaintiffs Should Be Barred From Presenting Any Testimony Constituting A Legal Opinion Or Conclusion**

Testimony that states a legal conclusion or opinion is not admissible. *See Nationwide Transp. Fin. v. Cass Info Sys.*, 523 F.3d 1051, 1058–60 (9th Cir. 2008) (excluding testimony relating to the application of the UCC and agency law to the facts of the case and that labeled the parties actions as either "wrongful" or "intentional"). The committee notes to Rule 704 make explicit that Rules 701, 702, and 403 "stand ready to exclude opinions phrased in terms of inadequately explored legal criteria." Fed. R. Evid. 704, Advisory Committee Notes. Furthermore, allowing the admission of such opinion testimony would wrongfully impinge on the court's exclusive role in instructing the jury as to the law and the jury's role of applying that law to the facts of the present case. *See, e.g.*, *Nationwide Transp. Fin.*, 523 F.3d at 1058 ("instructing the jury as to the applicable law is the distinct and exclusive province of the court"); *Specht v. Jensen*, 853 F.2d 805, 808 (10th Cir. 1988) (noting that testimony embracing a legal conclusion or opinion would constitute an "inadmissible . . . invasion of the province of the judge" and that "testimony which articulates and applies the relevant law . . . circumvents the jury's decision-making function by telling it how to decide the case") (internal quotations omitted); *Torres v. County of Oakland*, 758 F.2d 147, 149–50 (6th Cir. 1985) (excluding testimony concerning whether someone was "discriminated against" as providing an impermissible legal conclusion and noting that "[t]he problem with testimony containing a legal conclusion is conveying the witness' unexpressed, and perhaps erroneous, legal standards to the jury"). Courts generally assess whether or not opinion testimony illegitimately embraces a legal conclusion by determining whether the terms used by the witness have a "separate, distinct and specialized meaning in the law." *Torres*, 758 F.2d at 151.

Opinion testimony of this sort is inadmissible regardless of whether it is offered as expert opinion testimony under Federal Rule of Evidence 702 or lay opinion testimony under Federal Rule of Evidence 701. *See Nationwide Transp. Fin.*, 523 F.3d at 1058–60. In the former context, expert testimony that merely provides a legal opinion or conclusion cannot satisfy the explicit prerequisites for admission under Rule 702 because such testimony cannot assist the trier of fact. *See* Fed. R. Evid. 702; *Specht*, 853 F.2d at 807. Likewise, in the latter context, lay opinion testimony offering a legal opinion or conclusion is inadmissible simply because it cannot possibly be considered helpful to the jury, as is explicitly required by Rule 701(b). Fed. R. Evid. 701(b) (requiring that lay opinion testimony must be "helpful to a clear understanding of the witness' testimony or the determination of a fact in issue."); *Nationwide Transp. Fin.*, 523 F.3d at 1059 (noting that lay legal opinion testimony is not helpful to a clear understanding of the testimony or a fact in issue). Under both Rules 701 and 702, exclusion of opinion testimony is left to the court's sound discretion. *See Nationwide Transp. Fin.*, 523 F.3d at 1057–58.

Based on Dr. Yue's previous conduct in this and related cases, Chordiant believes that Dr. Yue will attempt to offer testimony at trial stating legal opinions or conclusions, most likely that the Defendant committed "copyright infringement" or that such conduct was "willful,"[1] that certain provisions of Netbula licenses should be interpreted as "conditions" rather than "covenants" (thus supporting his claim of infringement, rather than a contractual claim), or otherwise impermissibly offering legal interpretations of various licenses—including third party licenses—relevant to this case. Statements encompassing these topics are nothing but unadulterated legal opinions, with no possibility of aiding the jury in reaching an appropriate verdict. Accordingly any such testimony must be excluded.

**B.     Plaintiffs Should Be Barred From Presenting Any Testimony Concerning Whether Conduct Constitutes "Infringement," Or Is "Willful"**

Plaintiff Dongxiao Yue has already made multiple sworn declarations to this Court

---

[1] As discussed more fully in Chordiant's Motion in Limine No. 4, Chordiant submits that the issue of "willfulness" is not relevant to damages in this action, since under the Copyright Act, willfulness is only relevant to the enhancement of *statutory* damages—damages to Plaintiffs are not entitled. *See* Dkt. No. 353 (granting summary judgment as to statutory damages).

asserting that Chordiant's Marketing Director product is "infringing." *See* Declaration of Dongxiao Yue on Status of Discovery, Dkt. No. 182 ¶ 26; Declaration of Dongxiao Yue in Opposition to Derek Witte's Motion for Summary Judgment, Dkt. No. 277 ¶ 14. Accordingly, Defendant is rightfully concerned that such testimony will also be offered at trial. These concerns are compounded by Dr. Yue's desire to be qualified as an "expert" witness.

