LAURENCE F. PULGRAM (CSB NO. 115163)
*lpulgram@fenwick.com*
JEDEDIAH WAKEFIELD (CSB NO. 178058)
*jwakefield@fenwick.com*
MARY E. MILIONIS (CSB NO. 238827)
*mmilionis@fenwick.com*
LIWEN A. MAH (CSB NO. 239033)
*lmah@fenwick.com*
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350

Attorneys for Defendant
CHORDIANT SOFTWARE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NETBULA, LLC and DONGXIAO YUE,<br><br>Plaintiffs,<br><br>v.<br><br>CHORDIANT SOFTWARE, INC., a Delaware corporation,<br><br>Defendant. | Case No. 5:08-cv-00019-JW (HRL)<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION *IN LIMINE* NO. 8 TO EXCLUDE PLAINTIFF'S TESTIMONY CONCERNING DEFENDANT'S ALLEGED PROFITS**<br><br>Final Pretrial<br>Conference: March 22, 2010<br>Time: 11:00 a.m.<br>Courtroom: 8, 4th Floor<br>Judge: The Honorable James Ware |

# MEMORANDUM OF POINTS AND AUTHORITIES

In Motion *in Limine* No. 8, Chordiant seeks an order barring the presentation of testimony from Dr. Dongxiao Yue—who has *no* personal knowledge of Chordiant's business, *no* personal knowledge of Chordiant's income or expenses, *no* personal knowledge of Chordiant's customers, and *no* qualification to testify as a damages expert—regarding Chordiant's alleged revenue, deductible expenses, or profit apportionment. As is a consistent theme in their opposition briefs, Plaintiffs feign ignorance of the relief sought, and then claim that the motion should be denied because they do not know what Dr. Yue or other witnesses might say at trial. It is precisely this problem that *in limine* motions are meant to avoid. The parties should know in advance of trial what arguments and evidence are off limits, rather than attempting to cure the prejudicial presentation of inadmissible evidence in front of the jury with objections or limiting instructions. Chordiant should not be forced at trial to put the proverbial toothpaste back in the tube.

In all events, Plaintiffs know perfectly well what evidence would be excluded here. The Court should not be distracted by Plaintiffs' efforts to conflate evidence about technical matters with evidence about finances. To the extent Dr. Yue seeks to testify about what software does and how it works (and to the extent he is sufficiently qualified and such evidence is otherwise admissible), Chordiant has no objection. But Dr. Yue must not be permitted to testify about Chordiant's *financials*—about the revenues it made or how it made it, the relationship between revenue from Chordiant's different product lines, or about the expenses Chordiant paid or why it paid them. Plaintiffs make absolutely no effort to rebut Chordiant's position that Dr. Yue is wholly unqualified to testify about such matters. Accordingly, such evidence should be excluded under Federal Rule of Evidence 602, 701 and 702.

Dated: March 5, 2010        FENWICK & WEST LLP

By:   */s/ Jedediah Wakefield*
    Jedediah Wakefield

Attorneys for Defendant
CHORDIANT SOFTWARE, INC.

26257/00401/SF/5289338.1

DEFENDANT'S REPLY ISO MOTION *IN LIMINE* NO. 8   -1-   CASE NO. 5:08-CV-00019-JW (HRL)