ANTONIO L. CORTÉS
Attorney at Law (CA Bar No. 142356)
528 Wisteria Way
San Rafael, California 94903
Tel: 415-256-1911
Fax: 415-256-1919

Browne Woods George LLP
Peter W. Ross (SBN 109741)
Peter Shimamoto (SBN 123422)
2121 Avenue of the Stars, Suite 2400
Los Angeles, CA 90067
Tel: 310.274.7100 / Fax: 310.275.5697
Email: pross@bwgfirm.com
       pshimamoto@bwgfirm.com
Attorney for Plaintiffs
Netbula, LLC and
Dongxiao Yue

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| DONGXIAO YUE and NETBULA, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> CHORDIANT SOFTWARE, INC., *et al.* <br><br> Defendant | CASE NO.  CV 08-0019-JW <br><br> **NOTICE AND MOTION FOR EXPENSES AND ATTORNEYS' FEES (F.R.Civ. Proc. 37(c) *etc.*)** <br><br> Hearing Date:  July 19, 2010 <br> Hearing Time: 9:00 am <br> Location:  Courtroom 8 <br> Judge:  Honorable James Ware |

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

0

**NOTICE AND MOTION FOR EXPENSES AND ATTORNEYS' FEES (Rule 37(c)**

**TABLE OF CONTENTS**

NOTICE OF MOTION   ...................................................................   1

RELIEF SOUGHT  .......................................................................   1

POINTS AND AUTHORITIES  .....................................................   1

   A. Introduction.  ...................................................................   1

   B. Applicable Standards.  .......................................................   2

   C. The Cost to Plaintiffs of Chordiant's Unfair Denials   ...................   3
      and Their Effect on Plaintiffs.

      1. Chordiant's Failure to Admit Request Nos. 18, 19, ..........   3
        20, 21, and 22.

      2.  Chordiant's Failure to Admit Request Nos.  72 & 73  ......   13

      3. Chordiant's Failure to Admit Request No. 64  ...................   16

      4. Chordiant's Failure to Admit Request Nos. 87 and 88  .....   17

      5. Chordiant's Failure to Admit Request Nos. 97, 98, and 99   19

   D. The Cost of Preparing This Motion   .............................................   21

CONCLUSION   ..........................................................................   21

**TABLE OF AUTHORITIES**

Rules of Procedure

F. R. Civ. Proc. Rule 11(c) ......................................................   1, 3, 13, 22

F. R. Civ. Proc. Rule 26(g) ......................................................   1, 3, 13, 22

F. R. Civ. Proc. Rule 37(c)  ......................................................   1, 3, 22

F. R. Civ. Proc. Rule 37(c)(2)  ......................................................   2, 13, 21

Civil Local Rule  L-R 54-3  ......................................................   13, 16, 19, 21

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

i

NOTICE AND MOTION FOR EXPENSES AND ATTORNEYS' FEES (Rule 37(c)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

27

28

Statutes

28 U.S.C. § 1927 ................................................................................... 1, 3, 13, 22

Precedent

A & V Fishing, Inc., v. Home Ins. Co., 145 F.R.D. 285, ......................................... 3
    24 F. Rules Serv. 3d 1475 (D. Mass 1993)
Diederich v. Department of Army, 132 F.R.D. 614 (S.D.N.Y 1990) ...................... 4
Herrera v. Scully, 143 F.R.D. 545 (S.D.N.Y. 1992) ................................................. 2
House v. Giant of Maryland, 232 F.R.D. 257 (D. Md. 2005) ................................. 21
Loskot v. Dayton Hudson Corp., 2002 U.S. Dist. LEXIS 28182 (E.D. Cal. 2002) 4

**NOTICE AND MOTION FOR EXPENSES AND ATTORNEYS' FEES (Rule 37(c)**

## NOTICE OF MOTION

PLEASE TAKE NOTICE THAT, on July 19, 2010, in Courtroom 8 on the

4th floor of the United States District Court, Northern District of California, San Jose

Division, located at 280 South 1st Street, San Jose, California, at 9:00 a.m. or as soon

thereafter as this matter may be heard, Plaintiffs Netbula, LLC and Dongxiao Yue will most

respectfully request this honorable Court to issue an order granting them expenses and

attorneys' fees incurred in proof of denied matters pursuant to F. R. Civ. Proc. Rule 37(c),

and, to the extent not available under that rule, pursuant to F. R. Civ. Proc. Rule 26(g), F. R.

Civ. Proc. Rule 11(c), and/or 28 U.S.C. § 1927.

## RELIEF SOUGHT

Plaintiffs seek an order awarding them their attorneys' fees and costs for

certain efforts to prove certain matters denied by Chordiant in response to Requests for

Admission.

## POINTS AND AUTHORITIES

**A.      Introduction.**

Early in discovery, Plaintiffs requested Chordiant to admit a number of

matters to establish that Chordiant did not have a license to copy Plaintiffs' Java product.

Chordiant denied those requests, and persisted in that denial until after trial had

commenced, causing Plaintiffs to reasonably expend large amounts of attorney time

preparing to prove that Chordiant did not have such a license.

Late in discovery, Plaintiffs requested Chordiant to admit a number of other

critical facts, that Chordiant also denied, causing Plaintiffs to reasonably expend additional

amounts of attorney time preparing to prove that Chordiant did not have such a license.

1

**NOTICE AND MOTION FOR EXPENSES AND ATTORNEYS' FEES (Rule 37(c)**

1           Plaintiffs should be compensated for those unfair denials, and the long hours

2 of attorney time those denials required Plaintiffs' counsel in devote to proving the matters

3 denied.

