IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Netbula, LLC, et al., | NO. C 08-00019 JW |
| Plaintiffs, | **ORDER APPROVING DEPOSIT; STAYING ENFORCEMENT OF JUDGMENT** |
| v. | |
| Chordiant Software, Inc., | |
| Defendant. | |

Presently before the Court is Defendant's Request for a Proposed Order Approving Deposit in Lieu of Supsersedeas Bond. (hereafter, "Request," Docket Item No. 586.) Plaintiffs filed Objections to Defendant's Request. (Docket Item No. 587.)

On August 9, 2010, the Court entered Judgment against Defendant in the amount of $1,426,450.00. (hereafter, "Judgment," Docket Item No. 543.) The Judgment provided that payment was due 60 business days after entry of the Judgment. (Id.) On November 12, 2010, the Court granted Defendant's Motion for Administrative Relief to Set Supsersedeas Bond Amount and ordered Defendant to post a bond for 125% of the value of the Judgment and a proposed Order for a Stay in Execution. (hereafter, "November 12 Order," Docket Item No. 582.) On November 15, 2010, Defendant deposited a cashier's check with the Clerk of the Court in the amount of $1,843,457.80 pursuant to the Court's November 12 Order. (Docket Item No. 589.)

Upon review of the papers submitted by the parties, the Court finds that Defendant's deposit of a cashier's check is the functional equivalent to posting a supersedeas bond. See, e.g., Lynch v. Sease, No. 6:03-479-DCR, 2006 U.S. Dist. LEXIS 59741, at *3 (E.D. Ky. Aug. 22, 2006) (granting

motion for approval of a cashier's check which "act[ed] as a supersedeas bond" and finding that "the posting of the cashier's check" provides a prevailing party "with sufficient surety until such time as the appeal is completed"). Moreover, Plaintiffs do not claim any prejudice from Defendant's posting of a cashier's check. Plaintiff's reliance on Civil Local Rule 7(b) is misplaced, as Defendant's Request was in support of a fully-noticed Motion previously filed with the Court. (Docket Item No. 577.) Local Rule 65.1 is also inapplicable, as it only deals with the qualifications of a "surety," whereas Defendant deposited cash. See Civ. L.R. 65.

Accordingly, the Court GRANTS Defendant's Request and stays execution of the Judgment pending appeal.

The Clerk of Court shall deposit the cashier check and hold on to the funds subject to further order of the Court.

Dated: November 17, 2010

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Albert L. Sieber asieber@fenwick.com
Antonio Luis Cortes corteslaw@comcast.net
David M. Lacy Kusters dlacykusters@fenwick.com
Jedediah Wakefield jwakefield@fenwick.com
Laurence F. Pulgram lpulgram@fenwick.com
Liwen Arius Mah lmah@fenwick.com
Mary Elizabeth Milionis Mmilionis@Fenwick.com
Peter Michael Shimamoto pshimamoto@bwgfirm.com
Peter Wayne Ross pross@bwgfirm.com
Ryan Jared Marton rmarton@fenwick.com


**Dated: November 17, 2010**          **Richard W. Wieking, Clerk**

                                      **By:  /s/ JW Chambers**
                                      **Elizabeth Garcia**
                                      **Courtroom Deputy**