*E-FILED 12-17-2010*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NETBULA, LLC and DONGXIAO YUE,<br><br>    Plaintiffs,<br>  v.<br><br>CHORDIANT SOFTWARE, INC., STEVEN R. SPRINGSTEEL, and DEREK P. WITTE,<br><br>    Defendants.<br>_____/ | No. C08-00019 JW (HRL)<br><br>**REPORT AND RECOMMENDATION RE DEREK WITTE'S MOTION FOR ATTORNEY'S FEES**<br><br>[Re: Docket No. 545] |

BACKGROUND

In this copyright infringement action, plaintiffs Netbula LLC (Netbula) and Dongxiao Yue claimed that defendants' use of Netbula's software products was unlicensed or exceeded the licensed use. Derek Witte is the former Vice President and General Counsel of Chordiant Software, Inc. (Chordiant).[1] In 2007, before the instant lawsuit was filed, plaintiffs requested certain license usage information from defendants. After conducting an investigation, Witte, who was then still Chordiant's General Counsel, responded to plaintiffs' queries.

Yue filed the instant action, initially proceeding on a *pro se* basis. The court granted defendants' motion to dismiss the original complaint on the ground that Yue did not have

---

[1] The instant report focuses primarily upon events concerning defendant Witte. However, the undersigned notes that Oliver Wilson, a Chordiant programmer, and Steven Springsteel, Chordiant's Chief Executive Officer, were also individually named defendants. The court concluded that it lacked personal jurisdiction over Wilson and dismissed the claims against him with prejudice. (Docket No. 76). As for Springsteel, plaintiffs subsequently stipulated to the dismissal of their claim against him with prejudice, and the court entered an order accordingly on November 9, 2009 (Docket No. 232).

1  standing to assert copyright infringement claims on Netbula's behalf.  The court did not reach
2  the issue whether the complaint failed, as a matter of law, to state copyright claims against
3  Witte.  (Docket No. 76, July 24, 2008 Order).

4  Yue subsequently obtained counsel and filed a First Amended Complaint.  The parties
5  then stipulated to the filing of a Second Amended Complaint (SAC), which dropped all state
6  law claims for relief, asserted a copyright infringement claim against Chordiant, and asserted a
7  vicarious infringement claim against Witte.  The court granted Witte's motion to dismiss the
8  vicarious infringement claim, noting that plaintiffs did "not allege a direct relationship between
9  [Witte's] compensation and Chordiant's acts of primary infringement."  (Docket No. 121,
10 March 20, 2009 Order at 5).  The court further concluded that the SAC "fail[ed] to allege more
11 than general supervisory power within the corporation" and did "not allege that Witte had
12 oversight regarding the alleged infringing conduct."  (Id. at 6).

13 Shortly after plaintiffs filed their Third Amended Complaint, the parties stipulated to the
14 filing of a Fourth Amended Complaint.  The Fourth Amended Complaint claimed that Witte
15 was vicariously liable for copyright infringement by virtue of Chordiant's Executive Bonus
16 Plan, which provided Witte with benefits that allegedly were based on sales of Chordiant's
17 infringing products.  The complaint further alleged that Witte had the right and ability to
18 supervise the infringing activities because, by virtue of his position as the company's General
19 Counsel, he provided legal advice to the company's employees.  And, in responding to
20 plaintiffs' queries about defendants' license usage information, plaintiffs claimed that Witte
21 knowingly concealed Chordiant's lack of a license to the software in question so that Chordiant
22 could continue its infringing activities, thereby increasing Chordiant's profits and Witte's
23 personal benefits.  (Docket No. 138).

24 Following discovery, Witte moved for summary judgment.  Rejecting plaintiffs'
25 argument that they needed additional discovery as to Witte, Judge Ware stated:

> At the very least, Plaintiffs knew of the importance of discovering information showing a direct financial benefit between Defendant Witte and the infringement as of the Court's March 20, 2009 Order dismissing claims against Defendant Witte, with leave to amend, for failure to show a direct financial benefit. (See Docket Item No. 121.) Additionally, the October 30, 2009 discovery deadline was set

2

>by the Court in May 2009 as a continuation of the then-existing discovery deadline. (See Docket Item No. 137.) Aware of the October 30, 2009 deadline, Plaintiffs agreed to postpone the deposition of Defendant Witte until after the close of discovery, and then were not available to take Defendant Witte's deposition on the two dates offered by Defendants after the close of discovery.