Whether or not any given work infringes a copyright is without question a complex question involving myriad individual legal conclusions. There can be little doubt that "copyright infringement" is a term of art in the law with a specialized meaning. *See, e.g.*, 17 U.S.C. § 501. Accordingly, courts have refused to allow witnesses to testify under Rules 701 and 704 as to whether or not a given work actually infringes copyright. *See Miracle Blade, LLC v. Ebrands Commerce Group, LLC*, 207 F. Supp. 2d 1136, 1145 (D. Nev. 2002) (refusing to consider declaration testimony offered that "there is no copyright infringement" under Federal Rules of Evidence 701 and 704 as an impermissible legal conclusion). As such, any testimony offered by Dr. Yue that Chordiant's products "infringe" or that Chordiant's actions constituted "copyright infringement" necessarily involve complex legal conclusions and should be excluded.

Likewise, whether alleged infringement was "willful" directly implicates legal conclusions and opinions. While the Copyright Act does not explicitly define what "willful" conduct is for the purposes of copyright infringement, the Ninth Circuit has held that "willful" means acting "with knowledge that [one's] conduct constitutes copyright infringement." *Dolman v. Agee*, 157 F.3d 708, 715 (9th Cir. 1998). This definition, in turn, hinges on a legal conclusion as to whether conduct is "infringing," and thus has a meaning separate and distinct from that used in the general public. *See Torres*, 758 F.2d at 151; *see also Nationwide Transp. Fin.*, 523 F.3d at 1058–60 (upholding decision to exclude testimony that certain conduct was "intentional"). Accordingly, any testimony provided by Plaintiffs that Chordiant's conduct was "willful" or "intentional" would necessarily constitute a legal opinion and be inadmissible. *See Paradigm Sales, Inc. v. Weber Marking Sys., Inc.*, 880 F. Supp 1247, 1255 (N.D. Ind. 1995) (excluding proposed testimony that a defendant's conduct constituted "willful" patent infringement as an impermissible legal conclusion).

Further, allowing Plaintiffs to present any testimony stating that Chordiant's Marketing Director product infringes any of its copyrights or that such infringement was willful would run the serious risk of conveying to the jury an erroneous legal standard. *See Torres*, 758 F.2d at 149–50. This, in turn, would create an unacceptable risk of jury confusion. *See* Fed. R. Evid. 403; *United States v. Sua*, 307 F.3d 1150, 1153 (9th Cir. 2002) (upholding the trial court's exclusion of evidence that would mislead the jury); *Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1996) (upholding the exclusion of unfairly prejudicial evidence). As such, this or any similar legal opinion testimony should be excluded.

### C. Plaintiffs Should Be Barred From Presenting Any Testimony as to the Legal Effect of Licensing Terms

In addition to offering opinions about alleged "infringement," Chordiant anticipates that Dr. Yue may attempt to testify about the legal interpretation of a variety of contractual documents—Netbula's, Chordiant's, and various third party agreements. In depositions and submissions to the Court, Dr. Yue has repeatedly purported to interpret and offer opinions on the legal effects of the various license-related documents. Plaintiffs should not be permitted to offer opinions or legal conclusions as to the interpretation of contracts—a question to be decided by the Court. *See* Fed. R. Evid. 701; *see also Evangelista v. Inlandboatmen's Union of Pac.*, 777 F.2d 1390, 1398 n.3 (9th Cir. 1985) (lay opinion construing contract provisions is inadmissible).

By way of example, in his November 23, 2009 declaration in this case, Dr. Yue offers the opinion that Chordiant "violated" the "LGPL"—a third party license. Declaration of Dongxiao Yue in Opposition to Chordiant Software, Inc.'s Motion to Exclude the Expert Testimony of Scott Hampton, Dkt. No. 271 ¶ 9. Setting aside Dr. Yue's lack of personal knowledge as to third party licenses or Chordiant's compliance with them, Dr. Yue's opinions about the proper construction of the LGPL invades the province of the Court.

Similarly, Dr. Yue may seek to offer opinions about whether certain conduct is within the "scope" of a particular license grants. This issue, and the related questions of whether the terms of Netbula's licenses constitute "conditions" or "covenants," is complex a legal question, and not properly the subject of witness testimony at trial. Whether terms of a license constitute

1 independent covenants or conditions is the central legal question in determining whether alleged
2 conduct constitutes copyright infringement, or merely gives rise to a breach of contract action.
3 *See Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1121–22 (9th Cir. 1999) (deciding
4 whether a license term was a covenant or condition as a matter of law). The determination of
5 whether license terms constitute covenants or conditions is a complex question to be determined
6 under state contract law. *Id*. As such, any testimony that given terms in licenses are conditions
7 rather than covenants would necessarily and inappropriately invade the province of the Court.

### CONCLUSION

For the foregoing reasons, Chordiant respectfully requests that this Court order that Plaintiffs may disclose to the jury, directly or indirectly, any testimony as to legal opinions of Dr. Yue.

Dated: February 22, 2010  FENWICK & WEST LLP

By: */s/ Jedediah Wakefield*
Jedediah Wakefield

Attorneys for Defendant
CHORDIANT SOFTWARE, INC.