4      **B.**      **Applicable Standards.**

5

6           Under Rule 37, "If a party fails to admit what is requested under Rule 36 and

7 if the requesting party later proves . . . the matter true, the requesting party may move that

8 the party who failed to admit pay the reasonable expenses, including attorneys' fees,

9 incurred in making that proof."  F. R. Civ. Proc. Rule 37(c)(2).  "The court *must* so order"

10 unless the request was objectionable, the admission was of no substantial consequence, the

11 party failing to admit had a reasonable ground to believe the matter should not be admitted,

12 or there was other good reason for the failure to admit.  *id.*  [emphasis added].  To the extent

13 Chordiant may assert one of those exceptions to the otherwise-mandatory award, it would

14 have the burden of proving that assertion.  Herrera v. Scully, 143 F.R.D. 545, 551

15 (S.D.N.Y. 1992) ("The burden of proof is on the Scully defendants to show that, at the time

16 they responded to the Request, they had good faith reasons to believe that they would

17 succeed in proving the falsity of the statements they denied therein.").

18           Under Rule 26:

19

20      Every . . . discovery request, response, or objection must be signed
by at least one attorney of record . . . .  By signing, an attorney or
21      party certifies that to the best of the person's knowledge,
information, and belief formed after a reasonable inquiry: . . . (B)
22      with respect to a discovery request, response, or objection, it is: . . .
(ii) not interposed for any improper purpose, such as to harass,
23      *cause unnecessary delay, or needlessly increase the cost of
litigation*; and (iii) neither unreasonable *nor unduly burdensome or
24      expensive*, considering the needs of the case, prior discovery in the
case, the amount in controversy, and the importance of the issues at
25      stake in the action.

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

**NOTICE AND MOTION FOR EXPENSES AND ATTORNEYS' FEES (Rule 37(c)**

F. R. Civ. Proc. Rule 26(g) [emphasis added].

Under 28 U.S.C. § 1927, "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

Under Rule 11, "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee" F. R. Civ. Proc. Rule 11(c). "[R]esponses to requests for admission come within meaning of 'pleading, motion, and other paper,'" and "a false answer to request to admit may result in imposition of sanctions under either or both Rule 11 and Rule 37(c)." A & V Fishing, Inc., v. Home Ins. Co., 145 F.R.D. 285, 287-288, 24 F. Rules Serv. 3d 1475 (D. Mass 1993).

**C.     The Cost to Plaintiffs of Chordiant's Unfair Denials and Their Effect on Plaintiffs.**

Plaintiffs seek the following costs of proof for the following failures to admit for the following reasons:

**1.     Chordiant's Failure to Admit Request Nos. 18, 19, 20, 21, and 22.**

Plaintiff's originally sued Chordiant for infringement of its Windows product.  Chordiant sought and obtained an early restriction on the discovery Plaintiffs would be allowed to take.  [Docket 97]  Immediately after Plaintiffs' May 3, 2009 motion to

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

3

**NOTICE AND MOTION FOR EXPENSES AND ATTORNEYS' FEES (Rule 37(c)**

lift that restriction [Docket 132], Chordiant revealed that it was also copying Plaintiffs' Java

work.[1]   Finding no record of any license for Plaintiff's Java product to Chordiant or any of

its subsidiaries or affiliated companies, on June 1, 2009, Plaintiffs served a short series of

five requests for admission requesting Chordiant to admit that no such license existed.

Plaintiffs were entitled to do that to avoid unnecessary expense of proving issues known to

the parties to be true.[2]   Specifically, Plaintiffs requested Chordiant to admit that:

> 18.  CSI has never purchased any license for using, copying and distributing JRPC.
>
> 19.  CSIL has never had a license for using, copying or distributing JRPC software as a part of a Chordiant software product such as CMD.
>
> 20.  CSI has never had a license for using, copying, or distributing JRPC software as a part of a Chordiant software product such as CMD.
>
> 21.  No license was impliedly granted by either Plaintiff to CSIL that would allow CSIL to develop or distribute JRPC as a part of a Chordiant software product such as CMD.
>
> 22.  No license for JRPC was impliedly granted by either Plaintiff to CSI that would allow CSI to develop or distribute JRPC as a part of a Chordiant software product such as CMD.[3]

Chordiant claimed it could neither admit nor deny the simple matter of

Request No. 18.[4]  Chordiant denied Request Nos. 19, 20, 21, 22, and 23.[5]  It made these

responses despite the purpose of Rule 36 to allow parties to proceed to trial without having

to seek, then marshal proof of, matters that would not be disputed at trial.

---

[1]     Declaration of Antonio L. Cortés Supporting Motion for Expenses and Attorneys' Fees, filed herewith ("Cortés Declaration"), at ¶ 3, and Exhibit 1 thereto.
[2]     *See, e.g.,* Loskot v. Dayton Hudson Corp., 2002 U.S. Dist. LEXIS 28182 (E.D. Cal. 2002), *quoting* Diederich v. Department of Army, 132 F.R.D. 614, 616 (S.D.N.Y 1990) ("The 'purpose of [the] rule pertaining to requests for admissions is to expedite trial by removing essentially undisputed issues, thereby avoiding time, trouble and expense which otherwise would be required to prove issues.'")
[3]     Exhibit 2 to Cortés Declaration.
[4]     Exhibit 3 to Cortés Declaration.
[5]     *id.*

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

4

**NOTICE AND MOTION FOR EXPENSES AND ATTORNEYS' FEES (Rule 37(c)**

Due to those failures to admit, Plaintiffs proceeded with the following reasonable steps to obtain the evidence it would need to prove that Chordiant had no express, implied, or assigned a license to copy Plaintiffs' Java product.