(Docket No. 353 at 10).[2] In granting Witte's motion for summary judgment, the court concluded that plaintiffs failed to show that Witte received a direct financial benefit from Chordiant's infringing activity:

>In particular, Defendant Witte was paid an annual salary and a bonus that was computed as a percentage of the salary and was based on a comparison of the company's fiscal goals for the year versus the company's overall actual performance for that year. (See Kitchen Decl. ¶¶ 7-13, Exs. B-E.) Neither the bonus nor the fiscal goals against which it was measured were based on any expenses or profits specifically attributable to CMD; rather, they were based on the company's overall performance. (Id. ¶ 8.) Furthermore, Defendant Witte was never paid any profits or commissions for bookings or sales of CMD or any particular product. (Id. ¶ 7.) Finally, Defendant Witte has never held a majority of Defendant Chordiant's outstanding stock. (Id.) Thus, based on the evidence, the Court finds that Plaintiffs are not able to prove their claim for vicarious copyright infringement against Defendant Witte.

(Docket No. 353 at 12). On August 9, 2010, the court entered final judgment in Witte's favor. (Docket No. 543).

Plaintiffs' copyright infringement claim against Chordiant proceeded to trial. This court is told that Chordiant conceded that it did not keep track of the number of copies of software that were being made and further acknowledged that it owed plaintiffs money for the use of the software. However, the parties disputed the amount of damages plaintiffs claimed. Defendants say that, at trial, plaintiffs asked for $10.5 million in actual damages and $22.75 million in net profits. The jury returned a verdict in plaintiffs' favor as to each of the four copyrighted works at issue, but awarded only $61,450 in actual damages and $1,365,000 in net profits. (Docket

---

[2] Judge Ware was also unpersuaded by plaintiffs' contention that they needed more time for discovery because they had previously (and unsuccessfully) moved the undersigned for an order compelling Witte to produce additional discovery. (Docket No. 353 at 10 n.12).

3

1  No. 480). Accordingly, judgment in the amount of $1,426,450 was entered against Chordiant
2  on August 9, 2010.

3  Witte then filed the instant motion for a fee award of $175,402.42. Judge Ware referred
4  Witte's motion to the undersigned for a report and recommendation.[3] Upon consideration of the
5  moving and responding papers, as well as the arguments of counsel, this court recommends that
6  Witte's motion be granted in part and denied in part.

## LEGAL STANDARD

The Copyright Act provides that the court may, in its discretion, allow full recovery of costs by or against any party and may also award reasonable attorney's fees to a prevailing party as part of the costs. 17 U.S.C. § 505. This discretion "is not cabined by a requirement of culpability on the part of the losing party." Fantasy, Inc. v. Fogerty, 94 F.3d 553, 555 (9th Cir. 1996). Prevailing plaintiffs and prevailing defendants are to be treated alike; and, prevailing defendants need not show that the claims were frivolous or brought in bad faith in order to obtain recovery. Fogerty v. Fantasy, Inc., 510 U.S. 517, 532-34 (1994). District courts have "wide latitude" in exercising this discretion, and several factors which may be considered include: (1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) the objective unreasonableness of the losing party's factual and legal arguments; and (5) the need, in particular circumstances, to advance considerations of compensation and deterrence. Entertainment Research Group, Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1229 (9th Cir. 1997). These factors are nonexclusive, but need not be relied upon if they are not faithful to the purposes of the Copyright Act. Fantasy, Inc., 94 F.3d at 558. "Faithfulness to the purposes of the Copyright Act is, therefore, the pivotal criterion." Id.

## DISCUSSION

A.  Whether Factors Support an Award of Attorney's Fees

Witte is a "prevailing party." Instead of addressing the vicarious liability claim that they actually asserted, plaintiffs contend that under a different set of circumstances, they might well

---

[3] The time for appeal of final judgment has been extended, by court order, through the issuance of an order on the instant motion (Docket No. 562).