On May 12, 2009, Plaintiffs had served Chordiant with Interrogatory No. 14 asking Chordiant to "Identify each and every person or entity, including but not limited to any of your affiliated business entities, from which you contend you have obtained authorization to use or copy Netbula's JRPC Software." [6] On June 29, 2009, Chordiant responded that "Chordiant, inclusive of Prime Response, has obtained authorization to use or copy from Netbula, Don Yue, and/or third-parties operating web servers from which the JavaRPC SDK has been accessible and downloadable via the Internet."[7]  On October 29, 2009, two days before close of discovery, Chordiant amended its response to state

> Chordiant holds a license to Netbula's JRPC SDK by and through its acquisition of Prime Response in or about March 27, 2001. Prime Response obtained authorization to use or copy from Netbula, Don Yue, and/or third-parties operating web servers from which the JavaRPC SDK has been accessible and downloadable via the Internet.[8]

In other words, Chordiant persisted with its denial of the proposition that it had license for Plaintiffs' Java products (remaining vague as to how it obtained one), leaving Plaintiffs the burdensome task of proving it did not.

On June 1, 2009, Plaintiffs served Chordiant with Interrogatory No. 24 asking "Does CSI contend that it had a license to make the copies of Netbula's JRPC software ("JRPC") it included in the Chordiant Marketing Director software ("CMD")?"; Interrogatory No. 25 asking "If your answer to the foregoing Interrogatory No. 24 was

---

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

[6]     Exhibit 5 to Cortés Declaration.
[7]     Exhibit 6 to Cortés Declaration.
[8]     Exhibit 7 to Cortés Declaration.

**NOTICE AND MOTION FOR EXPENSES AND ATTORNEYS' FEES (Rule 37(c)**

anything but an unqualified 'no,' state each and every fact that supports your not answering that interrogatory with an unqualified 'no'"; Interrogatory No. 26 asking "Does CSI contend that it had an implied license to make the copies of JRPC it included in CMD?"; and Interrogatory No. 27 asking "If your answer to the foregoing Interrogatory No. 26 was anything but an unqualified 'no,' state each and every fact that supports your not answering that interrogatory with an unqualified 'no.'"[9]  On July 6, 2009 Chordiant responded to Interrogatory Nos. 24 and 26 by saying "Yes"[10] that it did have a license, and gave explanations of those answers that did not indicate to Plaintiffs that Chordiant had purchased a Java license.  On August 7, 2009 Chordiant served amended answers and still maintained its "Yes" answers indicating under oath that it had licenses for Netbula's Java products.[11]  On October 20, 2009, just before close of discovery, Chordiant *again* served amended answers that *still* maintained its "Yes" answers indicating that it had licenses for Netbula's Java products,[12] leaving Plaintiffs to prepare to prove otherwise at trial.

On June 2, 2009 Plaintiffs served Chordiant with requests for production of documents seeking:

> 16. Each and every license you contend you possess that you contend entitles or has entitled you to use, copy, sublicense, transfer, or distribute JRPC.

> 17. Each and every cancelled check, bank account record, receipt, proof of purchase, or other document that tends to prove that you paid Netbula for a license to use, copy, sublicense, transfer, or distribute its JRPC.

> 18. Each and every document you believe supports any contention you may have that you have or have had an implied license to use, copy, sublicense, transfer, or distribute JRPC.

---

9   Exhibit 8 to Cortés Declaration.
10   Exhibit 9 to Cortés Declaration.
11   Exhibit 10 to Cortés Declaration.
12   Exhibit 11 to Cortés Declaration.

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

**NOTICE AND MOTION FOR EXPENSES AND ATTORNEYS' FEES (Rule 37(c)**

. . .

22. Each and every document you believe sets forth or otherwise
provides evidence of the terms of any implied license you contend
authorizes you to use, copy, sublicense, transfer, or distribute
Netbula's Software Developer's Kit.

23. Each and every document you believe sets forth or otherwise
provides evidence of the terms of any implied license you contend
authorizes you to use, copy, sublicense, transfer, or distribute JRPC.[13]

On July 6, 2009, Chordiant responded by saying it would produce "non-privileged, relevant, responsive documents to the extent that such documents exist in Chordiant's possession, custody or control and can be located after a search of reasonable scope."[14]  Counsel spent 2.1 hours making those requests and considering Chordiant's responses to them.[15]  The following month, Chordiant began  producing a large number of documents – over 33,852 pages of documents that between July 6, 2009 and trial – a total of more than 42,200 pages of documents.   The produced documents were not segregated by request number, so Plaintiffs' counsel had to review over 33,000 pages of documents produced after the July 6, 2009 requests in search of any documents responsive to request Nos. 16, 17, 18, 22, & 23 -- all of which were reasonably calculated to discover evidence tending to prove or disprove Chordiant's denial of Request for Admission Nos. 19 through 22.   Despite over 27.8 searching for documents supporting the existence of such a license, none were there to be found.[16]

On June 5, 2009, Chordiant served Plaintiffs with their second set of document requests.  Seven of the 11 requests therein asked for documents relevant to

---

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

13   Exhibit 12 to Cortés Declaration.
14   Exhibit 13 to Cortés Declaration.
15   Cortés Declaration at ¶¶ 9 & 10.
16   Cortés Declaration, ¶ 10.

**NOTICE AND MOTION FOR EXPENSES AND ATTORNEYS' FEES (Rule 37(c)**

Chordiant's claim to have a license to Plaintiffs' Java work.[17]  Due to Chordiant's denial of

Request for Admission Nos. 18-22, Plaintiffs' counsel had to review those document

requests and prepare appropriate responses indicating that no such documents existed

because no such licenses existed.[18]  This consumed at least 3.6 hours of additional attorney

time.[19]

On August 20, 2009, Plaintiffs noticed the 30(b)(6) deposition of Chordiant.