4

have prevailed against Witte on a contributory infringement claim, which admittedly was never brought. But plaintiffs cite no authority for the proposition that Witte's fees motion should be denied based on the supposition that they could have succeeded on a different claim of liability that was never actually pursued. Plaintiffs contend that Witte prevented them from asserting such a claim by deliberately withholding, until the last month of discovery, evidence (i.e., emails) that, in plaintiffs' view, undoubtedly would have supported a claim for contributory infringement. Plaintiffs further claim that this discovery was arranged in such a way that they did not immediately notice the emails. And, by the time they did notice them, plaintiffs found the prospect of moving to amend their complaint an "unattractive" one because the deadline for filing dispositive motions had already passed. (Opp. at 9).

This court sees no need to engage in the speculative exercise of determining whether these emails might have supported a would-be claim that was never asserted. The emails were produced late in the discovery period. Plaintiffs fervently believe Witte delayed production because of a pending business deal with Vodaphone; but it is not clear to this court that any delay was prompted by any such conspiracy. In any event, production was made before the deadline for filing dispositive motions and six months prior to trial. Plaintiffs may not have liked the idea of moving to amend their complaint to state a new claim for contributory infringement at that time. But, the fact remains that they did not do so, despite their current assertions that such a claim would have been successful. Moreover, in granting Witte's summary judgment motion, the court specifically noted:

> To the extent that Plaintiffs contend in their Opposition that their allegations sufficiently state a claim for *contributory* copyright infringement, the Court finds this contention inapposite to Defendant Witte's Motion directed at Plaintiffs' claim for *vicarious* infringement... Plaintiffs have not alleged a cause of action against Defendant Witte for contributory copyright infringement and there is no legal basis for the Court to construe their current Complaint to allege as such.

(Id. at 12-13, n.14). Suffice to say that Witte prevailed on summary judgment on the sole claim of vicarious liability asserted against him, and judgment has been entered in his favor.

Plaintiffs nevertheless maintain that Witte cannot recover any fees because he did not personally foot the bill for this litigation. There is no dispute that Chordiant had a statutory

5

obligation to indemnify Witte (Cal. Labor Code § 2802), and the fees at issue were paid by Chordiant's insurer. As such, plaintiffs contend that Chordiant and Witte essentially are one and the same, and that granting Witte's motion would wrongfully benefit Chordiant, which was found to be an infringer. However, plaintiffs offer no authority holding that fees and costs must be denied or discounted for sums covered by insurance; and, Witte cites some authority suggesting that it would be inappropriate to do so. See, e.g., Mayer v. Wedgewood Neighborhood Coalition, 707 F.2d 1020, 1023 (9th Cir. 1983) (rejecting as "without merit" plaintiff's contention that a fees award should have been discounted by the amount of insurance coverage available to defendants).

Citing Entertainment Research Group, Inc., 122 F.3d at 1230, plaintiffs also contend that Witte's fees motion should be denied because Chordiant lost on the related infringement claim. However, that case did not involve the situation present here where a party (Witte) prevailed on the sole claim against him, while another party (Chordiant) lost on the separate claim asserted against it.

At the same time, however, this court cannot say, on the record presented, that plaintiffs' vicarious liability claim clearly was baseless. Witte contends that plaintiffs sued him simply because he happened to be on the receiving end of their pre-litigation correspondence and did not accede to their demands. He contends that plaintiffs have followed the same pattern in other lawsuits, leveling nearly identical accusations against individual defendants—all of which were rejected.

In essence, Witte would have this court attribute to plaintiffs certain motives in suing him based on plaintiffs' alleged motives in pursuing other lawsuits against different defendants. This court declines to do so and will focus on the record presented as to the instant action. True, Witte prevailed on motions to dismiss, but plaintiffs were given leave to amend. They did so, and the claim eventually proceeded past the pleading stage through discovery. The fact that plaintiffs ultimately lost on summary judgment does not necessarily mean that their claim was objectively unreasonable. See Berkla v. Corel Corp., 302 F.3d 909, 924 (9th Cir. 2002).

Even so, Witte maintains that plaintiffs' motives are suspect because there could not have been a legitimate economic purpose in naming him as a defendant. There is no dispute that Witte would not have been an independent or additional source of recovery had he remained in the case. That could, however, be said of any number of legitimate lawsuits in which a plaintiff sues a corporate party and its employees. Plaintiffs candidly admit that they believed Witte's insurance coverage would be helpful in fostering a settlement, albeit they maintain that those funds were not a motive for naming him as a defendant. (Cortes Decl. ¶ 16). On the record presented, it is not clear that a bad faith motive should be attributed to plaintiffs in naming Witte as a defendant.