Subject No. 14 of that notice was "All facts upon which Chordiant claims to have an

express or implied license to use, copy, or distribute Netbula's JavaRPC or JRPC software

used by Chordiant in its Chordiant Marketing Director software."[20]  Chordiant filed written

objections to Subject No. 14, asserting that at least some of the facts upon which it based its

claim to have a license for Netbula's Java works were "protected by the attorney-client

privilege" and that inquiries about its Java license claim were "subject to expert analysis

and discovery or seeks a legal conclusion,"[21] increasing the difficulty of discovering the

basis for its denials of Request Nos. 19-22.  Pursuant to the 30(b)(6) notice, Chordiant

produced three witnesses -- Keith Kitchen, Saleem Abdelsayed, and Chris Hellewell.

Plaintiff's counsel was instructed that Mr. Hellewell and Mr. Kitchen were not designated to

testify on topic 14.  The remaining designee, Mr. Abdelsayed, was unable to supply any

information supporting the existence of such a license, and conceded that Chordiant was

---

[17]    Exhibit 14 to Cortés Declaration.
[18]    Exhibit 15 to Cortés Declaration.
[19]    Cortés Declaration, ¶ 11.
[20]    Exhibit 16 to Cortés Declaration.  Other noticed topics that were  also intended to
discover evidence to prove the matters requested in Request Nos. 19 -22 included:  Topic 15
("All internal communications Chordiant Software, Inc. had about Netbula RPC software
and licensing"), and Topic 16 ("All communications Chordiant Software, Inc. had with
Prime Response, Ltd.,  Chordiant Software International, Ltd., and/or Prime Response, Inc.
about Netbula RPC software and licensing").  Accordingly, 3 out of 19 topics sought
evidence concerning Chordiant's denial of Request Nos. 18 to 22.
[21]    Exhibit 17 to Cortés Declaration.

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

8

**NOTICE AND MOTION FOR EXPENSES AND ATTORNEYS' FEES (Rule 37(c)**

using an unlicensed version of Netbula's Java product.  *e.g.,* Abdelsayed Transcript at

68:20-69:17; and 78:16-20.  Obtaining that evidence from Mr. Abdelsayed consumed at

least another 0.8 hours of attorney time.[22]  Despite its designee's inability to disclose the

factual basis for a Java license, and despite his confirmation that Chordiant was using an

unlicensed version of Netbula's Java product, Chordiant persisted with its denials of

Request for Admission Nos. 18, 19, 20, 21, and 22.

On October 2, 2009, Chordiant served Plaintiffs with an 159-page expert

report from its technical expert, Dr. Faillace.  Among his opinions were a number of

opinions bearing on Plaintiffs' licensing practices, their practices in making sample software

available online, and the asserted non-conformity with "industry standards" of Plaintiff's

licensing practices, other matters that appeared carefully calculated to manufacture a

position by Chordiant that it had a license to Plaintiffs' works, including especially its Java

works.  Some of those opinions were summarized by Dr. Faillace at ¶¶ 33, 34, 143, 170,

and 171 of his report.[23]  Accordingly, and especially in light of Chordiant's 30(b)(6)

objection that the existence of a Java license was a matter that was "subject to expert

analysis,", Plaintiffs' counsel was obliged to spend a significant amount of time, at least 9.8

hours, preparing to depose Dr. Faillace on those subjects, deposing him on those subjects,

and moving to exclude his testimony on those subjects after he conceded that his opinions

regarding license issues were neither the result of any factual inquiry nor within the scope

of his expertise.[24]

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

---

22    Cortés Declaration, ¶¶ 12, 13, and 25.
23    Exhibit 18 to Cortés Declaration.
24    Cortés Declaration, ¶ 15.

9

**NOTICE AND MOTION FOR EXPENSES AND ATTORNEYS' FEES (Rule 37(c)**

Unable to discover any basis for a Java license to Chordiant, in order to simplify trial, Plaintiffs moved on November 9, 2009 for summary judgment that Chordiant had infringed Plaintiff's copyright in their Java products.  The evidence submitted with that motion, at significant time and effort by counsel, was in large part evidence that Chordiant had no license to Plaintiffs' Java products.  Docket 230, at ¶¶ 39-79.   Chordiant's Opposition to that motion was primarily based on its assertion that it *did* have a license to copy Plaintiffs' Java products.  [Docket 264, at pages 2-8 and 12-16].  As a result of a vigorous effort by Chordiant to persuade the Court to leave open the possibility that Chordiant *had* a  license for the Java works, the Court denied Plaintiffs' motion, ruling that Chordiant had raised a "triable issue of fact as to whether Defendant Chordiant Software was licensed to use the [Java] software."  December 21, 2009 Order at 4.  This left Plaintiffs in the position of having to continue to prepare proof at trial to disprove Chordiant's persisting denial of Request for Admission Nos. 18, 19, 20, 21, and 22.  Plaintiffs spent 18.1 hours of attorney time attempting to simplify trial by making that motion.[25]

Accordingly, Plaintiffs had no choice but, from January through March 2010, to work to prepare the exhibits and questions for friendly and adverse witnesses necessary to prove the matters Chordiant failed to admit in its answers to Request for Admission Nos. 18, 19, 20, 21, and 22.

On February 20, 2010, in a last effort to simplify trial by excluding the need to prove the non-existence of a Java license Plaintiffs knew they had not given and for which Chordiant could not articulate a factual basis, Plaintiffs tendered the following

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

---

[25]      Cortés Declaration, ¶ 16.

**NOTICE AND MOTION FOR EXPENSES AND ATTORNEYS' FEES (Rule 37(c)**

stipulations to Chordiant which, if agreed to, would have minimized or obviated the need for such proof :

29.  JRPC has two parts: (1) an JRPC SDK that consists of computer files that allow licensed programmers to create applications using the JRPC standard; and (2) "JRPC runtime software" that consists of files that must be installed to provide the remote call functionality to applications developed using the JRPC SDK, including a file called "orpc.jar."