Nonetheless, while the court may consider a plaintiff's culpability in bringing or pursuing an action, "blameworthiness is not a prerequisite to awarding fees to a prevailing defendant." Fogerty, 94 F.3d at 558. Moreover, "[t]he purposes of the award of counsel fees in copyright cases is as much to penalize the losing party as to compensate the prevailing party." Rose v. Bourne, Inc., 176 F. Supp. 605, 612 (S.D.N.Y. 1959). See also Warner Bros. Records, Inc. v. Walker, 704 F. Supp.2d 460, 469 (W.D. Pa. 2010) (stating that an award of costs under Copyright Action § 505 routinely is granted to penalize the losing party and compensate the prevailing party). On balance, this court finds that an award of some fees is appropriate.

B.  Reasonableness of the Fees Claimed

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Id. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Id. "It is well-established law that a party entitled to attorney's fees as a prevailing party on a particular claim, but not on other claims in the same lawsuit, can only recover attorney's fees incurred in defending against that one claim or any 'related claims.'" Entertainment Research Group, Inc., 122 F.3d at 1230. "There is no precise rule or formula for making these determinations." Hensley, 461 U.S. at 436. The district court may attempt to identify specific

7

hours that should be eliminated, or it may simply reduce the award to account for degree of success obtained. Id. at 436-37. "The court necessarily has discretion in making this equitable judgment." Id. at 437. Witte seeks a total of $175,402.42 in fees and costs incurred in defending this action. The hourly rates charged by defense counsel at the Fenwick & West law firm range from $245 per hour to $690 per hour. Wakefield Decl. ¶ 6. These rates are comparable to other full service firms in the Bay Area and are reasonable. Id. The expenses claimed include time spent preparing two motions to dismiss; responding to discovery served on Witte and the preparation of an opposition to plaintiffs' motion to compel further discovery from him; the preparation of defendants' summary judgment motion; and post-judgment motions practice (including the instant motion). Defense counsel have proportionally reduced their total fees to reflect only that work performed on behalf of Witte's defense. (Id. ¶ 4).

Plaintiffs have not presented any argument disputing the reasonableness of the rates charged nor the hours claimed; and, on the whole, this court finds the claimed fees to be reasonable. (Wakefield Decl., Ex. 5; Wakefield Reply Decl., Ex. 1). Nevertheless, the $13,374 claimed for preparation of Witte's reply brief on the instant motion should be discounted because that sum is not supported by documentation which would allow the court to determine the reasonableness of the hours worked. Additionally, the $5,000 claimed for attendance at the motion hearing is a guesstimate and will be discounted for the same reason. Otherwise, the remaining fees claimed appear to be reasonable and should be awarded.

## RECOMMENDATION

Based on the foregoing, this court recommends that Witte's motion for fees be granted in part and denied in part and that plaintiffs be made to pay $162,028.42.

Any party may serve and file objections to this Report and Recommendation within fourteen days after being served. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); CIV. L.R. 72-3.

Dated:   December 17, 2010

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

8

1   5:08-cv-00019-JW Notice has been electronically mailed to:

2   Albert L. Sieber     asieber@fenwick.com

3   Antonio Luis Cortes     corteslaw@comcast.net

4   David M. Lacy Kusters     dlacykusters@fenwick.com, anolen@fenwick.com

5   Jedediah Wakefield     jwakefield@fenwick.com, docketcalendarrequests@fenwick.com, rjones@fenwick.com, rmarton@fenwick.com, skaplan@fenwick.com

6   Laurence F. Pulgram     lpulgram@fenwick.com, kmcintyre@fenwick.com

7   Liwen Arius Mah     lmah@fenwick.com, docketcalendarrequests@fenwick.com, jphan@fenwick.com, kragab@fenwick.com, rjones@fenwick.com

9   Mary Elizabeth Milionis     MMilionis@Fenwick.com, cprocida@fenwick.com

10  Peter Michael Shimamoto     pshimamoto@bwgfirm.com, dtorosyan@bwgfirm.com

11  Peter Wayne Ross     pross@bwgfirm.com, cainsworth@bwgfirm.com, jware@bwgfirm.com

12  Ryan Jared Marton     rmarton@fenwick.com, anolen@fenwick.com

13  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

9