30. Netbula requires developers to purchase JRPC SDK licenses for the right to develop programs using the JRPC software.

31.  Netbula requires software developers wishing to distribute Netbula JRPC software components (such as "orpc.jar" runtime library) to purchase distribution licenses for the right to distribute such components.

32.  On January 12, 2000, Prime Response Ltd, a United Kingdom company, faxed to Netbula purchase order number 11586, to purchase one (1) "Netbula ONC RPC for Win32 development license (ORW32SDK)" and one (1) "Netbula ONC RPC Windows NT/95 Limited application distribution license (ORW32DIS)".

33.  On or about January 14, 2000, Netbula delivered Netbula ONC RPC software to Prime Response Ltd on CD-ROM media, along with Netbula invoice number 1572.

34.  The CD-ROM media containing the Netbula ONC RPC software sent to Prime Response Ltd. contains a license.txt file, with blanks to be filled in.

35.  Prime Response Ltd. paid Netbula invoice 1572.

36.  On May 1, 2001, David Hampton (David.Hampton@chordiant.com), sent an email to sales@netbula.com inquiring about "the possibility of purchasing one or more of the Netbula Java RPC licenses."

37.  Netbula's email response to David Hampton was returned as undeliverable.[26]

Chordiant declined to agree to those proposed stipulations, indicating its intent to persist with its denial of the matters requested in Request for Admission Nos. 18,

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

---

[26]      Exhibit 19 to Cortés Declaration.

**NOTICE AND MOTION FOR EXPENSES AND ATTORNEYS' FEES (Rule 37(c)**

19, 20, 21, and 22.[27]  Further, in Chordiant's statement of "Matters Which Remain to Be Decided" in the Joint Pretrial Conference Statement, it responded to Plaintiffs' statement of infringement with Chordiant's statement that "Chordiant asserts that it had express or implied licenses," without exclusion of Plaintiffs' Java work.  [Docket 384, page 1].  In this context, it remained neither reasonable nor competent for Plaintiffs to discontinue their ongoing efforts to prepare to prove at trial that Chordiant did *not* have a license for Plaintiff's Java works.

Accordingly, Plaintiffs continued with their preparations to prove the matters Chordiant failed to admit in response Request for Admission Nos.  18, 19, 20, 21, and 22 right up until the commencement of trial, and came to trial April 27, 2010 prepared to do so as a result of an expenditure of at least another 7.5 attorney hours.[28]

On that first day of trial, however, Chordiant suddenly conceded that it did *not* have any license for Plaintiffs' Java works:

> THE COURT:  . . . SO . . . THE CLAIM BY THE PLAINTIFF IS THAT THE DEFENDANT COPIED THE JAVA PRODUCT?
>
> MR. CORTES: YES.
>
> THE COURT: STARTING IN 2001?
>
> MR. CORTES: YES.
>
> THE COURT:  AND SO THAT'S A PURE COPYRIGHT INFRINGEMENT CLAIM BECAUSE IT HAD NO LICENSE TO USE JAVA.
>
> MR. CORTES: THAT'S CORRECT.
>
> THE COURT: AND YOU AGREE I'VE CHARACTERIZED THE ISSUE?

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

---

[27]    Cortés Declaration.¶ 18.
[28]    Cortés Declaration ¶ 18, Shimamoto Declaration ¶ 7a.

**NOTICE AND MOTION FOR EXPENSES AND ATTORNEYS' FEES (Rule 37(c)**

MR. PULGRAM: WE AGREE WITH THAT CHARACTERIZATION OF THE ISSUE.

April 27, 2010 Daily Transcript at 21:11 - 22: 7.[29]  Accordingly, at that moment, Plaintiffs succeeded in proving the matters it had asked Chordiant to admit in Request Nos. 18, 19, 20, 21, and 22 on June 1, 2009, and which Chordiant had until then refused to admit.

All the foregoing efforts to obtain and marshal proof for trial that Chordiant did not have any license to use or copy the Netbula Java products caused Plaintiffs to expend a very significant amount of attorney time.  Accordingly, Plaintiffs move pursuant to F. R. Civ. Proc. Rule 37(c)(2) that the Court award them their "reasonable expenses, including attorneys' fees, incurred in making that proof," in the amount of $38,335  (69.7 hours at $550/hour[30]).  In addition, the foregoing caused Plaintiffs to pay $1032.28 in expenses not taxable under L-R 54-3.[31]

To the extent the Court might find itself  for any reason unable to award those amounts under Rule 37(c)(2), Plaintiffs ask the Court to make that award pursuant to 28 U.S.C. § 1927, F. R. Civ. Proc. Rule 11(c), and/or F. R. Civ. Proc. Rule 26(g)(1)(B). Otherwise, Plaintiffs would be denied relief for the very large, unnecessary, and unfair expense Chordiant forced them to incur by denying requests for admission when it had no reasonably-assertable evidence to support its doing so, then admitting the matter at the very last moment to avoid the embarrassment of Jury scrutiny of its purported reasons for those denials.

**2.      Chordiant's Failure to Admit Request Nos.  72 & 73.**

---

29      Exhibit 20 to Cortés Declaration
30      Cortés Declaration ¶ 21, Shimamoto Declaration ¶ 5.
31      Cortés Declaration ¶ 34 and Exhibit 28 thereto.

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

**NOTICE AND MOTION FOR EXPENSES AND ATTORNEYS' FEES (Rule 37(c)**

1        On September 9, 2009, Dr. Yue served Chordiant with his Request for

2    Admission No. 72, asking Chordiant to "Admit that developers employed by Ness

3    Technologies copied and used the Netbula ONC RPC that CSI shipped to Ness

4    Technologies" and his Request for Admission No. 73, asking Chordiant to "Admit that

5    developers employed by Ness Technologies copied and used the Netbula JRPC that CSI

6    shipped to Ness Technologies [32]  On October 29, 2009, Chordiant denied those requests.[33]

7    Plaintiffs were only able to prove the falsity of those denials at trial, which required intense

8    document review culminating in the trial testimony of Todd Trimble and Oliver Wilson,

9    and extensive preparation for taking Mr. Wilson's adverse testimony on this critical fact.

10       Scattered among the over 42,000 pages of documents Chordiant produced

11   were seven emails by which Chordiant and Ness personnel transmitted the Netbula ONC

12   RPC developers kit among them as email attachments and various documents showing that

13   Ness copied and used Netbula's ONC RPC.[34]  To determine the nature of the attachments

14   required the examination of hundreds of native format documents that included those

15   attachments to identify which were Netbula's ONC RPC.  The review required to ferret out

16   those seven emails from Chordiant's 42,000+ page production, and the examination of the

17   hundreds of native format documents to determine the nature of the attachments to those

18   seven emails (and the much greater number of emails to and between Ness employees

19   conveying attachments that turned out to not be Netbula's ONC RPC), necessarily

20   consumed over 51 attorney hours.[35]  The fact that Plaintiffs had those emails at all was

---

[32]    Exhibit 22 to Cortés Declaration.
[33]    Exhibit 23 to Cortés Declaration.
[34]    Cortés Declaration, ¶ 28
[35]    Cortés Declaration, ¶¶ 28-29.

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

14

**NOTICE AND MOTION FOR EXPENSES AND ATTORNEYS' FEES (Rule 37(c)**

brought about by the 0.6 attorney hours[36] spent preparing those of Plaintiffs' requests for production of documents that required production of the emails showing transmission of Netbula ONC RPC to Ness.[37]  In addition to those document requests and the review of the documents produced as a result of those requests, Plaintiffs' reasonable efforts to make this proof included a approximately 16% of the 8 hours spent on the deposition of Saleem Abdelsayed, or 1.3 additional attorney hours on this issue.  (Abdelsayed transcript at 21:12-23:19; 26:8-27:22; 29:15-33:1; 40:11-41:9; 57:12-58:11; 59:7-60:16; 72:14-79:8; 87:18-88:3; 90:15-99:8; 124:7-16; and 125:17-127:6).[38]

Because Mr. Wilson's testimony was adverse and could not be counted on with complete confidence, Plaintiffs reasonably incurred expenses of $533.80 for airfare, and $371.52 for hotel charges to transport Mr. Trimble, who lives in Massachusetts, to trial. Eighty percent of those expenses should be attributed to proving the matter denied in response to Request Nos. 72 & 73.[39]  Three hours[40] of pretrial attorney time was needed to obtain his trial testimony.  At trial, Mr. Trimble did indeed testify that the developers employed by Ness Technologies used the Netbula ONC RPC developer kit.  [Daily Transcript at 617:2-12]  He further testified that, as an employee of Chordiant Software

---

[36]    Cortés Declaration, ¶ 29
[37]    *e.g.* Request No. 14 ("All communications about POWERRPC SOFTWARE, including but not limited communications regarding the use of POWERRPC SOFTWARE in product development and licensing"); Request No. 28 ("All communications between any two or more CSI employees, contractors, or officers regarding JRPC"); Request No. 29 ("All communications between any CSI employee, contractor, or officer and any third party regarding JRPC"); Request No. 31 ("All internal documents that discuss or mention JRPC at any time prior to June 1, 2009"); and Request No. 36 ("All documents concerning the development of RELEVANT CHORDIANT SOFTWARE, including but not limited to the project plans, product designs, feature requests, task allocations, worksheets, timesheets, project management documents,  bug reports, testing logs, debugging and other records of RELEVANT CHORDIANT SOFTWARE"), *see also* Cortés Declaration ¶ 29.
[38]    Exhibit 25 to Cortés Declaration.
[39]    Cortés Declaration ¶ 30.
[40]    Cortés Declaration ¶ 30, Shimamoto Declaration ¶ 7.c.

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

**NOTICE AND MOTION FOR EXPENSES AND ATTORNEYS' FEES (Rule 37(c)**

Inc., he had himself shipped the Netbula ONC RPC developer kit to Ness in India. [Daily Transcript at 618:6-24].

Because only one of the emails transmitting Netbula ONC RPC to Ness was authored by Mr. Trimble, and because Mr. Wilson was privy to two such email strings, it was also reasonably necessary to undertake the extensive preparation necessary to successfully gain trial admissions from Mr. Wilson that he had also transmitted Netbula ONC RPC to Ness developers, which Mr. Wilson was forced to admit when confronted with the documentary evidence of that fact, denied by Chordiant in response to Request Nos. 72 & 73. [Daily Transcript at 618:6-24] Counsel spent not less than 4.0 hours preparing to take Mr. Wilson's testimony on this critical subject,[41] and questioned him about it at length at trial for an estimated 0.4 of an hour.

For these reasons, Plaintiffs expended not less than 60.9 hours of attorney time ($33,495) and $724.26 of Mr. Trimble's travel expenses to ultimately prove at trial that Ness developers did indeed use and copy Netbula OCN RPC and Netbula JRPC that CSI made available to them, in direct contradiction of Chordiant's unwarranted denials. In addition, the foregoing caused Plaintiffs to pay $80.60 in other expenses not taxable under L-R 54-3.[42]

### 3. Chordiant's Failure to Admit Request No. 64.

On September 9, 2009, Dr. Yue served Chordiant with his Request for Admission No. 64, asking Chordiant to "Admit that Todd Trimble was a developer for the CMD product."[43]  On October 29, 2009, Chordiant denied that request.[44]

---

[41]     Cortés Declaration, ¶ 31.
[42]     Cortés Declaration at ¶ 34 and Exhibit 28 thereto.
[43]     Exhibit 22 to Cortés Declaration.
[44]     Exhibit 23 to Cortés Declaration.

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

**NOTICE AND MOTION FOR EXPENSES AND ATTORNEYS' FEES (Rule 37(c)**

Plaintiffs took reasonable steps during discovery to gain information on the matter denied, including asking about Mr. Trimble's work for Chordiant during the 30(b)(6) deposition of Chordiant.  Mr. Hellewell did not know anything about Mr. Trimble (Hellewell Tr. at 77:4-5).[45]  Mr. Abdelsayed contradicted Chordiant's denial during his deposition (Abdelsayed Tr. at 27:23-28:19),[46] but he did so two days prior to Chordiant's denial of that matter, and the fact of the denial meant that Plaintiffs had to proceed with their proof.  About 0.2 attorney hours were consumed obtaining that testimony from Mr. Hellewell and Mr. Abdelsayed.[47]   In further preparation to prove the denied matter at trial, Plaintiffs expended about 0.1 hour of attorney time[48] on a Document Request No. 40, which sought "Documents sufficient to show every position the following persons have held in Chordiant and/or any of its affiliates, and the dates each such person held each such position:  . . . Todd Trimble . . .,"[49] and about 1.5 hours in searching for responsive documents in those Chordiant produced.[50]

Plaintiffs spent another 3.4 hours of attorney time and $181.06 of his travel expenses attributable to preparing for Mr. Trimble's testimony on this subject at trial, in arranging for his appearance at trial, and in questioning him at trial.[51]  Accordingly, Plaintiffs spent a total of 5.2 hours of attorney time ($2860) and $181.0.6 in expenses in disproving Chordiant's needless and unsupportable denial of Request No. 64.

### 4.      Chordiant's Failure to Admit Request Nos. 87 and 88.

---

[45]      Exhibit 24 to Cortés Declaration.
[46]      Exhibit 25 to Cortés Declaration.
[47]      Cortés Declaration ¶¶ 24 & 25.
[48]      Cortés Declaration ¶ 26.
[49]      Exhibit 26 to Cortés Declaration.
[50]      Cortés Declaration ¶ 28.
[51]      Cortes Declaration ¶ 30, Shimamoto Declaration ¶ 7.d.

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

17
**NOTICE AND MOTION FOR EXPENSES AND ATTORNEYS' FEES (Rule 37(c)**

On September 9, 2009, Dr. Yue served Chordiant with his Request for Admission No. 87, asking Chordiant to "Admit that CSI never paid Netbula, LLC any money for the right to use Netbula software for developing commercial applications," and his Request for Admission No. 88, asking Chordiant to "Admit that CSI never paid Netbula any money for the right to distribute any Netbula software."[52]  On October 29, 2009, Chordiant denied both of those requests.[53]  After reasonable preparation, Plaintiffs were able to prove the falsity of those denials at trial, through the testimony of Dr. Yue showing the complete transaction history and source of funds (Daily Transcript at 245:20-264:19 & 271:10-274:11), the testimony of Mr. Kitchen admitting Chordiant Software International, Ltd was a separate company (Daily Transcript at 771:21-25 & 782:13-16), and the admission of the documentary evidence showing Chordiant Software International, Ltd to be the source of the only funds that were paid Netbula in 2004 (Exhibit 1190).   Trial presentation of that evidence consumed 1.5 hours of attorney time, including preparation and delivery.[54]

In addition, Plaintiffs had to discover the evidence ultimately presented at trial.  To do so, Plaintiffs were obliged to search for and find the documents they needed to do so, and to produce them to Chordiant in response to Chordiant Document Request Nos. 24 and 25.  Those documents included the original purchase orders from Prime Response, Ltd. and Chordiant Software International, Ltd, the Netbula invoices to those entities, and bank records showing the 2004 payment being made by Chordiant Software International, Ltd.  These tasks, and adding relevant documents to Plaintiffs' exhibit list, consumed not

---

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

[52]     Exhibit 22 to Cortés Declaration.
[53]     Exhibit 23 to Cortés Declaration.
[54]     Shimamoto Declaration ¶ 7.e.

**NOTICE AND MOTION FOR EXPENSES AND ATTORNEYS' FEES (Rule 37(c)**

less than 2.4 hours of attorney time.[55]  In addition to those document requests and the review of the documents produced as a result of those requests, Plaintiffs' reasonable efforts to make this proof included a approximately 16% of the 6.9 attorney hours expended on the deposition of Keith Kitchen (Kitchen Transcript at 11:23-12:22, 17:11-13, 55:5-56:16, 59:22-62:10, 72:8-74:17, and 85:23-88:7),[56] 11% of the 8.0 attorney hours expended on the deposition of Saleem Abdelsayed  (Abdelsayed transcript at 127:8-131:17 and 136:8-142:17),[57] approximately 3% of the 11.6 attorney hours expended on the deposition of Mr. Hellewell  (Hellewell transcript at 22:4-25, 24:6-8, 55:22-56:8, 56:12-57:8, 102:20-103:3, 103:10-12),[58] and approximately 1.5% of the  15.5 attorney hours expended on the deposition of Matthew Lynde . (Lynde Transcript, at 104:18-106:1),[59] an additional 2.5 attorney hours, for a total of 4.9 hours spent to discover the evidence ultimately presented at trial.

        In sum, Plaintiffs spent 6.4 hours of attorney time ($3,520) preparing to prove and successfully proving the incorrectness of Chordiant's denial of Plaintiffs' requests that it never paid Netbula any money at all to use Netbula's products.  In addition, the foregoing caused Plaintiffs to pay $139.34 in expenses not taxable under L-R 54-3.[60]

### 5.    Chordiant's Failure to Admit Request Nos. 97, 98, and 99.

        On September 9, 2009, Dr. Yue served Chordiant with his Request for Admission No. 97, asking Chordiant to "Admit that CSI did not restrict the number of copies its licensees could make of CMD client," his Request for Admission No. 98, asking

---

[55]        Cortés Declaration ¶ 33.
[56]        Cortés Declaration ¶ 27 and Exhibit 27 thereto.
[57]        Cortés Declaration ¶ 25 and Exhibit 25 thereto.
[58]        Cortés Declaration ¶ 24 and Exhibit 24 thereto.
[59]        Cortés Declaration ¶ 36 and Exhibit 29 thereto.
[60]        Cortés Declaration ¶ 34 and Exhibit 28 thereto.

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

**NOTICE AND MOTION FOR EXPENSES AND ATTORNEYS' FEES (Rule 37(c)**

Chordiant to "Admit that CSI did not restrict the number copies its CMD licensees could make of CMD server," and his Request for Admission No. 99, asking Chordiant to "Admit that CSI did not restrict the number computers onto which CMD licensees could install CMD server or client."[61]  On October 29, 2009, Chordiant denied all three of those requests.[62]  Plaintiffs were only able to prove the falsity of that denial at trial, through the review of thousands of pages of license documents produced by Chordiant, by propounding and successfully moving to compel adequate responses to Interrogatory Nos. 6 and 18, by coming to trial prepared to seek admission of the trial exhibits identifying the licenses granting unlimited license rights, by taking the depositions of Chris Hellewell and Saleem Abdelsayed (Hellewell Deposition at 42:16-44:14,[63] Abdelsayed Deposition at 157:6-158:20[64]), by taking Mr. Hellewell's adverse testimony on that point at trial (Daily Transcript at  747:25-749:18), by taking Mr. Abdelsayed's adverse testimony on that point at trial (Daily Transcript at  632:1-638:2), by offering Dr. Yue's testimony on that point at trial (Daily Transcript at 259:1-8, 293:22-294:2), and by introducing into evidence Exhibit 1334, one of the Chordiant Marketing Director license allowing an unlimited number of client and server installations.

The preparation to take that trial testimony took 29.1 attorney hours.[65]  The actual taking of the relevant portions of Mr. Hellewell's and Mr. Abdelsayed's trial testimony consumed 0.2 attorney hours.[66]  In sum, 29.3 hours of attorney time ($16,115) were expended to prove the matter denied in Chordiant's response to Request for Admission

---

[61]     Exhibit 22 to Cortés Declaration.
[62]     Exhibit 23 to Cortés Declaration.
[63]     Exhibit 24 to Cortés Declaration.
[64]     Exhibit 25 to Cortés Declaration.
[65]     Cortés Declaration at ¶¶ 24, 25, & 28, Shimamoto Declaration ¶ 7.b.
[66]     Cortés Declaration at ¶¶ 24 & 25.

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

**NOTICE AND MOTION FOR EXPENSES AND ATTORNEYS' FEES (Rule 37(c)**

Nos. 97, 98, and 99.  In addition, the foregoing caused Plaintiffs to pay $1058.84  in

expenses not taxable under L-R 54-3.[67]

      **D.**       **The Cost of Preparing This Motion.**

      Counsel spent well over 45 hours preparing this motion.   If Chordiant had

admitted the matters it concerns, this motion would have been as unnecessary as the proof

of the true matters it denied, and fairness requires that Plaintiffs be compensated for those

hours.  While Rule 37(c)(2) does not expressly provide for such compensation, the Court

has inherent power to award them when it appears that the denials that made the motion

necessary were posed for an "inappropriate motive."  House v. Giant of Maryland, 232

F.R.D. 257, 262 (D. Md. 2005) ("every court possesses the inherent power to impose

sanctions "when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive

reasons.'").  Here, Chordiant had to have known it did not have a Java license because

neither it nor Chordiant International had never paid for one.  Here, it freshly denied that it

had no license just days after its 30(b)(6) designee on that subject conceded that he knew

nothing of a such a license and that he was aware of Chordiant's use of an unlicensed

version.  Here, Chordiant appears to have been intending to have its technical expert assert

opinions outside his expertise that would allow Chordiant to assert it had a license it knew it

did not have.  In that context, Plaintiffs believe that such an exercise of the Court's inherent

authority may be appropriate.

### CONCLUSION

      For the foregoing reasons, Plaintiffs most respectfully request this honorable

Court to issue an order requiring Chordiant to pay them $3,216.38 for expenses and

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

---

[67]      Cortés Declaration at ¶ 34 and Exhibit 28 thereto.

**NOTICE AND MOTION FOR EXPENSES AND ATTORNEYS' FEES (Rule 37(c)**

1  $94,235 for attorneys' fees pursuant to F. R. Civ. Proc. Rule 37(c), or, to the extent that

2  relief cannot be granted under that rule, pursuant to F. R. Civ. Proc. Rule 11(c), 28 U.S.C. §

3  1927, and/or F. R. Civ. Proc. Rule 26(g).

4          Respectfully submitted,

5

6  DATED:  June 9, 2010

7          _____/s/_____

8          Antonio L. Cortes,
           Counsel for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  ANTONIO L. CORTÉS
    528 WISTERIA WAY
    SAN RAFAEL, CA 94903
    (415) 256-1911
28  FAX: (415) 256-1919

22

**NOTICE AND MOTION FOR EXPENSES AND ATTORNEYS' FEES (Rule 37(c)**